WCP:hyb
3/10/03
37.053-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEROME H. JOHNS, et ux.** | * | |
| Plaintiffs | * | CASE NO.: JFM 03 CV 077 |
| **v.** | * | |
| **MUTUAL BENEFIT INSURANCE COMPANY** | * | |
| | * | |
| Defendant | | |

\* \* \* \* \*

### MEMORANDUM OF GROUNDS AND AUTHORITIES IN RESPONSE TO FAIRBANKS CAPITAL CORPORATION'S MOTION TO INTERVENE

Mutual Benefit Insurance Company (hereinafter "Mutual Benefit") Defendant, by its attorneys, William Carlos Parler, Jr. and Parler & Wobber, L.L.P. respectfully submits this Memorandum of Grounds and Authorities in response to Fairbanks Capital Corporation's (hereinafter "Fairbanks") Motion to Intervene as an additional Plaintiff. The Motion to Intervene should be denied for the following reason.

### I. FACTS

This case arises out of a fire that occurred on October 23rd, 2001. The fire destroyed a mobile home owned by Jerome H. and Constance R. Johns located at 3145A Old Scarboro Road, Street, Maryland. At the time of the fire, the Johns had a homeowner's policy with Mutual Benefit. Following the fire, Examinations Under Oath were taken of the insureds and their family members. The claim of the Johns was denied for fraud. See denial letter attached hereto as

"Exhibit 1". At the time of the fire on October 23rd, 2001 two, mortgagees were listed as insureds under the Mutual Benefit policy. The mortgagees covered under the Mutual Benefit policy were Champion Mortgage Company, Inc., and Equicredit Corp. of America. See Mutual Benefit policy and declarations page, attached hereto as "Exhibit 2". The Mutual Benefit policy states, in pertinent part:

> 12.   Mortgage Clause
>
> The word "mortgagee" includes trustee.
>
> If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.
> If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee;
>
> a.   Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware.
>
> b.   Pays any premium due under this policy on demand if you have neglected to pay the premium and
>
> c.   Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.
>
> If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.
>
> If we pay the mortgage for any loss and deny payment to you:
>
> a.   We are subrogated to all the rights of the mortgagee

> granted under the mortgage on the property; or
>
> b.   At our option, we may pay to the mortgagee the whole principal on the mortgage plus and accrued interest. In the event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.
>
> Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

See ¶ 12 at pg. 11 of 18 of the policy.

The policy also contain the following provision with regard to assignments of any interests under the policy.

> **Assignment**. Assignment of this policy will not be valid unless we give our written consent.
>
> **Subrogation**. An "insured" may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.
>
> If an assignment is sought an "insured" must sign and deliver all related papers and cooperate with us.
>
> Subrogation does not apply under Section II to Medical Payments to Others or Damage to Property of Others.

See pg. 17 of 18 §§ 7 and 8.

Fairbanks was never an insured entity under the Mutual Benefit policy issued to the Johns. See Affidavit of Mike Snare, Claims Supervisor of Mutual Benefit, attached hereto as "Exhibit 3".

Fairbanks states in its attached Complaint that "on or about February 4th, 2002, Fairbanks did purchase (the "purchase") the note from Equicredit. That by terms of the purchase, Fairbanks

did acquire all rights to collections and recovery under the note and any risk of loss associated with the note, including the rights and the risks which predated the purchase." See ¶ 10 of the Fairbanks' Complaint.

Unfortunately for Fairbanks, it was never an insured mortgagee under the Mutual Benefit policy. Mutual Benefit never provided written consent to any assignment of interests under the policy to Fairbanks. Fairbanks' purchase of the note occurred three and a half months after the fire of October 23rd, 2001 destroyed the Johns mobile home. Thus, at the time of their purchase from Equicredit, there was no longer a Johns home to secure the note. While Fairbanks may have a cause of action against Equicredit for selling it a note three and a half months after the mobile home securing the note was destroyed, Fairbanks never had an insurable interest in this case.[1] Fairbanks never received written consent from Mutual Benefit to the assignment of any interest under the policy. Thus, Fairbanks' Motion to Intervene should be denied.

Fairbanks attached Complaint seeking recovery for breach of contract, detrimental reliance and for declaratory judgment is misplaced. Fairbanks had no insurable interest at the time of the fire. Fairbanks has never received written consent from Mutual Benefit to an assignment of any interest under the Mutual Benefit policy.

### II. MUTUAL BENEFIT NEVER CONSENTED TO ASSIGNMENT OF ANY INTEREST UNDER THE POLICY TO FAIRBANKS CAPITAL CORPORATION

Mutual Benefit policy states, in pertinent part:

---

[1] Presumably in addition to the mobile home, there is real property securing the note. The Mutual Benefit coverage pertained only to the mobile home.

> **Assignment**. Assignment of this policy will not be valid unless we give our written consent.

The Maryland Courts have uniformly upheld assignment clauses which require written consent, or policies which contain non-assignability clauses. <u>Clay v. GEICO</u>, 356 Md. 257 (1999); and <u>Westchester Ins. Co. v. Weaver</u>, 70 Md. 536 (1889). Mutual Benefit never provided written consent to any assignment of interest under the Mutual Benefit policy to Fairbanks Capital Corporation. See Affidavit of Mike Snare, attached as "Exhibit 3".

### III. FAIRBANKS DID NOT HAVE AN INSURABLE INTEREST AT THE TIME OF THE OCTOBER 23RD, 2001 FIRE, AND ITS PURCHASE OF A NOTE THREE AND A HALF MONTHS AFTER THE FIRE IS NOT <u>SUFFICIENT TO CREATE AN INSURABLE INTEREST</u>

Fairbanks Capital Corporation has never been an insured mortgagee under the Mutual Benefit policy issued to the Johns. See Affidavit of Mike Snare, attached as "Exhibit 3". At the time of the fire, Fairbanks Capital Corporation had no insurable interest in the property. An insurable interest in property generally arises when someone would profit or enjoy some advantage from the property or would suffer a loss from the destruction of the property. 3 George J. Couch, Couch, *Cyclopedia of Insurance Law*, § 24:13. Fairbanks believe that it acquired an insurable interest through purchase of a note three and a half months after a fire is misplaced. First, Fairbanks was never a mortgagee under the policy. The Mutual Benefit mortgage clause states that if a mortgagee is named in this policy, any loss payable under coverage A or B will be paid to the mortgagee and you, as interests appear. Thus, not only did Fairbanks not have an insurable interest at the time of the fire, they were never a mortgagee under the Mutual Benefit policy. Even

if Fairbanks had attempted to become the mortgagee under the Mutual Benefit policy after the fire loss, notice to an insurer of an assignment after a loss is not sufficient to create an insurable interest. *CLS Mortgage v. Opportunity Management v. Bruno, State Farm*, 937 P.2d 1106 (1997).

### IV. CONCLUSION

The above premises considered, Mutual Benefit respectfully requests that this Honorable Court deny the Motion to Intervene filed by the Fairbanks Capital Corporation. Fairbanks did not have an insurable interest at the time of the October 23rd, 2001 fire. Fairbanks has never been an insured mortgagee under the Mutual Benefit policy. Mutual Benefit never provided written consent to any assignment of interest to Fairbanks.

    Respectfully submitted,

/s/
WILLIAM CARLOS PARLER, JR.
Bar No.: 05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 E. Joppa Road
Towson, Maryland 21286
(410) 832-1800
Attorney for Defendant