IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME H. JOHNS, et ux. | * | |
| Plaintiffs | * | Case No. JFM 03 CV 077 (Bredar) |
| and | * | |
| FAIRBANKS CAPITAL CORPORATION | * | |
| Intervenor | * | |
| v. | * | |
| MUTUAL BENEFIT INSURANCE COMPANY | * | |
| Defendant | * | |

\* \* \* \* \* \* \*

**PLAINTIFFS' RESPONSE TO MOTION TO INTERVENE**

Plaintiffs Jerome H. Johns and Constance Johns, by their attorneys, David E. Carey and Brown, Brown and Brown, P.A., hereby respond to Fairbanks Capital Corporation's Motion to Intervene and in support thereof state as follows.

**I. Facts**

Plaintiffs Jerome H. Johns and Constance R. Johns are the owners of the property known as 3145A Scarboro Road in Street, Harford County, Maryland (hereinafter "the Property"). On October 23, 2001, the home that was located on the Property was destroyed by fire. At the time of the fire, Plaintiffs owned a valid and collectible policy of homeowners insurance issued by the Defendant (hereinafter "the Policy"). The Policy provides coverage to Plaintiffs, *inter alia*, for loss caused by fire to the Plaintiffs'

dwelling in the amount of $164,000, for personal property in the amount of $114,800 and for loss of use in the amount of $32,800. Plaintiffs have submitted a claim to Defendant pursuant to the Policy for the loss of their dwelling and certain personal property as well as for the loss of use of the dwelling and the claim has been denied in full by Defendant.

Fairbanks Capital Corporation (hereinafter "Applicant"), holds the only mortgage on the Property and has moved to intervene in this action to protect its interest as mortgagee pursuant to Fed. R. Civ. Pro 24 (b) (2). Rule 24 provides in pertinent part that:

> "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the Untied States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common."

Furthermore, Rule 24 (b) (2) instructs the Court to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

## II. Argument

**1. Applicant's Motion to Intervene Should Be Granted Because Its Claim Involves Common Questions of Law and Fact and Intervention Will Not Unduly Delay or Prejudice the Adjudication of the Rights of the Parties.**

In *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977), the court stated:

> "Determining whether an individual should be permitted to intervene is a two-stage process. First, the district court must decide whether 'the applicant's claim or defense and the main action have a question of law or fact in common.' Fed. R. Civ. Pro. 24 (b) (2). If this threshold requirement is met, then the district court must exercise its discretion in deciding whether intervention should be allowed.' 7A C. Wright and A. Miller, Federal Practice and Procedure § 1911, at 541-42 (1972)."

The main action is a breach of contract suit against Defendant to recover proceeds pursuant to the Policy for items lost or damaged in the fire. In order to meet its burden, Plaintiffs will have to establish, *inter alia,* the existence and validity of the Policy as of the date of the loss, the occurrence of an event covered by the Policy, and that the Plaintiffs suffered damages as a result of that occurrence. Moreover, Plaintiffs will also have to prove the nature and extent of their damages with particularity.

In the course of doing so, there are two substantial issues that are likely to arise that are common to both Plaintiffs' and Applicant's claim: whether or not the Plaintiffs' modular home constituted a "dwelling" under the Policy, and if so, the actual cash value of it as of the date of the loss.

Based on conversations with Defendant's counsel, it is believed that Defendant will assert that the modular home which was destroyed in the fire constituted "personal property" and not a dwelling. If the trial court found this to be the case, then the total amount of proceeds available to the Plaintiffs pursuant to the Policy would be $114,800, which is much less than the amount Plaintiffs are claiming in this action for the loss of their dwelling and their personal property. If the trial court were to find that the Plaintiffs' modular home did indeed constitute a dwelling, then there will be coverage in an amount up to $164,000 for the loss of the dwelling and an additional $114,800 available to cover lost or damaged personal property. This is obviously a very significant issue in this case that is common to the claims of both Plaintiffs and Applicant.

Furthermore, resolution of this issue will require the trier of fact to hear evidence, make findings of fact and apply the law to these facts, as the issue of whether an object such as a modular home which is constructed off site and affixed to a foundation "has changed from personal property to a fixture of

real property is a mixed question of law and fact." *Droney v. Droney*, 102 Md. App. 672 (1995). Such a question involves consideration of a number of factors, including "the nature of annexation (*i.e.*, actual or constructive); the degree to which the land has been adapted to accommodate the use of the object; the ease with which the object may be removed without damaging the real property; and the intent of the parties (which can be inferred from the nature of the object as well as the context of its use and annexation). *Id.*; *Dermer v. Faunce,* 191 Md. 495, 500, 62 A.2d 304, on reh'g, 191 Md. 501, 62 A.2d 582 (1948); *Schofer v. Hoffman*, 182 Md. 270, 274, 34 A.2d 350 (1943); *Allentown Plaza Associates v. Suburban Propane Gas Corp.* , 43 Md. App. 337,  345 n.9, 405 A.2d 326 (1979).

In addition, both the Plaintiffs and the Applicant will be required to establish the actual cash value of the modular home, for which expert testimony will likely be necessary. *Maryland Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.2d 780, 786 (1998); *Lakewood Engineering and Mfg. Co. v. Quinn*, 91 Md. App. 375, 389-90 (1992).

The granting of Applicant's motion, furthermore, will not result in "undue delay or prejudice the adjudication of the rights of the original parties." The Scheduling Order provides for a discovery deadline of May 28, 2003. It is certainly possible that discovery in this matter could be concluded by that date if Applicant's motion is granted.  After all, Applicant's claim concerns the dwelling only and is not concerned with Plaintiffs' personal property claim, which is more time consuming from a discovery standpoint. Furthermore, even if an extension of the discovery deadline is necessary, it would not need to be for more than 60 or 90 days, and such a delay would not unduly delay or prejudice Plaintiffs or Defendants.  In fact, it is only Plaintiffs who would be harmed by a delay, as it is they who have suffered

the loss for which they have not been compensated, and Plaintiffs support the granting of Applicant's motion.

Lastly, the granting of Applicant's motion furthers the interests of judicial economy and consistency in rulings. If the Motion to Intervene is denied, Applicant's claim will likely be filed as a separate action, perhaps in a different court. This would lead to the common issues being tried two times, with the possibility of inconsistent results. Clearly, the fairest and most efficient way for these issues to be resolved is in this matter at one time.

### 2. The Merits of an Intervenor's Claim Are Not a Relevant Consideration When Considering Whether Intervention Should Be Permitted.

In its Memorandum of Grounds and Authorities in Response to Fairbanks Capital Corporation's Motion to Intervene, Defendant argues that the Motion to Intervene should be denied because the claim which Intervenor wishes to assert lacks merit. This is not a proper consideration. Rule 24 (b) (2) sets forth the considerations which the Court must consider in making this determination, and the merits of Intervenor's claim are not one of them. Issues such as those raised by Defendant in its Memorandum are properly raised in a Motion for Summary Judgment and should not be resolved until after the Motion to Intervene is granted, and an opportunity for discovery provided.

### III.   Conclusion

For the foregoing reasons, Applicant's Motion to Intervene should be granted.

      /s/
David E. Carey, Bar No. 6964
Brown, Brown & Brown, P.A.
200 S. Main Street
Bel Air, Maryland 21014
(410) 838-5500/879-2220

Attorneys for Plaintiffs