UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950
(410) 962-2985 FAX

April 15, 2003

David Earl Carey, Esquire
Brown Brown and Brown, PA
200 South Main Street
Bel Air, Maryland  21014

Michael T. Pate, Esquire
Covahey, Boozer, Devan & Dore
606 Baltimore Avenue, Suite 302
Towson, Maryland  21204

William Carlos Parler, Jr., Esquire
Parler and Wobber, LLP
406 East Joppa Road
The Hemenway Building
Towson, Maryland  21286

Subject: *Jerome H. Johns, et ux v Mutual Benefit Insurance Company*
Civil Action No. JFM-03-77 (Magistrate Judge Bredar)

Dear Counsel:

This action has been referred to me for all proceedings by consent of the parties.[1] Pending and ready for disposition is a motion to intervene. No hearing is deemed necessary. Local Rule 105.6. For the reasons set forth below, the motion is hereby GRANTED.

This is a diversity action sounding in breach of contract brought by a property owner against an insurer. The property was subject to a loss by fire, and the insurer has declined coverage based upon an allegation of fraud. The putative intervenor is an assignee of a mortgage interest in the property, the assignment of which was obtained subsequent to the loss.

The defendant insurer has resisted the motion to intervene, claiming that the putative intervenor was not an insured mortgagee under the policy because of an assignment restriction in the policy and that it had no insurable interest in the property because it purchased the mortgage interest subsequent to the fire. The putative intervenor, in response, has raised colorable arguments to the contrary. However, the Court, in

---

[1]The referral by consent of the parties was made prior to the filing of the motion to intervene and the putative intervenor was not party to that consent. Nonetheless, the motion to intervene is being reviewed as a non-dispositive matter pursuant to Fed. R. Civ. P. 72(a).

Letter to Counsel - *Johns v Mutual Benefit Ins Co*
Page Two
April 15, 2003

considering intervention, "should not be concerned with whether the applicant is likely to prevail on the merits." *First Penn-Pacific Life Insurance Company v. William R. Evans, Chartered,* 200 F.R.D. 532 (D. Md. 2001) (citation omitted).

    Fed. R. Civ. P. 24(b)(2) provides that the Court may allow intervention in its discretion upon a finding that the putative intervenor has a claim in common with that of the action and that the intervention will not cause undue delay or prejudice. I find that the putative intervenor has such a claim and that there will be no resultant undue delay or prejudice, the action having been filed earlier this year.

    Although informal, this letter constitutes an Order of the Court and will be docketed accordingly. Upon entry of this Order, the intervenor shall advise the Court in writing whether it wishes to consent to the referral of this action to me for all proceedings. The scheduling conference call now set for April 22, 2003, at 4 p.m. will go forward as planned.

                                        Very truly yours,

                                        /s/

                                        James K. Bredar
                                        United States Magistrate Judge

JKB/cw
Enclosure: consent form
cc: The Hon. J. Frederick Motz
    Court file
    Chambers file