IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| JEROME H. JOHNS, et ux. <br> and <br> FAIRBANKS CAPITAL CORPORATION <br>   On behalf of Goldman Sachs <br>     Mortgage Company <br>       Plaintiffs <br><br> v. <br><br> MUTUAL BENEFIT INSURANCE COMPANY <br>   Defendant | * <br><br> *    Case No.: 03-CV-00077 JFM <br> * <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **AMENDED COMPLAINT**

### **PARTIES AND JURISDICTION**

Fairbanks Capital Corporation ("Fairbanks") ON BEHALF OF Goldman Sachs Mortgage Company ("Goldman Sachs"), Plaintiff, by their undersigned attorneys, pursuant to Rule 24 of the Federal Rules of Civil Procedure, file this Complaint and state as follows:

1.  Jerome H. Johns and Constance R. Johns (collectively "Johns") reside in Harford County, Maryland. Accordingly, Johns is, and was at the time of the commencement of these proceedings, citizens of the State of Maryland.

2.  Fairbanks is incorporated in the State of Utah with its principal place of business located in the State of Utah. Fairbanks is acting as the servicing agent for Goldman Sachs. Goldman Sachs is a New York limited partnership. Accordingly, for

the purposes of diversity of citizenship, under 28 U.S.C., Section 1332, Fairbanks is a citizen of the State of Utah and Goldman Sachs is a citizen of New York.

3. Defendant Mutual Benefit Insurance Company ("Mutual Benefit") is, and was at the time of the commencement of these proceedings, incorporated in the State of Pennsylvania with its principal place of business located in the State of Pennsylvania. Accordingly, for the purposes of diversity of citizenship under 28 U.S.C., Section 1332, Mutual Benefit is, and was at the time of the commencement of these proceedings, a citizen of the State of Pennsylvania.

4. This Court has original subject matter jurisdiction over this matter because there exists diversity of citizenship between the Plaintiffs and the Defendant, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. A similar breach of contract action was filed by Johns in the Circuit Court for Harford County against Mutual Benefit (the "Johns Complaint"). The Johns Complaint was removed, pursuant to 28 U.S.C., Section 1446, by Defendant Mutual Benefit.

## FACTUAL BACKGROUND

5. At all relevant times herein, Johns was a resident of the property known as 3145A Old Scarboro Road, Street, Maryland (hereinafter the "Property").

6. That, on or about October 11, 2000, NationsCredit Financial Services Corporation, dba EquiCredit ("EquiCredit"), did advance One Hundred Thirty-one Thousand, Two Hundred Fifty Dollars ($131,250.00) to Johns for a loan re-finance

upon the Property, and by the terms of *Exhibit 1* Note (the "Note"), Johns did promise to make payments by the terms of said Note.

7. That, on October 11, 2000, Johns executed a Deed of Trust which required Johns to insure the Property against loss by fire and other hazards. See *Exhibit 2*.

8. That, effective April 19, 2001, Johns purchased a homeowner's insurance policy (the "Policy") through Defendant Mutual Benefit which named and/or identifies EquiCredit as the mortgagee under the Policy. See attached *Exhibit 3* Homeowner's Policy.

9. That, on or about October 23, 2001, the Property was damaged/destroyed by fire (the "Fire").

10. That, on or about January 1, 2002, Fairbanks did purchase the servicing rights to the Note.

11. That, on or about January 1, 2002, Goldman Sachs did purchase the Note. That Fairbanks retained the servicing rights to the Note. All other right(s) and risk(s) associated with the Note, including those rights and risk(s) which predated this purchase, were transferred to Goldman Sachs.

12. That, as a result of the Fire, Goldman Sachs did suffer a loss and/or is due monies in the amount of One Hundred Forty-eight Thousand, Two Hundred Seventy-three Dollars and Sixty-nine Cents ($148,273.69).

## COUNT I
## DECLARATORY JUDGMENT

13. Fairbanks, on behalf of Goldman Sachs, incorporates each and every allegation of this Complaint, and each and every allegation of the Johns Complaint, as if each were fully re-stated herein.

14. This Count alleges an action for declaratory judgment, pursuant to 28 U.S.C., Section 2201, for the purpose of determining a question of actual controversy between the parties, as hereinafter more fully appears.

15. Pursuant to the Policy, Fairbanks, on behalf of Goldman Sachs, is entitled to receive the benefits of the Policy, for which Fairbanks has made demand (the "Claim").

