WCP:hyb
05/02/3
37.053-05

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEROME H. JOHNS, et ux.                          *

    Plaintiffs                                  *                    CASE NO.: JFM 03 CV 077

v.                                               *

MUTUAL   BENEFIT   INSURANCE                      *
COMPANY
                                                 *

    Defendant
                                *    *    *    *    *

## MOTION TO DISMISS AND/OR MOTION TO STRIKE THE
## AMENDED COMPLAINT FILED BY FAIRBANKS CAPITAL
## CORPORATION "ON BEHALF OF GOLDMAN SACHS"

Mutual Benefit Insurance Company (hereinafter "Mutual Benefit") by its attorneys, William

C. Parler, Jr. and Parler & Wobber, L.L.P., hereby files this Motion to Dismiss the Plaintiffs'

Complaint pursuant to F.R.C.P. 12(b)(1 - 7) and 12(f) and pursuant to the failure of Fairbank's

Counsel to comply with Local Rule 103.6.  This Motion should be granted for the following

reasons.

    1.    After moving to intervene based on a claim that it was a real party in interest,

Fairbanks Capital has now filed an Amended Complaint disclosing that it has no interest in these

proceedings, but rather, was acting as a "servicing agent" for Goldman Sachs Mortgage Company.

    2.    Plaintiff's Counsel has filed this Amended Complaint without first filing a Motion

for Leave to Amend, as required by Local Rule 103.6.

3.      Mutual Benefit incorporates the attached Memorandum of Grounds and Authorities

in support of its Motion to Dismiss and/or Strike the Fairbanks Capital Amended Complaint.

**WHEREFORE**, it is respectfully requested that this Honorable Court dismiss and/or

strike the Amended Complaint filed by Fairbanks Capital without Motion for Leave to Amended.


/s/
WILLIAM C. PARLER, JR.
Bar No: 05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 E. Joppa Road
Towson, Maryland 21286
(410)832-1800
Attorney for Defendant


CERTIFICATE OF SERVICE

I HEREBY CERTIFY  that on this 2nd day of May, 2003, a copy of the aforegoing was
mailed to:

Michael T. Pate
Covahey, Boozer, Devan & Dore, P.A.
606 Baltimore Avenue
Suite 302
Towson, MD 21204
Attorneys for Plaintiffs


/s/
WILLIAM C. PARLER, JR.

WCP:hyb
05/02/3
37.053-05

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEROME H. JOHNS, et ux.              *

    Plaintiffs                              *          CASE NO.: JFM 03 CV 077

v.                                        *

MUTUAL   BENEFIT   INSURANCE    *
COMPANY

                                            *

    Defendant

                         *          *          *          *          *

## MEMORANDUM OF GROUNDS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS AND/OR MOTION TO STRIKE
## FAIRBANKS CAPITAL CORPORATION'S AMENDED COMPLAINT

    The Mutual Benefit Insurance Company (hereinafter "Mutual Benefit") by its attorneys,

WilliamC. Parler, Jr. and Parler & Wobber, L.L.P. hereby respectfully submits this Memorandum

of Grounds and Authorities in support of its Motion to Dismiss and/or Strike Fairbanks Capital's

Amended Complaint.  The Motion should be granted for the following reasons.

## I.  ARGUMENT

### A.  Fairbanks Capital Misled the Court in its Motion to Intervene

    In its Motion to Intervene in this case, Fairbanks Capital represented that it had a valid

interest in these proceeding, representing to the Court that it was a mortgagee with an interest under

the terms of the Mutual Benefit policy.  See Motion to Intervene at ¶¶ 7, 9 and 10 of the Motion

to Intervene, attached hereto as "Exhibit 1".  In its Amended Complaint however, Fairbanks

PARLER & WOBBER, L.L.P.
The Hemenway Building
406 E. Joppa Road
Towson, MD  21286

Capital states that it acted as a "servicing agent" for an entity known as Goldman Sachs. See Amended Complaint, at ¶ 2. The Amended Complaint goes on to concede that Fairbanks never had an interest in the Mutual Benefit policy and that the new entity, Goldman Sachs, purchased a note on January 1st, 2002, over sixty days after the October 23rd, 2001 fire occurred. See Amended Complaint at ¶¶ 8-11. The addamnum clauses of the Amended Complaint refer to losses and monies owed to Goldman Sachs. Amended Complaint at ¶¶ 12, 23, 26, 34 of the Amended Complaint.

Goldman Sachs has never filed a Motion to Intervene. The Amended Complaint fails to allege any interest on the part of Goldman Sachs and the proceeds of the Mutual Benefit policy and for the first time, concedes that Fairbanks Capital was not a mortgagee but rather a "servicing agent" for a previously undisclosed mortgagee, Goldman Sachs.

At the time of the fire, the two mortgagees covered under the Mutual Benefit policy were Champion Mortgagee Company and EquiCredit Corp. of America. See Mutual Benefit policy and declarations page, attached hereto as "Exhibit 2".

