| Policy No. H000275536 | MUTUAL BENEFIT INSURANCE COMPANY | | |
|---|---|---|---|
| PP65 | A member of Mutual Benefit Group | | 4/19/2001 |
| [X] NEW | 409 Penn Street, PO Box 577 | Home Office Copy | |
| [ ] RENEWAL | Huntingdon, Pennsylvania 16652-0577 | | |
| [ ] ENDORSEMENT | HOMEOWNERS POLICY   PREFERRED | | 5/03/2001 |

569

**Named Insured and Address**
JEROME H & CONSTANCE R JOHNS
3145A OLD SCARBORO RD
STREET MD 21154-1935

DIRECT BILLED   05%

**Producer Name and Address**   Code
MD PERMANENT INS GROUP INC
1132 ANNAPOLIS ROAD SUITE 200
ODENTON MD 21113
410-519-6565                                M8810

**Policy Term:** 12 Mos. FROM 4/19/2001 TO 4/19/2002  12:01 A.M. Standard Time at the residence premises.
The residence premises covered by this policy is located at the above address unless otherwise stated.

Coverage is provided where a premium or limit of liability is shown for the coverage.

## Coverages and Limits of Liability

| SEC I | A. Dwelling | B. Other Structures | C. Personal Property | D. Loss of Use | SEC II | E. Personal Liability Each Occurrence | F. Medical Payments To Others Each Person |
|---|---|---|---|---|---|---|---|
| | $164,000 | $16,400 | $114,800 | $32,800 | | $300,000 | $1,000 |

### Premiums

Mutual Benefit Insurance Company will consider your claims history for purposes of determining whether to cancel or refuse to renew your policy.

Base Premium         $   272
Endorsement Premium  $    30
Total Premium        $   302

LOSS FREE DISCOUNT APPLIES - 5%

DEDUCTIBLE SECTION I: IN CASE OF A LOSS UNDER SECTION I WE COVER ONLY THAT PART OF THE LOSS OVER THE DEDUCTIBLE STATED

$250 Flat

### Description of Dwelling

| Construction Year | Construction | Protection Class | Zone | Prem. Group | No. of Families | Feet From Fire Hydrant | Miles From Fire Dept |
|---|---|---|---|---|---|---|---|
| 1996 | FRAME | 8S | 033 | 001 | 001 | 1000 | 5 |

Subject to the following forms, endorsements, special provisions and exceptions:

| FORM# | EDITION DATE | DESCRIPTION | LIMIT OF LIABILITY | PREMIUMS |
|---|---|---|---|---|
| HO0003 | (04/91) | SPECIAL FORM | | N/C |
| HO0119 | (05/98) | SPECIAL PROVISIONS | | N/C |
| HOMB04MD | (09/93) | PERS PROP REPLACEMENT COST | | INCLUDED |
| MBH013 | (10/86) | DWELLING REPLACEMENT COST | | N/C |
| MBH0500 | (10/87) | DAMAGE TO CONTENTS - REFRIGER | | N/C |
| HO0496 | (04/91) | HOME DAY CARE EXCLUSIONS | | N/C |
| HO0416 | (04/91) | PROTECTIVE DEVICE CREDIT | | INCLUDED |
| MBH017MD | (10/96) | HOME ADVANTAGE ENDORSEMENT | | 30.00 |
| PL0001 | (02/97) | EXCLUSION - LEAD LIABILITY | | N/C |

**MORTGAGEES**
CHAMPION MTG CO INC                EQUICREDIT CORP OF AMERICA
C/O INS SERV CTR ISAOA ATIMA       PO BOX 43190
PO BOX 100021  LN#8050053258       JACKSONVILLE FL 322033190
KENNESAW GA 301440021

(5) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis. You may then make claim within 180 days after loss for any additional liability according to the provisions of this Condition 3. Loss Settlement.

