IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| JEROME H. JOHNS, et ux. | * |
|     Plaintiffs | * |
| v. | * |
| | Case No.: 03-CV-77 |
| MUTUAL BENEFIT INSURANCE COMPANY | * |
|     Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF GROUNDS AND AUTHORITIES
IN SUPPORT OF RESPONSE TO MOTION TO DISMISS
AND/OR MOTION TO STRIKE THE AMENDED COMPLAINT**

Fairbanks Capital Corporation ("Fairbanks"), on behalf of Goldman-Sachs Mortgage Company ("Goldman-Sachs"), Plaintiff, by its attorneys, Michael T. Pate, and Covahey, Boozer, Devan & Dore, P.A., hereby respectfully submits this Memorandum of Grounds and Authorities in Support of its Response to Motion to Dismiss and/or Strike the Amended Complaint. The Motion should be denied for the following reasons:

### I.    ARGUMENT

### A.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, dismissal of a complaint for failure to state a claim is appropriate if it appears beyond doubt from the face of a complaint that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When ruling on a motion to

dismiss under Rule 12(b)(6), a court must accept the allegations in the complaint as true.  See <u>DeBauche v. Trani</u>, 191 F.3d 499, 505 (4th Cir. 1999)(citing, <u>Conley</u> 355 U.S. at 47-48).

### B.   INTRODUCTION

Mutual Benefit Insurance Company ("Mutual Benefit") argues that Fairbanks on behalf of Goldman Sachs needed leave of court to file its "Amended Complaint" since same contained amendments to the "Complaint" filed with Fairbanks Motion to Intervene.  A review of pleading rules reveals leave of court was not necessary.  Mutual Benefit next argues that Fairbanks has no interest in these proceedings and since Goldman Sachs did not specifically intervene, the Amended Complaint should be dismissed/stricken.  A review of real party in interest rules reveals Fairbanks as a loan servicer has standing to file the Amended Complaint.

Mutual Benefit argues that Fairbanks and/or Goldman Sachs do not hold an insurable interest since they are not specifically named in the applicable policy.  Mutual Benefit's final and related contention is that the assignment clause prohibits any assignment of such insurable interest by a named mortgagee.   A review of applicable law related to assignment of interest(s) will indicate these contentions are incorrect.

### C.   Intervention and Rule 15

Fairbanks on behalf of Mutual Benefit did not need leave of court to file the Amended Complaint.  Restriction(s) related to pleading amendments will not apply to an

intervenor's filings until it becomes a party in the action.  The rule related to intervention provides in part:

> A **person** desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5.  The motion shall state the grounds therefore and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.  (Emphasis added.)

FED. R. CIV. 24(C).  A person only becomes a party with the approval of the Court.

The federal rules restrict a party's ability to amend pleadings it has filed as a party.  Rule 15 provides in pertinent part:  "A party may amend **the party's pleading** once as a matter of course at any time before a responsive pleading is served . . ."  (Emphasis added)  FED. R. CIV. 15(a).  This amendment restriction does not apply to the instant case.

Fairbanks, as a person, filed to intervene on February 24, 2003.  This filing was accompanied by a "Complaint".  By Order of Court dated April 15, 2003, the motion to intervene was granted.  On that date, Fairbanks became a party in the action.  On April 22, 2003, Fairbanks on behalf of Goldman-Sachs, filed the Amended Complaint, it's first pleading as a party.  This pleading introduced new facts.  This pleading was, accordingly, titled "Amended Complaint"; however, for purposes of the rules related to pleading amendments, it was not an amended pleading.

Mutual Benefit's argument places form above substance.  By this Court's April 15th Order, "(t)he putative intervenor is an assignee of a mortgage interest in the property, the assignment of which was obtained subsequent to the loss".  A review of the Amended

Complaint filed by a party (Fairbanks on behalf of Goldman-Sachs) and the Complaint filed by a person (Fairbanks) reveals distinctions which relate only to servicing and ownership rights of the underlying mortgage. The substance of the action, as approved by this Court, is unchanged.

