IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| JEROME H. JOHNS, et ux. | * | |
| Plaintiffs | * | Case No.: 03-CV-00077 JFM |
| v. | * | |
| MUTUAL BENEFIT INSURANCE COMPANY | * | |
| Defendant | * | |

* * * * * * * * * * * * *

## CROSS-CLAIM

Fairbanks Capital Corporation ("Fairbanks") ON BEHALF OF Goldman Sachs Mortgage Company ("Goldman Sachs"), Plaintiff, by their undersigned attorneys, Michael T. Pate, and Covahey, Boozer, Devan and Dore, P.A., pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, file this Cross-Claim and sues Cross-Defendants Jerome H. Johns and Constance R. Johns ("Johns") and for reasons states as follows:

### FACTUAL BACKGROUND

1. Johns reside in Harford County, Maryland. Accordingly, Johns is, and was at the time of the commencement of these proceedings, citizens of the State of Maryland;

2. Fairbanks is incorporated in the State of Utah with its principal place of business located in the State of Utah. Fairbanks is acting as the servicing agent for Goldman Sachs. Goldman Sachs is a New York limited partnership. Accordingly, for

the purposes of diversity of citizenship, under 28 U.S.C., Section 1332, Fairbanks is a citizen of the State of Utah, and Goldman Sachs is a citizen of New York;

3. Defendant Mutual Benefit Insurance Company ("Mutual Benefit") is, and was at the time of the commencement of these proceedings, incorporated in the State of Pennsylvania with its principal place of business located in the State of Pennsylvania. Accordingly, for the purposes of diversity of citizenship under 28 U.S.C., Section 1332, Mutual Benefit is, and was at the time of the commencement of these proceedings, a citizen of the State of Pennsylvania;

4. This Court has original subject matter jurisdiction over this matter because there exists diversity of citizenship between the Plaintiffs and the Defendant, and the amount in controversy exceeds the sum or value of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs. A similar breach of contract action was filed by Johns in the Circuit Court for Harford County against Mutual Benefit (the "Johns Complaint"). The Johns Complaint was removed, pursuant to 28 U.S.C., Section 1446, by Defendant Mutual Benefit;

5. That, by Order of this Court dated April 15, 2003, a Motion to Intervene filed by Fairbanks was granted;

6. At all relevant times herein, Johns was the owner and resident of the property known as 3145A Old Scarborough Road, Street, Maryland (the "Property");

7. That, on or about October 11, 2000, NationsCredit Financial Services Corporation, dba EquiCredit ("EquiCredit"), did advance One Hundred Thirty-one Thousand, Two Hundred Fifty Dollars ($131,250.00) to Johns for a loan re-finance

upon the Property, and by the terms of the Note (the "Note"), Constance Johns did promise to make payments by the terms of said Note;

8. That, on October 11, 2000, Johns executed a Deed of Trust (the "Deed of Trust") which required Johns to insure the Property against loss by fire and other hazards;

9. That, to the extent required, the adverse party to this Cross-Claim has consented to this filing without leave of Court. See attached *Exhibit 1*.

## COUNT I – BREACH OF CONTRACT
## (v. CONSTANCE JOHNS)

10. That, by its terms, the Note required regular monthly payments in the amount of One Thousand One Hundred Thirty-two Dollars and Forty-seven Cents ($1,132.47);

11. That, as of the date of this filing, the monthly payment due December 1, 2001 remains due and owing. That Constance Johns has, accordingly, failed to pay monies due under the terms of the Note, thereby materially breaching the Note;

12. That, on or about January 1, 2002, Fairbanks did purchase the servicing rights to the Note;

13. That, on or about January 1, 2002, Goldman Sachs did purchase the Note. That Fairbanks retained the servicing rights to the Note. All other right(s) and risk(s) associated with the Note, including those right(s) and risk(s) which predated this purchase, were transferred to Goldman Sachs;

14. That the Note has an outstanding balance in the amount of One Hundred Fifty-two Thousand, Twelve Dollars and Seventy-one Cents ($152,012.71);

15. That, by the terms of the Note, said One Hundred Fifty-two Thousand, Twelve Dollars and Seventy-one Cents ($152,012.71) is due and owing, and Fairbanks ON BEHALF OF GOLDMAN-SACHS, has incurred a loss in said amount.

### COUNT II – TO ESTABLISH EQUITABLE LIEN
### (v. CONSTANCE AND JEROME JOHNS)

16. Fairbanks ON BEHALF OF GOLDMAN-SACHS incorporates each and every allegation of this Cross-Claim as if each were fully restated herein;

17. That, by the terms of the Deed of Trust, any insurance proceeds from insurance upon the Property shall be applied directly to monies due under the terms of the Note;

18. That, effective April 19, 2001, Johns purchased a homeowner's insurance policy (the "Policy") through Defendant Mutual Benefit, which included a mortgage clause;

19. That Johns acquired the Policy under an agreement to insure the Property for the benefit of the holder of the Note and/or the mortgagee;

20. Mutual Benefit has denied liability under the Johns' Complaint and has asserted defenses;

21. Mutual Benefit has denied liability to Fairbanks ON BEHALF OF GOLDMAN-SACHS.  Upon information and belief, Mutual Benefit will assert

independent defenses against the Amended Complaint filed by Fairbanks ON BEHALF OF GOLDMAN-SACHS;

22. That Fairbanks has an equitable lien on any proceeds of the Policy to the extent of the balance due under the Note.

WHEREFORE, Plaintiff Fairbanks, ON BEHALF OF GOLDMAN-SACHS, demands the following relief:

A. Judgment against Constance Johns in the amount of One Hundred Fifty-two Thousand, Twelve Dollars and Seventy-one Cents ($152,012.71), plus interest and costs;

B. Establish an equitable lien upon proceeds of the Johns' Complaint to the extent of the mortgagee's interest; and

C. Grant such other and further relief as the nature of its cause may require.

_____/s/_____
MICHAEL T. PATE
Covahey, Boozer, Devan & Dore, P.A.
606 Baltimore Avenue, Suite 302
Towson, MD  21204
410-828-5525, Ext. 813
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 27th day of May 2003, the foregoing *Cross- Claim* was e-filed and/or mailed to:

David E. Carey, Esq.
Brown, Brown & Brown, P.A.
200 S. Main Street
Bel Air, MD  21
Attorneys for Cross-Defendants

and

William C. Parler, Jr., Esq.
Parler & Wobber, LLP
The Hemenway Building
406 E. Joppa Road
Towson, MD  21286
Attorney for Defendant

_____/s/_____
MICHAEL T. PATE
Covahey, Boozer, Devan & Dore, P.A.
606 Baltimore Avenue, Suite 302
Towson, MD  21204
410-828-5525, Ext. 813
Attorneys for Plaintiff

kcr030539