IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME H. JOHNS, et ux. | * | |
| Plaintiffs | * | Case No. JFM 03 CV 077 |
| v. | * | |
| MUTUAL BENEFIT INSURANCE COMPANY | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \*

**MOTION TO COMPEL DISCOVERY, FOR SANCTIONS AND ORDER DETERMINING SUFFICIENCY OF ANSWER**

Jerome H. Johns, et ux., Plaintiffs, by their attorneys, David E. Carey and Brown, Brown and Brown, P.A., pursuant to Fed. R. Civ. Pro. 36 and 37, move for an order compelling discovery, for sanctions and to determine sufficiency of an Answer against Defendant Mutual Benefit Insurance Company, and in support thereof state as follows.

1. On March 3, 2003, Plaintiff Jerome H. Johns served on Defendant a set of Interrogatories, and, along with Plaintiff Constance R. Johns, served on Defendant a Request for Production of Documents and Requests for Admissions of Fact and Genuineness of Documents.

2. On April 2, 2003, Defendant served its response to the Requests for Admissions of Fact and Genuineness of Documents, but did not serve a response to the Interrogatories or Request for Production of Documents. On April 16, 2003, the undersigned counsel telephoned counsel for Defendant to discuss the outstanding

discovery responses. In response to a question as to when the discovery responses would be received, Defendant's counsel at first stated that a Scheduling Order had not been issued in the case. When pressed for a date by which the discovery responses would be received, Defendant's counsel stated: "We're working on them." Defendant's counsel did not advise when they would be completed.

      3. Incidentally, a Scheduling Order had been issued in the case on January 14, 2003. Of course, even if a Scheduling Order had not been issued, Defendant still has an obligation to provide discovery responses within the time frames set forth in Rules 33 and 34..

      4. As a follow-up to this telephone conversation, the undersigned forwarded the attached letter to Defendant's counsel on April 23, 2003. In that letter, the undersigned reiterated Defendant's obligation to respond to discovery pursuant to Rules 33 and 34, pointed out that the Plaintiffs had already fully responded to Interrogatories and a Request for Production of Documents served by Defendant, and asked Defendant's counsel to advise when the discovery would be served. In addition, counsel also advised that an extension of time to complete the discovery would be granted if it was needed. Despite this letter, no response was received.

      5. It is now more than two months after the discovery responses were due, approximately two months after the undersigned's telephone call to counsel and more than six weeks since the undersigned's letter to counsel. The discovery responses have

not been provided, nor has counsel even responded to inquiries as to when they might be received.

6. In addition, in its Response to Plaintiffs' Request for Admissions, Defendant failed to provide a Response to Request No. 1. The following is the text of this Request along with Defendant's Response:

> "1. That Mutual Benefit Insurance Company Homeowners Policy No. HO00275536 (hereinafter "the policy") was issued by Defendant to Plaintiffs and was in effect on October 23, 2001.
>
> **RESPONSE:** Mutual Benefit denies that it has any coverage obligation to the Plaintiffs in this case due to the fraud of the Plaintiffs in obtaining insurance from Mutual Benefit, and in presentation of their claim following the October 23rd, 2001 fire."

Defendant's response consists of the exact same sentence contained in its response to every other Request served by Plaintiffs, but in every other Request, Defendant first stated specifically whether or not the statement was admitted or denied. The Response to Request No. 1 is clearly not responsive to a very straightforward question. Rule 36 (a) provides that all requests are admitted, unless, within 30 days after service, "the party to whom the request is directed serves upon the party requesting the admission a written answer or objection...The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter."

7. Rule 36(a) also provides that "the party who has requested the admissions may move to determine the sufficiency of the answers or objections...If the court

determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served."

8. In the undersigned's telephone call with counsel on April 16, 2003, Defendant's counsel was advised that no answer was provided to this Request. In the attached letter dated April 23, 2003, this matter was also raised, and counsel was requested to advise "as to whether or not you admit or deny Statement No. 1." As of the date of the filing of this Motion, no response or clarification of any kind has been provided.

**WHEREFORE**, Plaintiff respectfully requests that:

a) the Court issue an Order compelling Defendant to immediately provide full and complete responses to Plaintiff Jerome Johns' Interrogatories;

b) the Court issue an Order compelling Defendant to immediately provide full and complete responses to Plaintiffs Jerome and Constance Johns' Request for Production of Documents;

c) the Court order the Defendant to pay the reasonable counsel fees incurred by Plaintiffs in the making of this Motion;

d) the Court order that Plaintiffs' Request for Admission of Fact No. 1 be deemed admitted, or, in the alternative, that Defendant serve an amended answer admitting or denying the matter set forth therein; and

e) the Court grant Plaintiff such other and further relief as the nature of its

cause requires.

        /s/
David E. Carey, Bar No. 6964
Brown, Brown & Brown, P.A.
200 S. Main Street
Bel Air, Maryland 21014
(410) 838-5500/879-2220
Attorneys for Plaintiffs Jerome H. anc
Constance R. Johns.

## CERTIFICATION

_____ I HEREBY CERTIFY that on April 16, 2003, I spoke with William C. Parler, Esq. by telephone in an attempt to secure the outstanding discovery and that I mailed him the attached letter for the same purpose on April 23, 2003.

        /s/
David E. Carey, Bar No. 6964