WCP:il
06/18/3
37.053-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEROME H. JOHNS, et ux.** | \* | |
| **Plaintiffs** | \* | **CASE NO.: JFM 03 CV 077** |
| **v.** | \* | |
| **MUTUAL BENEFIT INSURANCE COMPANY** | \* | |
| | \* | |
| **Defendant** | | |
| \*   \*   \*   \*   \* | | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY, MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANT'S RESPONSE TO REQUEST FOR <u>ADMISSION OF FACTS, AND MOTION FOR SANCTIONS</u>**

Mutual Benefit Insurance Company (hereinafter "Mutual Benefit"), by its attorneys, William C. Parler, Jr. and Parler & Wobber, L.L.P., hereby responds to the Plaintiffs' Motion to Compel Discovery, Motion to Determine the Sufficiency of Defendant's Response to Plaintiffs' Request for Admission of Facts, and Motion for Sanctions, and states as follows:

1. Discovery in this case began on or abut January 14, 2003.

2. By letter dated April 23, 2003, Judge James K. Bredar issued a revised Scheduling Order.

3. On or about April 2, 2003, Mutual Benefit filed a Response to Plaintiff's Request for Admission of Fact and Genuineness of Documents.  <u>See</u>, "Exhibit A."

4. Plaintiffs' Discovery Motion is not properly before the Court. It does not comply

PARLER & WOBBER, L.L.P.
The Hemenway Building
406 E. Joppa Road
Towson, MD 21286

with the terms of the Rules of the United States District Court for the District of Maryland. Specifically, Plaintiffs' Motion violates Local Rule 104.7, which states:

> Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them. The Court will not consider any discovery motion unless the moving party has filed a certificate reciting (a) the date, time and place of the discovery conference, the names of all persons participating therein and any issues remaining to be resolved, or (b) counsel's attempts to hold such a conference without success.

L.R. 104.7.

Consequently, Plaintiffs' Motion should be denied.

5. In addition to violating the conference requirement of Local Rule 104.7, Plaintiffs' Motion to Determine the Sufficiency of a Response to a Request of Admission of Fact or Genuineness of Documents fails to comply with the requirements of Local Rule 104.8. Local Rule 104.8 applies when a response has been filed but the movant is not satisfied with the response. It directs the party dissatisfied with a response to "serve a motion to compel within thirty days of the party's receipt of the response." L.R. 104.8.a.

6. The service of such a motion upon the other side is a necessary precondition for Court intervention. Local Rule 104.8.a makes clear that the parties are <u>not</u> supposed to automatically file motions to compel with the court. Instead, Local Rule 104.8.a instructs the parties to file only the notices of service of such motions and memoranda.

7. Local Rule 104.8.b requires the parties to attempt to amicably resolve discovery disputes without Court involvement. If they cannot do so, they are nevertheless required to hold the conference required by Local Rule 104.7 <u>after</u> serving upon one another all of the papers relating to the motion to compel. Plaintiffs' Counsel failed to comply with by Local Rules 104.7

or 104.8.

8.   Only after a party has complied with the requirements of Local Rule 104.8 can the motion to compel be filed with the Court. <u>See</u>, Rule 104.8.c ("If counsel fail to resolve their differences during their conference, the party seeking the motion to compel shall file [the Rule 104.7 certificate] and [the motion and memorandum].") Local Rule 104.8.c. In this case, there has been no conference nor any attempt by Plaintiffs to schedule one.

9.   Instead of serving Mutual Benefit with the Motion within the 30-day time-frame (i.e., May 5, 2003), Plaintiffs have waited until June 16, 2003. Instead of filing only the notice of service with the Court, Plaintiffs filed their Motion directly with the Court. Plaintiffs have slept on their rights and failed to comply with the Rules.

10.  Finally, Plaintiffs' Motion is entirely moot. On or about June 16, 2003, Mutual Benefit filed Answers to Interrogatories. <u>See</u>, "Exhibit B." On or about June 18, Mutual Benefit filed a Response to Plaintiffs' Requests for Production of Documents and an Amended Answer to Request for Admission of Fact and Genuineness of Documents. <u>See</u>, "Exhibit C" and "Exhibit D," respectively.

<u>/s/</u>
WILLIAM C. PARLER, JR.
Bar No.: 05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 East Joppa Road
Towson, Maryland 21286
(410)832-1800
Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of June, 2003, that a copy of the aforegoing was mailed, postage prepaid, to:

Michael T. Pate
**COVAHEY, BOOZER, DEVAN & DORE, P.A.**
Ste. 302
606 Baltimore Avenue
Towson, Maryland 21204
Counsel for Plaintiff

David E. Carey, Esquire
**BROWN, BROWN & BROWN, P.A.**
200 South Main Street
Bel Air, Maryland 21014
Counsel for Plaintiffs

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　WILLIAM C. PARLER, JR.