IL:nns
6/18/03
37.053-05

"EXHIBIT B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEROME JOHNS, et ux.** * | |
| Plaintiff * | |
| | CASE NO.  JFM 03 CV 077 |
| v. * | |
| **MUTUAL BENEFIT INSURANCE** * | |
| **COMPANY** | |
| * | |
| Defendant | |

\*       \*       \*       \*       \*       \*       \*

## ANSWERS TO INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Mutual Benefit Insurance Company (hereinafter "Mutual Benefit") responds as follows to the Plaintiff, Jerome Johns' Interrogatories to Mutual Benefit.

## DEFINITIONS

1.      As used herein, "irrelevant" means not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

2.      As used herein, the "Mutual Benefit policy" means the homeowner's policy issued to Jerome Johns.

3.      As used herein, "Mutual Benefit" means the Mutual Benefit Insurance Company.

## GENERAL OBJECTIONS & INTRODUCTORY STATEMENTS

1.      Mutual Benefit objects to each interrogatory to the extent that it requests information protected against disclosure by the attorney-client privilege, the work product doctrine, or any other rule of privilege, confidentiality, or immunity provided by law, on the grounds that such interrogatories are overly broad, unduly burdensome, oppressive and vexatious, request irrelevant information, and request information beyond the scope of Federal Rule of Civil Procedure 26(b). Mutual Benefit construes each interrogatory not to seek the identification or contents of, and states that no privilege log is required for, legal memoranda, drafts of pleadings, attorney notes, letters and communications between Mutual Benefit and its counsel, and other documents and communications that have come into existence because of this coverage litigation. To the extent that this objection applies to a portion of a document only, Mutual Benefit will redact such portion of the document as appropriate.  Mutual Benefit will also provide an appropriate privilege log, in conformity with this objection, when one is completed.

2.  Mutual Benefit objects to each interrogatory to the extent that it requests information the production of which would result in the disclosure of confidential commercial information, trade secrets or proprietary information, or which would violate the privacy rights of individuals, confidentiality agreements or arrangements between Mutual Benefit and any insured or other person, the confidentiality of settlement discussions or agreements, or court orders restricting the disclosure of information.

3.  Mutual Benefit objects to each interrogatory to the extent that it requests information with respect to other insurance policies issued by Mutual Benefit other than the Mutual Benefit Policy referenced above, on the grounds that such interrogatories are overly broad, unduly burdensome, oppressive, vexatious, and request irrelevant information.

4.  Mutual Benefit objects to each interrogatory to the extent that it seeks to require Mutual Benefit to do more than use reasonable diligence to locate responsive information based on an examination of those files that reasonably may be expected to yield responsive information and an inquiry of those persons who reasonably may be expected to possess responsive information. Mutual Benefit further objects to each interrogatory to the extent that it requests information that is not in the possession, custody, or control of Mutual Benefit, or otherwise requests information or attempts to impose requirements beyond the scope of the Federal Rules of Civil Procedure.

5.  Mutual Benefit objects to each interrogatory to the extent that it requests information related to or identification of "each", "all," or "every" document, record, fact, event, action person, or entity, on the grounds that such requests are vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, request irrelevant information, and do not describe the information sought with sufficient particularity. Mutual Benefit further objects to each such interrogatory to the extent that it seeks to require Mutual Benefit to do more than use reasonable diligence to locate responsive information based on an examination of those files that reasonably may be expected to yield responsive information and an inquiry of those persons who reasonably may be expected to possess responsive information. Mutual Benefit further objects to the extent that each such interrogatory requests the production of information that is not in the possession, custody, or control of Mutual Benefit and is thereby beyond the scope of the Federal Rules of Civil Procedure. Without waiving, and subject to, these objections, Mutual Benefit will construe these terms to request that Mutual Benefit use reasonable diligence to locate responsive and non-privileged information relevant to the subject matter of this action, based on an examination of those files that may reasonably be expected to yield responsive information and an inquiry of those persons who may reasonably be expected to possess responsive information.

