IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME H. JOHNS, et al. | * | |
| Plaintiffs | * | Case No. JFM 03 CV 077 |
| v. | * | |
| MUTUAL BENEFIT INSURANCE COMPANY | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL DISCOVERY, MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSION OF FACTS, AND MOTION FOR SANCTIONS**

Jerome H. Johns, et ux., Plaintiffs, by their attorneys, David E. Carey and Brown, Brown and Brown, P.A., hereby reply to Defendant's Memorandum in Opposition to Motion to Compel Discovery, Motion to Determine the Sufficiency of Defendant's Response to Request for Admission of Facts, and Motion for Sanctions, and state as follows.

**I. Introduction**

On June 14, 2003, Plaintiffs filed a Motion for Order Compelling Discovery, to Determine the Sufficiency of Answer and for Sanctions against Defendant Mutual Benefit Insurance Company (hereinafter "the Motion") regarding its failure to file any response to Interrogatories and a Request for Production of Documents (hereinafter "the Discovery") that were served on March 3, 2003, and its failure to respond to one of the Requests for Admissions of Fact served on the same date. In its Reply, Defendant argues that the Motion is "entirely moot" as to the Answers to Interrogatories because

Defendant has finally served responses to the Discovery, and because Plaintiffs' failed to follow Local Rule 104.7. Defendant further argues that the Motion is moot as to the one Request for Admission of Fact that was unanswered because Plaintiffs failed to comply with Local Rule 104.8, and because Defendant finally answered the outstanding Request for Admission by filing an Amended Answer to Request for Admissions of Fact and Genuineness of Documents. Defendant is wrong on all counts, for the reasons set forth below and neither matter is moot.

## II.  Defendant's Failure to Provide Responses to the Discovery

In its Reply, Defendant argues that Plaintiffs violated Local Rule 104.7, which requires the parties to confer concerning a discovery dispute and requires the moving party to file a certificate reciting "the date, time and place of the discovery conference, the names of all persons participating therein and any issues remaining to be resolved." As the Motion, the Certification contained therein, and the Exhibit to the Motion make clear, this requirement was satisfied.

When no Answers to Interrogatories or Responses to Requests for Production of Documents had been received, on April 16, 2003, Plaintiffs' counsel telephoned Defendant's counsel in an attempt to determine when they would be received. In response to a question as to when the discovery responses would be received, Defendant's counsel at first responded by saying that a Scheduling Order had not been issued in the case. When asked again for a date by which the discovery responses would be received, Defendant's counsel stated: "We're working on them." Defendant's counsel would not advise when they would be completed. When one more week passed and no responses were received,

Plaintiffs' counsel followed up with the letter dated April 23, 2003 that is attached to the Motion. In that letter, the undersigned reiterated Defendant's obligation to respond to discovery pursuant to Rules 33 and 34, pointed out that the Plaintiffs had already fully responded to Interrogatories and a Request for Production of Documents served by Defendant, and asked Defendant's counsel to advise when the discovery would be served. In addition, counsel also advised that an extension of time to complete the discovery would be granted if it was needed. Despite the telephone conference and the letter, no response was received. This information is all set forth in the Motion and the Certification found on page 5 of the Motion. The conference requirement of Local Rule 104.7 was clearly complied with.

Defendant also claims that Plaintiffs failed to comply with Local Rule 104.8. This Rule by its very terms provides that it is not applicable "where no responses at all have been served." Plaintiffs had not received any response to the Discovery at the time of the filing of the Motion, so compliance with Rule 14.8 was not required.

Defendant also argues that because responses to the Discovery were finally served, that the Motion is now moot. Again, this is incorrect. Rule 37 (a) (4)(A) provides as follows:

> "(4) *Expenses and Sanctions.*
>     (A) If...the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure of discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

While it does appear that the Answers to Interrogatories were placed in the mail prior to the

filing of the Motion, at the time of the filing of the Motion they had not been received. The filing of the Motion was clearly necessitated by Defendant's failure to not only provide responses, but to even advise Plaintiffs' counsel when responses would be received. Plaintiffs' counsel asked Defendant's counsel to advise as to when they would be received twice, and even offered an extension of time if Defendant's counsel would so advise, but he never did. Plaintiffs' counsel clearly acted in good faith and only filed the Motion when it appeared that Defendant's counsel had no intention of attempting to resolve this dispute. Since the requested discovery was not provided until after the Motion was filed, and because Plaintiff's counsel acted in good faith in attempting to resolve the discovery dispute, and because the Defendant's failure to provide responses was not substantially justified, Plaintiffs are entitled to an award of attorney's fees regarding the filing of the Motion, and request a hearing on same.

