**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JEROME H. JOHNS, et ux.** | * | |
| **Plaintiffs** | * | **CASE NO.: JFM 03 CV 077** |
| v. | * | |
| **MUTUAL BENEFIT INSURANCE COMPANY** | * | |
| | * | |
| **Defendant** | | |

\* \* \* \* \*

**RESPONSE TO REQUEST FOR ADMISSIONS**
**OF FACT AND GENUINENESS OF DOCUMENT**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Mutual Benefit Insurance Company (hereinafter "Mutual Benefit") responds as follows to Plaintiffs' Request for Admissions of Fact.

1. That Mutual Benefit Insurance Company Homeowners Policy No. HO00275536 (hereinafter "the policy") was issued by Defendant to Plaintiffs and was in effect on October 23, 2001.

*RESPONSE:* Mutual Benefit denies that it has any coverage obligation to the Plaintiffs in this case due to the fraud of the Plaintiffs in obtaining insurance from Mutual Benefit, and in presentation of their claim following the October 23rd, 2001 fire.

2. That the policy provides coverage to the Plaintiffs in the event of a loss to covered property caused by fire.

*RESPONSE:* Admitted. Mutual Benefit denies that it has coverage obligation to the Plaintiffs in this case due to the fraud of the Plaintiffs in obtaining insurance from Mutual Benefit, and in presentation of their claim following the October 23rd, 2001 fire.

Mutual Benefit, and in presentation of their claim following the October 23rd, 2001 fire.

    3.   That the Defendant's liability under the Policy is limited to $164,000 in the event of a loss to Plaintiff's dwelling.

    ***RESPONSE:*** Denied.  Mutual Benefit denies that it has any coverage obligation to the Plaintiffs in this case due to the fraud of the Plaintiffs in obtaining insurance from Mutual Benefit, and in presentation of their claim following the October 23rd, 2001 fire.

    4.   That the Defendant's liability under the Policy is limited to $114,800 in the event of a loss to personal property owned by Plaintiffs.

    ***RESPONSE:*** Admitted.  Mutual Benefit denies that it has any coverage obligation to the Plaintiffs in this case due to the fraud of the Plaintiffs in obtaining insurance from Mutual Benefit, and in presentation of their claim following the October 23rd, 2001 fire.

    5.   That the Defendant's liability under the Policy is limited to $32,800 in the event of a loss of the use of the Plaintiff's dwelling or personal property.

    ***RESPONSE:*** Admitted.  Mutual Benefit denies that it has any coverage obligation to the Plaintiffs due to the fraud of the Plaintiffs in obtaining insurance from Mutual Benefit, and in presentation of their claim following the October 23rd, 2001 fire.

    6.  The genuineness of the Policy, which is attached hereto.

    ***RESPONSE:*** Mutual Benefit admits that the attached policy is authentic.  Mutual Benefit denies that it has any coverage obligation to the Plaintiffs in this case due to the fraud of the Plaintiffs in obtaining insurance from Mutual Benefit, and in presentation of their claim following the October 23rd, 2001 fire.

/s/
WILLIAM C. PARLER, JR.
Bar No. 05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 East Joppa Road
Towson, Maryland 21286
(410)832-1800
Attorney for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that in this 2nd day of April, 2003, that a copy of the aforegoing was mailed, postage prepaid to:

David E. Carey, Esq.
**BROWN, BROWN, & BROWN, P.A.**
200 South Main Street
Bel Air, MD 21014
Attorney for Plaintiffs

/s/
WILLIAM CARLOS PARLER, JR.