WCP:hyb
06/24/3
37.053-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEROME H. JOHNS, et ux.** | * | |
| **Plaintiffs** | * | **CASE NO.: JFM 03 CV 077** |
| v. | * | |
| **MUTUAL BENEFIT INSURANCE COMPANY** | * | |
| | * | |
| **Defendant** | | |
| * * * * * | | |

## AMENDED ANSWER

Mutual Benefit Insurance Company (hereinafter "Mutual Benefit") by its attorneys, William C. Parler, Jr. and Parler & Wobber, L.L.P., hereby answers the Plaintiffs' Complaint and states:

1.  After conducting reasonable inquiry, Mutual Benefit is without sufficient information to admit or deny the allegations contained in paragraph one of the Plaintiffs' Complaint.

2.  Defendant admits, in part, the allegations contained in paragraph two of Plaintiffs' Complaint; but denies that there is fire insurance for the Plaintiffs' claims under any policy written by Mutual Benefit.

3.  Mutual Benefit denies that there was any coverage under any policy issued by it for any claims arising out of the October 23rd, 2001 fire.

4.  Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph four of Plaintiffs' Complaint.

5.  Defendant denies the allegations contained in paragraph five of Plaintiffs'

Complaint.

6. Defendant denies the allegations contained in paragraph six of Plaintiffs' Complaint.

7. Defendant denies the allegations contained in paragraph seven of Plaintiffs' Complaint.

**FIRST DEFENSE**

The Plaintiffs' Complaint fails to state a claim upon which relief can be granted against this Defendant.

**SECOND DEFENSE**

The Plaintiffs' claims are barred by the principles of contributory negligence.

**THIRD DEFENSE**

The Plaintiffs' claims are barred by the principles of assumption of the risk.

**FOURTH DEFENSE**

The Plaintiffs' claims are barred by the applicable Statute of Limitations.

**FIFTH DEFENSE**

The Plaintiffs' claims are barred by the principles of res judicata and collateral estoppel.

**SIXTH DEFENSE**

The Plaintiffs' claims are barred by the principles of payment, release and accord and satisfaction.

**SEVENTH DEFENSE**

The Plaintiffs' claims are barred by the principles of estoppel, waiver, and laches.

**EIGHTH DEFENSE**

The Plaintiffs' Complaint fails to join parties necessary for a full and fair resolution of the

Plaintiffs' claims against this Defendant.

### NINTH DEFENSE

Defendant denies that it has the capacity to be sued by the Plaintiffs in this case.

### TENTH DEFENSE

Defendant denies that it is liable to Plaintiffs for a pre-judgment interest, attorney's fees, or costs incurred by Plaintiffs in bringing this suit.

### ELEVENTH DEFENSE

The fire damages, if any, sustained by Plaintiffs were caused by Plaintiffs' sole contributory negligence, assumption of the risk, and failure to exercise reasonable care under the existing circumstances.

### TWELFTH DEFENSE

Any injuries, damages, or losses, allegedly sustained by the Plaintiffs were caused by independent and/or intervening circumstances over which the Defendant had no control or involvement, the existence of any said injuries, damages, and/or losses being herein expressly denied.

### THIRTEENTH DEFENSE

No coverage is available under the terms, conditions, and exclusions and/or to the extent that the insured intentionally concealed or misrepresented any material fact or circumstance, engaged in fraudulent conduct or made false statements relating to this insurance; or engaged in fraudulent conduct or made false statements related to claims submitted to Mutual Benefit arising out of the fire of October 23rd, 2001.

### FOURTEENTH DEFENSE

The Plaintiffs made fraudulent and material misrepresentations in their application for insurance, and the Mutual Benefit Insurance policy issued to Plaintiffs is void ab initio.

### FIFTEENTH DEFENSE

There is no coverage under the Mutual Benefit insurance contract due to the fraud of the Plaintiffs, including arson.

**WHEREFORE**, this Defendant respectfully requests that the Plaintiffs' Complaint be dismissed and that the Defendant be awarded costs and attorneys' fees associated with these proceedings, and further, seeks all other relief the Court deems appropriate.

/s/
WILLIAM CARLOS PARLER, JR.
Bar No.: 05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 E. Joppa Road
Towson, Maryland 21286
(410) 832-1800
Attorney for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of June, 2003, that a copy of the aforegoing was mailed, postage prepaid, to:

David E. Carey, Esquire
**BROWN, BROWN & BROWN, P.A.**
200 South Main Street
Bel Air, Maryland 21014
Attorney for Plaintiffs

Michael T. Pate
**COVAHEY, BOOZER, DEVAN & DORE, P.A.**
Ste. 302
606 Baltimore Avenue
Towson, Maryland 21204

                                  /s/
                                WILLIAM CARLOS PARLER, JR.