IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| JEROME H. JOHNS, et ux.<br>  Plaintiffs | * |
| | * |
| and | |
| | * |
| FAIRBANKS CAPITAL CORPORATION<br>  Plaintiff/Intervenor | *   Case No.: 03-CV-77 |
| | * |
| v. | * |
| | |
| MUTUAL BENEFIT INSURANCE COMPANY<br>  Defendant | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO COMPEL ANSWERS TO INTERROGATORIES
## AND RESPONSES TO REQUEST FOR PRODUCTION

Fairbanks Capital Corporation, on behalf of Goldman-Sachs Mortgage Company, by Michael T. Pate, and Covahey, Boozer, Devan & Dore, P.A., pursuant to FED.R. Civ. Pro. 36 and 37 move for an Order compelling discovery, and in support thereof state as follows:

1. On April 22, 2003, your Plaintiff did serve upon Defendant a set of Interrogatories and a Request for Production of Documents;

2. The Scheduling Order in this case provides a discovery deadline of August 29, 2003;

3. The Defendant has an obligation to provide responses to these discovery materials within the timeframe set forth in Rules 33 and 34;

4. On June 10, 2003, the undersigned sent the attached *Exhibit A* letter to Defendant's counsel. Counsel has never received any response to this letter;

5. On June 20, 2003, the undersigned sent the attached *Exhibit B* letter to Defendant's counsel. Counsel has never received any response to this letter;

6. On July 7, 2003, the undersigned counsel sent the attached *Exhibit C* letter which, in Paragraph 1, was requesting the discovery materials;

7. That a conference among counsel was scheduled to discuss discovery issues on August 16, 2003 at the Law Offices of Parler & Wobber, LLP;

8. Ioannis Laskaris, Esq., appeared as a counsel for the Defendant. He could not advise why the discovery had not been provided. He stated that the undersigned should receive the materials "next week";

9. It is now almost two months after the discovery responses were due and six weeks before the discovery deadline. The undersigned has never received an explanation of reason(s) why the discovery could not be provided in a timely fashion. The undersigned is prejudiced by the failure to provide discovery since depositions must now be noted and taken in the case;

10. Counsel has used Defendant's Responses to Plaintiffs Johns' discovery to note deposition(s) in the case. The first defense witness to be deposed is a corporate designee, now scheduled August 15, 2003; and

11. The undersigned needs the requested discovery materials to prepare for deposition(s). The undersigned may need to note additional deposition(s) based upon Defendant's discovery responses.

WHEREFORE, Plaintiff respectfully requests that:

a. The Court issue an Order compelling Defendant to immediately provide full and complete responses to Plaintiff's Interrogatories and Request for Production;

b. Extend the discovery deadline in the case to permit Plaintiff to depose witnesses identified in said responses;

c. The Court order the Defendant to pay the reasonable counsel fees incurred by Plaintiff in the preparation and filing of this Motion; and

d. The Court grant Plaintiff such other and further relief as the nature of its cause requires.

                /s/
MICHAEL T. PATE
Covahey, Boozer, Devan & Dore, P.A.
606 Baltimore Avenue, Suite 302
Towson, MD  21204
410-828-5525, Ext. 813
Attorney for Fairbanks Capital Corporation
 On Behalf of Goldman-Sachs Mortgage Corp.

**CERTIFICATION OF GOOD FAITH ATTEMPTS TO RESOLVE DISPUTE**

I HEREBY CERTIFY that I sent the attached three (3) letters dated June 10, 2003, June 20, 2003, and July 7, 2003, respectively, in an effort to secure discovery without Court action. I further certify that on July 16, 2003 I attended a conference of counsel at the Law Offices of Parler & Wobber, LLP, in an effort to secure the discovery without Court action. On that date, I advised Ioannis Laskaris, Esq., counsel for the Defendant, that given the current discovery deadline of August 29, 2003, I needed the discovery responses immediately. I was told that the responses had been "drafted" and that I should receive the materials "next week". I informed Mr. Laskaris that unless he could provide a satisfactory explanation of why I had not received the responses, I would have no choice but to file a Motion to Compel. No explanation was provided.

                                                      /s/
MICHAEL T. PATE
Covahey, Boozer, Devan & Dore, P.A.
606 Baltimore Avenue, Suite 302
Towson, MD  21204
410-828-5525, Ext. 813
Attorney for Fairbanks Capital Corporation
 On Behalf of Goldman-Sachs Mortgage Corp.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 17th day of July 2003, a copy of the foregoing *Motion to Compel* was e-filed and/or mailed first class to:

David E. Carey, Esq.
Brown, Brown & Brown, P.A.
200 S. Main Street
Bel Air, MD  21014
Attorney for Plaintiff Johns

and

William C. Parler, Jr., Esq.
Parler & Wobber, LLP
406 E. Joppa Road
Towson, MD  21286
Attorney for Defendant Mutual Benefit

       /s/
MICHAEL T. PATE
Covahey, Boozer, Devan & Dore, P.A.
606 Baltimore Avenue, Suite 302
Towson, MD  21204
410-828-5525, Ext. 813
Attorney for Fairbanks Capital Corporation
 On Behalf of Goldman-Sachs Mortgage Corp.

kcr030721