16. Defendant has refused to make payment for the Claim.

17. Fairbanks maintains that coverage does exist for the entire amount of the Claim, thus, there exists an actual controversy of a practicable issue involving and between Johns, Fairbanks, on behalf of Goldman Sachs, and Mutual Benefit within the jurisdiction of this Court, involving the rights and liabilities of the parties under a contract or policy of property insurance, which controversy may be determined by judgment of this Court.

18. A declaratory judgment will serve a useful purpose.

## COUNT II
## BREACH OF CONTRACT

19. Fairbanks, on behalf of Goldman Sachs, incorporates each and every allegation of this Complaint, and each and every allegation of the Johns Complaint, as if each were fully re-stated herein.

20. At all times relevant herein, the Policy was a valid and collectible insurance policy.

21. That, pursuant to the terms of the Policy, Mutual Benefit provided Johns and Fairbanks dwelling coverage upon the Johns' residence in the amount of One Hundred Sixty-four Thousand Dollars ($164,000.00), personal property coverage in the amount of One Hundred Fourteen Thousand, Eight Hundred Dollars ($114,800.00), other structure coverage in the amount of Sixteen Thousand, Four Hundred Dollars ($16,400.00), and for loss of use coverage in the amount of Thirty-two Thousand, Eight Hundred Dollars ($32,800.00).

22. That, by the terms of the Policy, any loss payable under its terms is to be paid to Fairbanks, on behalf of Goldman Sachs, as mortgagee, and Johns, as their interests appear.

23. That, pursuant to the mortgage clause of the Policy, Fairbanks, on behalf of Goldman Sachs, is a party to this contract and is entitled to coverage for fire or hazard loss to the Property to the extent of Fairbanks' interest.

24. That the Policy with Defendant Mutual Benefit was in effect October 23, 2001.

25. That, on or about October 23, 2001, and at all times thereafter, Defendant Mutual Benefit refused to pay, and did not pay, benefits due Fairbanks, on behalf of Goldman Sachs, under the terms of the Policy, thereby materially breaching its contract; and

26. Goldman Sachs has incurred a loss in the amount of One Hundred Forty-eight Thousand, Two Hundred Seventy-three Dollars and Sixty-nine Cents ($148,273.69) as a result of the breach by Mutual Benefit of the contract.

## COUNT III
## BREACH OF CONTRACT

27. Fairbanks, on behalf of Goldman Sachs, incorporates each and every allegation of this Complaint, and each and every allegation of the Johns Complaint, as if each were fully re-stated herein.

28. That, pursuant to the mortgage clause of the Policy, Fairbanks, on behalf of Goldman Sachs, has a legally enforceable right as a third-party beneficiary under the Policy, and is entitled to coverage for fire or hazard loss to the Property to the extent of its interest.

## COUNT IV
## DETRIMENTAL RELIANCE

29. Fairbanks, on behalf of Goldman Sachs, incorporates each and every allegation of this Complaint, and each and every allegation of the Johns Complaint, as if each were fully re-stated herein.

30. On or about April 19, 2001, Mutual Benefit pledged and/or promised to provide twelve (12) months' dwelling coverage, other structure coverage, personal property coverage, and loss of use coverage upon the Property by the terms of the Policy. Mutual Benefit reasonably expected this pledge and/or promise would prevent the need for further purchase of insurance upon the Property.

31. That the mortgagee must insure their interest in the Property.

32. That in reliance upon Mutual Benefit's pledge(s) and promise(s), the mortgagee took no further action regarding insurance upon the Property.

33. Had the mortgagee been informed there was no insurance for the Property, the mortgagee would have required Johns to purchase insurance upon the Property or would have purchased insurance for the Property at Johns' expense. See terms of *Exhibit 2* Deed of Trust.

34.     As a result of Mutual Benefit's failure to honor its pledge, Goldman Sachs has suffered damages.

WHEREFORE, Plaintiff Fairbanks, on behalf of Goldman Sachs, demands judgment against Mutual Benefit in the amount of One Hundred Forty-eight Thousand, Two Hundred Seventy-three Dollars and Sixty-nine Cents ($148,273.69), plus interest, costs, and any other relief to which they are entitled.

_____
MICHAEL T. PATE
Covahey, Boozer, Devan & Dore, P.A.
606 Baltimore Avenue, Suite 302
Towson, MD  21204
410-828-5525, Ext. 813
Attorneys for Plaintiff

kcr030404