Goldman Sachs was ever an insured entity under the Mutual Benefit policy issued to the Johns. See Affidavit of Mike Snare, Claims Supervisor of Mutual Benefit, attached hereto as "Exhibit 3". Neither Fairbanks nor Goldman Sachs required any rights or proceeds for this claim by way of Goldman Sachs' purchase of a note in January, 2002.[1]

---

[1]    The Mutual Benefit policy contained a mortgage clause as well as assignment and subrogation provisions which would preclude any claim by Goldman Sachs, even if had an interest at the time of the fire, which it did not.

12.    Mortgage Clause

The word "mortgagee" includes trustee.

If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear.  If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee;

a.    Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware.

b.    Pays any premium due under this policy on demand if you have neglected to pay the premium and

c.    Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so.  Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

If we pay the mortgage for any loss and deny payment to you:

a.    We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

b.    At our option, we may pay to the mortgagee the whole principal on the mortgage plus and accrued interest.  In the event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

See ¶ 12 at pg. 11 of 18 of the policy.

    The policy also contain the following provision with regard to assignments of any interests under the policy.

    **Assignment**.  Assignment of this policy will not be valid unless we

**B.    Mutual Benefit Never Consented to Assignment of Any Interest Under**
       **The Policy To Fairbanks Capital Corporation or Goldman Sachs.**

Mutual Benefit policy states, in pertinent part:

> **Assignment**.  Assignment of this policy will not be valid unless
> we give our written consent.

The Maryland Courts have uniformly upheld assignment clauses which require written

consent, or policies which contain non-assignability clauses. *Clay v. GEICO*, 356 Md. 257

(1999); and *Westchester Ins. Co. v. Weaver*, 70 Md. 536 (1889).  Mutual Benefit never

provided written consent to any assignment of interest under the Mutual Benefit policy to Fairbanks

Capital Corporation, or Goldman Sachs.  See Affidavit of Mike Snare, attached as "Exhibit 3".

**C.    Neither Fairbanks Nor Goldman Sachs Had an Insurable Interest at the**
       **Time of the October 23rd, 2001 Fire and its Purchase of the Note on**
       **January, 2002, after the Fire, Is Not Sufficient to Create an Insurable**

---

> give our written consent.
>
> **Subrogation**.  An "insured" may waive in writing before a loss all
> rights of recovery against any person.  If not waived, we may
> require an assignment of rights of recovery for a loss to the extent
> that payment is made by us.
>
> If an assignment is sought an "insured" must sign and deliver all
> related papers and cooperate with us.
>
> Subrogation does not apply under Section II to Medical Payments
> to Others or Damage to Property of Others.
>
> See pg. 17 of 18 §§ 7 and 8.

### Interest.

Goldman Sachs has never been an insured mortgagee under the Mutual Benefit policy issued to the Johns. See Affidavit of Mike Snare, attached as "Exhibit 3". At the time of the fire, Goldman Sachs had no insurable interest in the property. An insurable interest in property generally arises when someone would profit or enjoy some advantage from the property or would suffer a loss from the destruction of the property. 3 George J. Couch, Couch, *Cyclopedia of Insurance Law*, § 24:13. Goldman Sachs believes that it acquired an insurable interest through purchase of a note three and a half months after a fire is misplaced. First, Goldman Sachs was never a mortgagee under the policy. The Mutual Benefit mortgage clause states that if a mortgagee is named in this policy, any loss payable under coverage A or B will be paid to the mortgagee and you, as interests appear. Thus, not only did Goldman Sachs not have an insurable interest at the time of the fire, they were never a mortgagee under the Mutual Benefit policy. Even if Goldman Sachs had attempted to become the mortgagee under the Mutual Benefit policy after the fire loss, notice to an insurer of an assignment after a loss is not sufficient to create an insurable interest. *CLS Mortgage v. Opportunity Management v. Bruno, State Farm*, 937 P.2d 1106 (1997).

Goldman Sachs has never been an insured mortgagee under the Mutual Benefit policy, and i t has no interest in these proceedings.

### IV. CONCLUSION

The above premises considered, Mutual Benefit respectfully requests that this Honorable Court grant its Motion to Dismiss or Motion to Strike the Amended Complaint filed by the Fairbanks Capital Corporation and Goldman Sachs. Neither entity had an insurable interest at the

time of the October 23rd, 2001 fire.  Neither was an insured mortgagee under the Mutual Benefit

policy.  Mutual Benefit requests that this Honorable Court consider imposing sanctions pursuant

to 28 U.S.C. § 1927.

/s/

WILLIAM C. PARLER, JR.
Bar No:  05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 E. Joppa Road
Towson, Maryland 21286
(410)832-1800
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY  that on this 2nd day of May, 2003, a copy of the aforegoing was
mailed to:

Michael T. Pate
Covahey, Boozer, Devan & Dore, P.A.
606 Baltimore Avenue
Suite 302
Towson, MD 21204
Attorneys for Plaintiffs

/s/

WILLIAM C. PARLER, JR.