4. **Loss to a Pair or Set.** In case of loss to a pair or set we may elect to:

   a. Repair or replace any part to restore the pair or set to its value before the loss; or

   b. Pay the difference between actual cash value of the property before and after the loss.

5. **Glass Replacement.** Loss for damage to glass caused by a Peril Insured Against will be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

6. **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

   Each party will:

   a. Pay its own appraiser; and

   b. Bear the other expenses of the appraisal and umpire equally.

7. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

8. **Suit Against Us.** No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss.

9. **Our Option.** If we give you written notice within 30 days after we receive your signed, sworn proof of loss, we may repair or replace any part of the damaged property with like property.

10. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:

    a. Reach an agreement with you;

    b. There is an entry of a final judgment; or

    c. There is a filing of an appraisal award with us.

11. **Abandonment of Property.** We need not accept any property abandoned by an "insured."

12. **Mortgage Clause.**

    The word "mortgagee" includes trustee.

    If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.

    If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

    a. Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

    b. Pays any premium due under this policy on demand if you have neglected to pay the premium; and

    c. Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.

    If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

    If we pay the mortgagee for any loss and deny payment to you:

    a. We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

    b. At our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

    Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

6. **Suit Against Us.** No action can be brought against us unless there has been compliance with the policy provisions.

   No one will have the right to join us as a party to any action against an "insured." Also, no action with respect to Coverage E can be brought against us until the obligation of the "insured" has been determined by final judgment or agreement signed by us.

7. **Bankruptcy of an Insured.** Bankruptcy or insolvency of an "insured" will not relieve us of our obligations under this policy.

8. **Other Insurance - Coverage E - Personal Liability.** This insurance is excess over other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

## SECTIONS I AND II - CONDITIONS

1. **Policy Period.** This policy applies only to loss in Section I or "bodily injury" or "property damage" in Section II, which occurs during the policy period.

2. **Concealment or Fraud.** The entire policy will be void if, whether before or after a loss, an "insured" has:

   a. Intentionally concealed or misrepresented any material fact or circumstance;

   b. Engaged in fraudulent conduct; or

   c. Made false statements;

   relating to this insurance.

3. **Liberalization Clause.** If we make a change which broadens coverage under this edition of our policy without additional premium charge, that change will automatically apply to your insurance as of the date we implement the change in your state, provided that this implementation date falls within 60 days prior to or during the policy period stated in the Declarations.

   This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of our policy.

4. **Waiver or Change of Policy Provisions.**

   A waiver or change of a provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination will not waive any of our rights.

5. **Cancellation.**

   a. You may cancel this policy at any time by returning it to us or by letting us know in writing of the date cancellation is to take effect.

   b. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations.

   Proof of mailing will be sufficient proof of notice.

   (1) When you have not paid the premium, we may cancel at any time by letting you know at least 10 days before the date cancellation takes effect.

   (2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by letting you know at least 10 days before the date cancellation takes effect.

   (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel:

   (a) If there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy; or

   (b) If the risk has changed substantially since the policy was issued.

   This can be done by letting you know at least 30 days before the date cancellation takes effect.

   (4) When this policy is written for a period of more than one year, we may cancel for any reason at anniversary by letting you know at least 30 days before the date cancellation takes effect.

   c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded pro rata.

   d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

6. **Nonrenewal.** We may elect not to renew this policy. We may do so by delivering to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing will be sufficient proof of notice.

7. **Assignment.** Assignment of this policy will not be valid unless we give our written consent.

8. **Subrogation.** An "insured" may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

   If an assignment is sought, an "insured" must sign and deliver all related papers and cooperate with us.

   Subrogation does not apply under Section II to Medical Payments to Others or Damage to Property of Others.

9. **Death.** If any person named in the Declarations or the spouse, if a resident of the same household, dies:

   a. We insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under the policy at the time of death;

   b. "Insured" includes:

   (1) Any member of your household who is an "insured" at the time of your death, but only while a resident of the "residence premises"; and

   (2) With respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.