### C. A servicer is a Real Party in Interest.

Fairbanks, as the loan servicer, has filed this action on behalf of Goldman-Sachs, the owner of the debt. See *Exhibit A*. A loan servicer in this capacity is a real party in interest by the terms of federal law.

Rule 17 is not a restrictive statute. By the terms of the statute, a real party in interest is given broad interpretation. The Court of Appeals in this circuit examined Rule 17 and stated it has a "negative" or defensive function for a party. See Virginia Electric Power Company v. Westinghouse Electric Corp., 485 F.2nd 78, 84 (4th Cir. 1973). The Court explained:

> It is to enable a defendant to present defenses he has against the real party in interest, to protect the defendant against a subsequent action by the party actually entitled to relief, and to ensure that the judgment will have res judicata effect.

Id.

Courts of this circuit have not specifically reviewed the real party in interest law and it's application to loan servicers. Persuasive guidance can be offered from the eleventh circuit. The Court of Appeals in that circuit was called to review the standing of a loan servicer in Greer v. O'Dell, 305 F.3d 1297 (11th Cir. 2002). Greer involved a determination

4

of whether a loan servicer was a real party in interest with standing to conduct the legal affairs of an investor in bankruptcy proceedings. The Court of Appeals examined the standing provisions under Rule 17 and noted that the Rule provides liberal standing provisions. Id at 1302. The Court said that a loan servicer is a real party in interest in proceedings involving loans that it services. Id. In reaching this determination, the Court importantly noted that "(o)ther courts have held in similar contexts that mortgage servicers are real parties in interest." Id at 1303 (internal citations omitted).

Fairbanks on behalf of Goldman-Sachs, has specifically detailed the respective rights of the parties in its Amended Complaint.[1] By the terms of Exhibit A Amended Affidavit, Goldman-Sachs has assented to Fairbanks filing suit on their behalf. Mutual Benefit is able to present its available defenses, is protected against subsequent action by the assigned mortgagee, and can be assured the judgment will have res judicata effect. The named Plaintiff is a real party in interest.

### D. Assignment of Interest

Fairbanks and Goldman-Sachs are not specifically identified in the applicable policy. The named mortgagee, EquiCredit, instead has transferred its rights with respect to the policy. The non-assignability clause does not reach the assignment of a mortgage interest. The transfer of rights additionally occurred after the date of loss in this case. The non-assignability clause also does not reach a post loss assignment.

### 1.     Assignment of Mortgage Interest Distinguished

On or about October 11, 2000, EquiCredit advanced $131,250.00 to Plaintiff Johns.[2] On that same date, Johns executed a deed of trust wherein Plaintiffs Johns pledged 3145A Old Scarborough Road, Street, Maryland (the "Property") as security for the loan.[3] On or about April 19, 2001, Johns purchased an insurance policy (the "Policy") upon the Property.[4] The Policy insured a mortgagee by the terms of a mortgage clause.[5] The Policy also contained an assignment restriction, as argued by counsel.

On October 23, 2001, the Property was destroyed by fire.[6] EquiCredit, as mortgagee, held an insurable interest as of the date of the fire. The underlying note and beneficial interest under the deed of trust were acquired by Goldman-Sachs subsequent to the fire (the "Acquisition"). See *Exhibit A*. The Acquisition affected to transfer the rights EquiCredit held under the Policy to Goldman-Sachs. The Policy itself was not assigned; instead, the note and deed of trust were assigned. The anti-assignment clause in the Policy is not controlling.