\*    \*    \*    \*    \*

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.  Mutual Benefit objects to the instructions of Johns' Instructions, and to each interrogatory incorporating such instructions, on the grounds that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, request irrelevant information, and request information beyond the scope and requirements of Federal Rule of civil Procedure 26(b).

In addition, Mutual Benefit construes each interrogatory not to seek the identification or contents of, and states that no privilege log is required for, legal memoranda, drafts of pleadings, attorney notes, letters and communications between or among Mutual Benefit and its counsel, and other documents and communication[s] that have come into existence because of the litigation entitled <u>Jerome Johns, et ux. v. Mutual Benefit Ins. Co.</u>, Case Number JFM 03 CV 077. In accordance with the explanations and objections in this Response, Mutual Benefit will provide an appropriate response when one is completed.

2. Mutual Benefit objects to the Johns' Instructions, and to each interrogatory incorporating such instructions, on the grounds that they are vague and ambiguous, and, if applied according to their literal meaning, would render Johns' Interrogatories overly broad, subject Mutual Benefit to oppression, harassment, unreasonable burden and expense, and require the production of irrelevant information. Mutual Benefit further objects to these instructions to the extent they seek to require Mutual Benefit to do more than use reasonable diligence to locate responsive information, seek information that is not in the possession, custody, or control of Mutual Benefit, or otherwise request information or attempt to impose requirements beyond the scope of the Federal Rules of Civil Procedure.

3. Mutual Benefit further objects to the definitions, and to each interrogatory incorporating such definitions, on the grounds that the use of terms such as "agents" and "representatives," are vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, and request irrelevant information.

4. Mutual Benefit objects to the definition of "relating to" of Johns' Definitions, and to each interrogatory incorporating such definition, on the grounds that the definition is vague and ambiguous and does not describe the information sought with sufficient particularity. Mutual Benefit further objects to the definition on the grounds that it renders Johns' Interrogatories overly broad, unduly burdensome, oppressive, and vexatious and on the grounds that it requests irrelevant information. Mutual Benefit construes the defined term to encompass documents or communications the contents of which reasonably can be determined to refer to the matter in question.

5. Mutual Benefit objects to the definition of "identify" of Johns' Definitions, and to each interrogatory incorporating such definition, on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, and requests irrelevant information. Mutual Benefit further objects to the extent that it calls for the residential address and/or residential telephone number of any person for whom Mutual Benefit can supply a business address, on the grounds that it intrudes upon an individual's right to privacy.

6. Mutual Benefit objects to the definition of "identify" of Johns' Definitions, and to each interrogatory incorporating such definition, on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, and requests irrelevant information. Mutual Benefit further objects to the extent the definition seeks to require Mutual Benefit to do more than use reasonable diligence to locate responsive information based on an examination of those files that reasonably may be expected to yield responsive information and an inquiry of those persons who reasonably may be expected to possess responsive information. Mutual Benefit further objects to the extent that the definition requests information that is not in the

- 3 -

possession, custody, or control of Mutual Benefit or otherwise requests information or attempts to impose requirements beyond the scope of the Federal Rules of Civil Procedure.

    7.    Mutual Benefit objects to the definition of "document" of Johns' Definitions, and to each interrogatory incorporating such definition, on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, oppressive, vexatious, and requests irrelevant information. Mutual Benefit further objects to the extent that the definition seeks to require Mutual Benefit to do more than use reasonable diligence to locate responsive information based on an examination of those files that reasonably may be expected to yield responsive information and an inquiry of those persons who reasonably may be expected to possess responsive information, or otherwise requests information or attempts to impose requirements beyond the scope of the Federal Rules of Civil Procedure.

    8.    In responding to these interrogatories, Mutual Benefit does not waive the foregoing objections, nor the specific objections that are set forth in Mutual Benefit's responses to particular interrogatories. In addition, Mutual Benefit does not conceded by responding that the information sought or provided is relevant to the subject matter of this action or is calculated to lead to the discovery of admissible evidence. Mutual Benefit expressly reserves the right to object to further discovery into the subject matter of these interrogatories and the right to object to the introduction into evidence of any responses to these interrogatories. Mutual Benefit further reserves the right to supplement its responses should further investigation disclose responsive information.