### III. Defendant's Failure to Answer Request for Admission No. 1

Defendant served its Response to Request for Admissions of Facts and Genuineness of Documents, which is attached hereto as Exhibit A, on April 2, 2003, within 30 days of service of the Request. In its Response, it failed to admit or deny Request No. 1. The full Request and the Response state as follows:

> "1. That Mutual Benefit Insurance Company Homeowners Policy No. HO00275536 (hereinafter "the policy") was issued by Defendant to Plaintiffs and was in effect on October 23, 2001.
>
> **RESPONSE:** Mutual Benefit denies that it has any coverage obligation to the Plaintiffs in this case due to the fraud of the Plaintiffs in obtaining insurance from Mutual Benefit, and in presentation of their claim following the October 23rd, 2001 fire."

Defendant's failure to respond to this Request was also discussed in the April 16, 2003 telephone call and the April 23, 2003 letter. As with the outstanding Answers to Interrogatories, Defendant failed to provide any information as to when a response would be received, necessitating the filing of the Motion.

Defendant now argues that the Motion to Determine Sufficiency of Answer is moot because of Plaintiffs' failure to comply with Local Rule 104.8 and because Defendant has now denied the statement contained in Request for Admission of Fact No. 1. Defendant is wrong again.

First of all, Local Rule 104.8 is not applicable to a discovery dispute regarding Requests for Admission of Fact and Genuineness of Documents. That rule is applicable only to "motions to compel answers to interrogatories and requests for production of documents or entry upon land."

Secondly, Rule 36 (a) provides that a statement set forth in a Request for Admission of Fact

"is admitted unless, within 30 days after service of the request...the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or the party's attorney."

Rule 36 (a) also provides that "the answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter."

With regard to Request for Admission of Fact No. 1, the only answer served by Defendant within the 30-day period was ambiguous at best. It did not admit or deny the statement, but repeated the same exact statement denying liability that it included in every response, although every other response also expressly either admitted or denied the statement. See Exhibit A. It is Plaintiffs' position that because Defendant failed to admit or deny the statement set forth in Request for Admission No. 1, that the matter set forth therein, the effectiveness of the insurance policy on the date of the loss "is conclusively

established." Rule 36 (b). So that there would be no misunderstanding regarding this issue, and so that Defendant would not later claim that its response to Request for Admission of Fact No. 1 was actually a denial, Plaintiffs, pursuant to Rule 36 (a), moved to determine the sufficiency of this response.

The fact that Defendant has now denied the statement, two and a half months after a response was due, is irrelevant, because the Rule 36(b) does not permit responses to be filed outside this 30 day period without leave of court. Thus, the sufficiency of the answer filed by Defendant in Exhibit A is still at issue. It is Plaintiffs' position that the statement, because Defendant failed to admit or deny it within the 30 days allotted, must be deemed admitted. Plaintiffs seek a ruling on this question, which is clearly not moot.

### IV. Conclusion

While Plaintiffs' Motion is moot as to the Defendant's failure to provide Answers to Interrogatories and a Response to Plaintiffs' Request for Production of Documents, it is not moot as to Plaintiffs' request for sanctions. The Motion is also not moot as to the Plaintiffs' Motion to Determine Sufficiency of Answer. For the reasons stated herein, Plaintiffs' request an award of attorney's fees regarding the preparation and the filing of the Motion, and an Order conclusively establishing the matters set forth in Request for Admission of Fact No. 1.

      /s/
_____
David E. Carey, Bar No. 6964
Brown, Brown & Brown, P.A.
200 S. Main Street
Bel Air, Maryland 21014
(410) 838-5500/879-2220
Attorneys for Plaintiffs Jerome H. and
Constance R. Johns.