The Court of Appeals of North Carolina was called upon to review similar facts in Sprouse v. North River Ins. Co., 344 S.E. 2d 555 (N.C. App. 1986). In that case, the homeowners had executed a note and deed of trust against their home. An insurance

---

[1] Counsel has at all times made effort(s) to identify the respective entities and their respective rights in these proceedings. Counsel has never intended to mislead this Court.
[2] See Amended Complaint, Paragraph 6, and Exhibit A Supplemental Affidavit attached to this Memorandum.
[3] See Amended Complaint, Paragraph 7.
[4] See Amended Complaint, Paragraph 8, and see Johns Complaint for Breach of Contract, Paragraph 3.
[5] See Exhibit 3 to the Amended Complaint, Page 11 of 18, Paragraph 12.
[6] See Amended Complaint, Paragraph 9, and see Johns Complaint for Breach of Contract, Paragraph 1.

6

policy was issued to the homeowner with a mortgage clause similar to Mutual Benefit's policy with Plaintiff Johns.  Id at 557.  The Note and Deed of Trust were assigned by the mortgagee without notice to the insurance company.  Id at 558.  After fire damage, the mortgagee notified the insurance company who denied coverage and relied, in part, upon an anti-assignment provision in the policy.  Id at 562.

The Court determined that the anti-assignment provision did not prohibit recovery by the assigned mortgagee.  The Court noted that:

> Courts of other jurisdictions have uniformly held that an assignment of the note and mortgage by the mortgagee named in the policy carries with it the rights that existed in the assignor with respect to the policy without the consent of the insurer.

Id at 562 (internal citations omitted).  The Court went on to state an assigned mortgagee's rights to policy proceeds will not be affected unless the mortgage clause contains express language to said effect.  Id.

The Fourth Circuit Court of Appeals examined a similar case in Central Union Bank v. New York Underwriters' Insurance Company, 52 F.2d 823 (4th Cir. 1931).  In that case the Court heard insurance company arguments that loss payable under a policy should only be payable to a named mortgagee. The Court determined that such contention(s) were hypertechnical and said the rights of a mortgagee under an insurance policy were assignable.  Id at 825.

### 2. Assignment after Loss Distinguished

The Acquisition occurred after the date of loss in this action. The Policy itself was not assigned; instead, a chose in action was assigned. The anti-assignment clause does not exclude Plaintiff from insurance coverage.

Provisions in insurance policies which prohibit assignments apply to assignments before loss. Such provisions are inapplicable to an assignment after loss. 16 Couch, Sec. 63:40 at 763-765. After the fire of October 23, 2001, EquiCredit's interest in the proceeds was freely assignable as a chose in action. See <u>Washington Fire Ins. Co. v. Kelley</u>, 32 Md. 421, 437 (1870); <u>Michigan Fire and Marine Ins. Co. v. Genie Kraft Corp.</u>, 195 F. Supp. 222, N.7 (D. Md. 1961).

### E. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and/or Strike should be denied.

                                                _____/s/_____
                                                MICHAEL T. PATE
                                                Covahey, Boozer, Devan & Dore, P.A.
                                                606 Baltimore Avenue, Suite 302
                                                Towson, MD  21204
                                                410-828-5525, Ext. 813
                                                Attorneys for Plaintiff

kcr030524

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 16th day of May 2003, a copy of the foregoing *Memorandum of Grounds and Authorities in Support of Response to Motion to Dismiss and/or Motion to Strike the Amended Complaint* was e-filed and/or mailed first class to:

William C. Parler, Jr., Esq.
Parler and Wobber, LLP
406 E. Joppa Road
Towson, MD  21286
Attorneys for Defendant

and

David E. Carey, Esq.
Brown, Brown & Brown, P.A.
200 S. Main Street
Bel Air, MD  21014
Attorney for Plaintiff Johns


                                                                                                    /s/
                                              MICHAEL T. PATE
                                              Covahey, Boozer, Devan & Dore, P.A.
                                              606 Baltimore Avenue, Suite 302
                                              Towson, MD  21204
                                              410-828-5525, Ext. 813
                                              Attorneys for Plaintiff

kcr030524