*    *    *    *    *

    1.    Identify the person answering these Interrogatories, as well as all persons who provided information for or who assisted in answering these Interrogatories.

    ***ANSWER:***    Mark Russell, CPCU, AIC, ARe, Vice President, Claims; Michael Snare, Claims Supervisor, Mutual Benefit Insurance Group, 409 Penn Street, P.O. Box 577, Huntingdon, PA 16652; Corporate Designee.

    2.    Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action and state the subject matter of the information possessed by that person.

    ***ANSWER:***    Mark Russell, Donna Patterson, Fire Marshal Zurillo; Cause and Origin Investigator Gerald J. Kufta, C.F.E.I., C.F.I., Kufta Associates, Ltd., 4070 W. Market Street, York, PA 17404, (717)792-0764; Greg Rhinehart and Pat Bonanni of GAB Robbins, 3314

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Wpdocs\CASES\Johns v Mutual Benefit\ATI.ple..doc

Market Street, Campfield, Pennsylvania 17011-4464, Independent Adjusters.

3.  Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and attach to your answers any written report made the expert concerning those findings and opinions.

*ANSWER:*   Deputy State Fire Marshal Joseph Zurollo, Office of the State Fire Marshal, 2 S. Bond Street, Bel Air, Maryland 21014.  Deputy State Fire Marshal Zurollo will testify in accordance with his report and investigation regarding the cause and origin of the fire at Plaintiffs' residence on October 23, 2001.  Martin L. King, Martin Churchill Associates, Inc., 640 19th Street, South Arlington, VA 22202.  Mr. King is an appraiser who has investigated the claimed contents lost in this matter.  Mr. King may be called upon to offer testimony with regard to the property valuation at the time of the occurrence and any repair and/or replacement costs associated with the claimed contents loss made by Plaintiffs.  Mr. King may also be called upon to offer an opinion as to the existence or non-existence of any claimed items in the premises at the time of the fire.  Brad Russell Ryden, CPA.  Mr. Ryden is a partner with the CPA firm of Matzen, Driscoll and Damico.  Mr. Ryden's curriculum vitae and report are attached.  Mr. Ryden has analyzed the monthly income and payments made by Plaintiffs.  His opinion is based on an analysis of tax returns, financial statements and other documents, including bankruptcy documents, produced by the Plaintiff.  Based on his analysis of the documentation, Mr. Ryden is anticipated to offer the opinion testimony that the Plaintiffs could not possibly have purchased or owned the household furnishings listed on the personal property inventory given their stated income and monthly payments.  Sam Carson of Chesapeake Homes of Pulaski, Inc., 1212 S. Philadelphia Boulevard, Aberdeen, Maryland 21001.  Mr. Carson is expected to testify that Plaintiffs' double wide home can be replaced for less than they are claiming.

4.  If you intend to rely upon any documents or other tangible things to support a

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Wpdocs\CASES\Johns v Mutual Benefit\ATI.ple..doc

position that you have taken or intend to take in this action, including any claim for damages, provide a brief description, by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

*ANSWER:* Mutual Benefit objects to Interrogatory No. 4 to the extent that it seeks information that is privileged from disclosure as attorney-work product. Subject to and without waiving its objection, Mutual Benefit may rely upon any of the non-privileged documents in its claims file. Mutual Benefit has no objection to making the non-privileged claims documents available to Plaintiffs' counsel.

5. If you maintain that either or both of the Plaintiffs or their agents, servants or employees made any oral statement or engaged in any conduct which you maintain constitutes an admission with reference to any of the issues raised in this case, state the following: (a) the name or identity of the person making such a statement or engaging in such conduct; (b) the content of the statement or the nature of the conduct; (c) the date, time and place of the statement or conduct; and (d) the names and addresses of the individuals who heard such statement or observed such conduct.

*ANSWER:* Mutual Benefit reserves the right to use any admissions of Plaintiffs in their dealings with Mutual Benefit, or contained in their examinations under oath or deposition testimonies.

6. Identify all persons not otherwise mentioned in your Answers to these Interrogatories who have personal knowledge of facts material to this case.

*ANSWER:* Mutual Benefit objects to Interrogatory No. 6 on the grounds that it is overly broad, not properly limited in time or scope, and seeks information not calculated to lead to the discovery of admissible information. Subject to, and without waiving its objection, Mutual Benefit states that those parties with personal knowledge of material facts related to the Interrogatory Answers have been previously identified in the answers.

7. Identify all persons from whom you have written, signed or recorded statements, including any statement in your control given by Plaintiffs, or any agents thereof.

*ANSWER:* Defendant Mutual Benefit objects to Interrogatory No. 7 to the extent that

- 6 -

it seeks information which is privileged and confidential. Subject to, and without waiving its objection, Defendant Mutual Benefit states that Jerome Johns, Constance Johns and their children Jerrod and Tiffany Johns, were examined under oath. Plaintiffs' counsel should have copies of their EUO transcripts.

8.  Identify by date, author, addressee and subject matter any and all correspondence or other written statements concerning this action or its subject matter by, to and/or between any of the parties to this case.

*ANSWER:*  Mutual Benefit objects to Interrogatory No. 8 on the grounds that it is vague, overly broad, unduly burdensome, and not reasonably calculated to lead to admissible evidence. Subject to, and without waiving its objection, Defendant Mutual Benefit states that all correspondence or other written statements concerning this action or its subject matter addressed to Plaintiffs are in the possession of Plaintiffs, or Plaintiffs' Counsel.

9.  Set forth the date, participants and substance of any oral conversations by, to or between any of the parties to this action, or by any party to this action with any third party, regarding the subject matter of this litigation or any material fact thereto.

*ANSWER:*  Mutual Benefit objects to Interrogatory No. 9 on the grounds that it is vague, overly broad, and unduly burdensome. Subject to, and without waiving its objection, Defendant Mutual Benefit states that all such non-privileged and non-confidential documents will be produced.

10.  State whether or not you believe that Plaintiffs failed to comply with any of the terms of the Policy, and if you believe that they did, state which terms they failed to comply with and how, if at all, Defendant was prejudiced by this failure.

*ANSWER:*  Mutual Benefit objects to Interrogatory No. 10 which seeks information privileged from disclosure. Further, Plaintiffs' contention interrogatories are premature. Subject to, and without waiving its objection, Defendant Mutual Benefit, states that Plaintiffs made fraudulent or material misrepresentation in the presentation of their claim to Defendant Mutual

- 7 -

Benefit. Such fraudulent presentment of a claim is a breach of the insurance contract rendering the insurance contract void or voidable and Plaintiffs' conduct does not comply with the terms of the policy. Moreover, based on its investigation, review of documentation and analysis of their testimony, Mutual Benefit has determined that pursuant to the terms of the policy, the Johns' entire policy must be considered void for misrepresentations, false statements, and fraudulent conduct in which the Johns have engaged with regard to the presentation of this claim. Of particular concern to Mutual Benefit is Johns' 1997 bankruptcy filing. As part of that filing, Johns listed the total value of their household items as having a value of $31,250.00. This listing was submitted to the Federal Bankruptcy Court under oath and was attested by Jerome Johns to be an accurate description of the personal property items in the household at the time of the bankruptcy filing. However, a review of the personal property inventory claims items acquired on or before 1997 far exceeds the value stated in the bankruptcy filing. Further, Mutual Benefit is concerned about discrepancies in testimony provided about the fire itself, and the claimed value of items on the inventory in relation to the testimony provided as to the actual purchase price of those items. The Mutual Benefit homeowner's policy states, in pertinent part:

**CONCEALMENT OR FRAUD**

The entire policy will be void if, whether before or after a loss, an "insured" has:

    a.    Intentionally concealed or misrepresented any material fact or circumstance;

    b.    Engaged in fraudulent conduct; or

    c.    Made false statement;

relating to this insurance

This clause is contained on page 17 of the homeowner's policy, under the heading

- 8 -

entitled Sections I- II - Conditions.

11. If you are aware of any insurance claims that either Plaintiff has ever made, for each claim, state the date that on which it was made, the insurer, the amount of the claim and the result of any claim made.

*ANSWER*: Jerome Johns testified that he made a disputed claim for an alleged theft of firearms with another carrier.

12. Describe in detail all communications between you or your agents and Plaintiffs or their agents, including but not limited to, of each communication, the mode of each communication, the identity of the participants on each occasion and the substance of each communication.

*ANSWER*: Mutual Benefit objects to Interrogatory No. 12 on the grounds that it is vague, overly broad, and unduly burdensome. Subject to, and without waiving its objection, Defendant Mutual Benefit states that in addition to the EUOs the claims file may contain reference to these conversations.

13. If you contend that there were any items of personal property that were salvaged from the Fire, or could have been salvaged, identify those items and state the full factual basis for these contentions.

*ANSWER*: No such contention at this time.

14. Identify all persons who have investigated the cause and origin of the Fire, and state the conclusions they reached.

*ANSWER*: Fire Marshal Zurillo and Mr. Kufta. Plaintiffs are in possession of Fire Marshal Zurillo's report wherein he stated the conclusions he reached. Counsel for Mutual Benefit has also investigated the cause and origin of the fire.

15. For each visit to the Property made by you or your agents or employees, whether before or after the Fire, state a) the date on which the visit occurred; b) the purpose of the visit; c) the persons at the Property during the visit; d) what occurred during the visit; e) what, if any, action was taken as a result of the visit or information obtained during the visit; and f) identify all documents (including photographs and videotapes) that relate to the visit or were created at the visit or as result of the visit).

*ANSWER*: Any such visits would be referred to in Mutual Benefit records. Mutual

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Wpdocs\CASES\Johns v Mutual Benefit\ATI.ple..doc

Benefit has no objection to making available all non-privileged records requested by plaintiffs' counsel.

16. If you deny that there was any coverage under any policy issued by Defendant for any claims arising out of the Fire, as you assert in Paragraph 3 of your Answer, state all facts which support this position.

*ANSWER:* Mutual Benefit objects to interrogatory number 16, which is overly broad and seeks information privileged from disclosure. Subject to, and without waiving its objections, Mutual Benefit incorporates the information contained in its Answer to Interrogatories one through fifteen. Mutual Benefit notes that contention interrogatories are premature.

17. State all facts which support your contention that the "Plaintiffs' Complaint fails to join parties necessary for a full and fair resolution of the Plaintiffs' claims against Defendant," as you assert in your Answer.

*ANSWER:* Mutual Benefit objects to Interrogatory No. 17 which seeks information privileged from disclosure. Further, Plaintiffs' contention interrogatories are premature.

18. State all facts which support your contention that the damages "sustained by Plaintiffs were caused by Plaintiffs' sole contributory negligence, assumption of the risk, and failure to exercise reasonable care under the existing circumstances," as you assert in your Answer.

*ANSWER:* Mutual Benefit objects to interrogatory number 18, which is overly broad and seeks information privileged from disclosure. Subject to, and without waiving its objections, Mutual Benefit incorporates the information contained in its Answer to Interrogatories one through fifteen. Mutual Benefit notes that contention interrogatories are premature.

19. State all facts which support your contention that one or both of the Plaintiffs "intentionally concealed or misrepresented a material fact or circumstance, engaged in fraudulent conduct or made false statements relating to this insurance; or engaged in fraudulent conduct or made false statements related to claims submitted to Mutual Benefit arising out of the fire of October 23, 2003," as you assert in your Answer.

*ANSWER:* Mutual Benefit objects to interrogatory number 19, which is overly broad and seeks information privileged from disclosure. Subject to, and without waiving its objections,

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Wpdocs\CASES\Johns v Mutual Benefit\ATI.ple..doc

Mutual Benefit incorporates the information contained in its Answer to Interrogatories one through fifteen. Mutual Benefit notes that contention interrogatories are premature.

20. With regard to the Personal Property Inventory referenced in the March 11, 2002 letter from William C. Parler, Jr. to Plaintiffs (hereinafter "the Inventory"), state all facts which support your assertion that the Inventory "contains items acquired on or before 1997 which far exceed the value state in your bankruptcy filing," including in your answer a list of the items you are referring to and the total value of these items claimed by Plaintiffs.

*ANSWER:* Mutual Benefit objects to interrogatory number 20, which is overly broad and seeks information privileged from disclosure. Subject to, and without waiving its objections, Mutual Benefit incorporates the information contained in its Answer to Interrogatories one through fifteen. Mutual Benefit notes that contention interrogatories are premature.

21. With regard to Defendant's "concerns" about the "discrepancies in testimony provided about the fire itself" that is referenced in the March 11, 2002 letter from William C. Parler, Jr. to Plaintiffs, state: (a) what these discrepancies are; (b) whose testimony is being referred to; and (c) why it is that this "concerns" Defendant.

*ANSWER:* Defendant, Mutual Benefit objects to Interrogatory No. 21 which seeks information privileged from disclosure. Further, Plaintiffs' contention interrogatories are premature. Subject to, and without waiving its objection, Mutual Benefit has no objection to producing transcripts of the EUO testimony.

22. With regard to Defendant's "concerns" about the "claimed value of items on the inventory in relation to testimony provided as to the actual purchase price for those items" that is referenced in the March 11, 2002 letter from William C. Parler, Jr. to Plaintiffs, state: (a) which "items on the inventory" are being referred to; (b) which "testimony provided as to the actual purchase price for those items" is being referred to and (c) why it is that this "concerns" Defendant.

*ANSWER:* Defendant, Mutual Benefit objects to Interrogatory No. 22 which seeks information privileged from disclosure. Further, Plaintiffs' contention interrogatories are premature. Subject to, and without waiving its objection, Mutual Benefit states that it has no objection to producing transcripts of the EUO testimony, and records produced by Plaintiffs

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Wpdocs\CASES\Johns v Mutual Benefit\ATI.ple..doc

prior to the EUOs.

23. If you contend that the structure that was destroyed in the Fire constitutes "personal property," state all facts which support this contention.

*ANSWER*: According to the testimony of Jerome Johns, the structure was a mobile home, and was personal property. This was confirmed my Sam Carson, the seller of the mobile home.

24. If there are any reasons for your denial of Plaintiffs' claim that have not been mentioned herein, state those reasons and the full factual basis which supports them.

*ANSWER*: Mutual Benefit objects to interrogatory number 24 which seeks attorney work product which is privileged from disclosure.

25. If you contend that the Fire was intentionally set, identify the person whom you believe set the fire, state how the fire was set and state all facts which support this contention.

*ANSWER*: Mutual Benefit contends that the fire may have been intentionally set based on witness statements and other documents privileged from disclosure as attorney work product.

26. Give a concise explanation of how you believe the fire started and state all facts that support this explanation.

*ANSWER*: See Answer No. 25, which is incorporated herein by reference. Mutual Benefit declines to provide its attorney work-product, which is privileged from disclosure.

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Wpdocs\CASES\Johns v Mutual Benefit\ATI.ple..doc

  I, Mark Russell, am **Corporate Designee** of Mutual Benefit Insurance Company, and am duly authorized by the corporation to execute these Answers to Interrogatories under oath on its behalf.  The information set forth in these Answers was collected by others, and such information is not necessarily within my personal knowledge.  However, on behalf of the corporation, I solemnly affirm under the penalties of perjury that the foregoing Answers to Interrogatories are true to the best of my knowledge, information, and belief.

                 __/s/_____
                 MUTUAL BENEFIT INSURANCE COMPANY
                 BY:  Mark Russell

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Wpdocs\CASES\Johns v Mutual Benefit\ATI.ple..doc

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16<u>th</u> day of <u>June</u>, 2003, that a copy of the aforegoing was mailed, postage prepaid, to:

    David E. Carey
    **Brown, Brown & Brown, P.A.**
    200 S. Main Street
    Bel Air, Maryland 21014
    Attorneys for Plaintiffs

                                            /s/_____
                                            WILLIAM C. PARLER, JR., Bar No. 05087
                                            **PARLER & WOBBER, L.L.P.**
                                            The Hemenway Building
                                            406 E. Joppa Road
                                            Towson, Maryland 21286
                                            (410) 832-1800
                                            Attorney for Defendant