IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME H. JOHNS, et ux. | * | |
| Plaintiffs | * | Case No. JFM 03 CV 077 (Bredar) |
| and | * | |
| FAIRBANKS CAPITAL CORPORATION | * | |
| Intervenor | * | |
| v. | * | |
| MUTUAL BENEFIT INSURANCE COMPANY | * | |
| Defendant | * | |

\* \* \* \* \* \* \*

**JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY**

Plaintiffs Jerome H. Johns and Constance Johns, by their attorneys, David E. Carey and Brown, Brown and Brown, P.A., and Fairbanks Capital Corporation, on behalf of Goldman Sachs Mortgage Company, move for an extension of time to complete discovery, and in support thereof state as follows.

1. The subject of this litigation is a claim for the proceeds of a homeowners insurance policy issued by Defendant Mutual Benefit Insurance Company as a result of a fire that destroyed the dwelling of Plaintiffs Jerome and Constance Johns (hereinafter "the Johnses"), on or about October 23, 2001. An additional Plaintiff who has intervened in this action is Fairbanks Capital Corporation, on behalf of Goldman Sachs Mortgage Company, (hereinafter "Fairbanks Capital"), whose interest in this case is based on their status as the Johns' mortgagee.

2. Despite the fact that initial discovery was served in this case shortly after the original

Scheduling Order was issued, for the reasons set forth herein, the parties will be unable to complete depositions prior to the discovery deadline of August 29, 2003.  The main reason for this is Defendant's failure to provide discovery responses to both Plaintiffs in a timely fashion, despite the clear language of the Rules, numerous inquiries from counsel and the filing of three different Motions to Compel. Among other things, Plaintiffs have not received the reports of any of the five expert witnesses whom Defendant has stated it will call, nor have they have been advised of the subject matter of the information possessed by the two fact witnesses who Defendant has identified. Plaintiffs believe that they are entitled to this information, compliance with Rule 26(a)(2), and full and complete responses to Interrogatories and Requests for Production of Documents before taking depositions of Defendant's witnesses.  Despite numerous protestations by counsel, the filing of Motions to Compel and the holding of a discovery conference, there is no indication that all of this critical information is forthcoming.

    3. Plaintiff Jerome Johns served Interrogatories on Defendant on March 3, 2003, the same date that the Johnses served a Request for Production of Documents on Defendant. When responses had not been received, on April 16, 2003, counsel for the Johnses, David E. Carey, Esq., telephoned William C. Parler, Esq., counsel for Defendant, to discuss the outstanding discovery responses. When pressed for a date by which the discovery responses would be received, Mr. Parler stated: "We're working on them." Mr. Parler would not advise when they would be served.  As a follow-up to this telephone conversation, Mr. Carey forwarded a letter to Mr. Parler on April 23, 2003.  A copy of this letter is attached. In that letter, Mr. Parler was asked to provide a date on which the discovery would be served.  In addition, he was advised that an extension of time to complete the discovery would be granted if it was needed.

Despite this letter, no response was received from Mr. Parler at all.

    4. Defendant's Answers to Interrogatories were finally received by Plaintiffs on June 16, 2003, two days after a Motion to Compel was filed by the Johns. The Response to Request for Production of Documents was then received on June 18, 2003. Unfortunately, these responses were woefully inadequate and are the subject of a pending Motion to Compel. In an attempt to obtain full and complete discovery responses so that Plaintiffs could determine what depositions needed to be taken, on June 20, 2003, Mr. Carey wrote to Mr. Parler advising that Answers to Interrogatories Nos. 2, 3, 4, 5, 8, 9, 12, 15, 17, 18, 19, 21, 22, 24, 25 and 26 and Response to Request for Production of Documents Nos. 5, 6, 7, 8, 9, 10 and 11 were insufficient, setting forth the reasons therefore. A copy of this letter is attached. In that same letter, Mr. Carey asked Mr. Parler to either provide supplemental responses or call to discuss the issues set forth in the letter. In that letter, Mr. Carey also stated "I will be happy to come to your office and meet with you to discuss any of these matters."

    5. No call was received from Mr. Parler, but on June 24, 2003, Defendant served Supplemental Answers to several Interrogatories, but these Supplemental Answers did not address most of the issues raised in the June 20, 2003 letter, and in some cases were incomplete or insufficient themselves. Another letter was sent to Mr. Parler on July 1, 2003, a copy of which is attached hereto, in which Mr. Carey stated: "I reiterate my request to discuss the issues raised herein by telephone or at your office. I wait to hear from your in this regard."

    6. No call was received from Mr. Parler, but on June 26, 2003, Plaintiffs received Defendant's Rule 26(a)(2) Disclosure of Expert Testimony. This Disclosure listed five different expert witnesses

whom Defendant intended to call, but the Disclosure did not comply with Rule 26(a)(2) because it did not contain: a) a written report prepared and signed by the witness; b) a complete statement of all opinions to be expressed and the basis therefore; c) the data or other information considered by each; d) the exhibits to be used as a summary or support for each opinion; e) the qualifications of each; f) a list of all publications authored by the witness within the preceding ten years; g) the compensation to be paid to the witness for the study and testimony; or h) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years, all of which are required by Rule 26(a)(2)(B).

    7. On July 2, 2003, Mr. Carey again wrote to Mr. Parler, advising that the Disclosure of Expert Testimony was incomplete and insufficient. A copy of this letter is attached hereto. In this letter, Mr. Carey stated: "Due to the number of outstanding issues regarding your client's discovery, I think it would be best for us to meet to discuss these matters. Please let me know when you are available. I will be happy to come to your office for this purpose."

    8. On July 3, 2003, Mr. Carey wrote to Mr. Parler again to advise that Defendant had failed to serve any response to Supplemental Interrogatory No. 27, which had been served on Defendant on April 7, 2003. A copy of this letter is attached hereto. In the letter, Mr. Carey stated: "Because of the number of outstanding issues regarding your client's discovery, including its failure to Answer Supplemental Interrogatory No. 27, I hereby reiterate my request to meet to discuss all of these issues. As stated before, I will be happy to come to your office for this purpose. Please let me know when you available to do so."

9. Having received no response to any of these letters, and with the thirty day deadline for filing a Motion to Compel regarding inadequate responses approaching, on July 11, 2003 at 10:18 a.m., Mr. Carey telephoned Mr. Parler's office in an attempt to speak with him regarding these issues. Mr. Carey was told that Mr. Parler, was not available, but an associate of his, Ioannis Laskaris, Esq., called back. At this time, Mr. Carey and Mr. Laskaris scheduled a discovery conference for July 16, 2003 at 2:30 p.m. to discuss all outstanding discovery issues. Mr. Laskaris advised that Mr. Parler would be present at this meeting.

10. When counsel arrived at the discovery conference, Mr. Laskaris advised that "something had come up" and that Mr. Parler would not be in attendance, although he was apparently in the building. Counsel then reviewed the Johns' objections to Defendant's Answers to Interrogatories No. 2, 3, 4, 5, 8, 9, 12, 14, 15, 18, 19, 20, 21 22, 24, 25 and 26, Defendant's Response to Request for Production of Documents Nos. 5, 6, 7, 8, 9, 10 and 11, and Defendant's Rule 26(a)(2) Disclosure of Expert Testimony. Mr. Laskaris did not respond to any of these issues, as he was apparently without any authority to do so. Nothing was resolved at the discovery conference, and there was no substantive discussion regarding the discovery disputes. Counsel for Plaintiffs simply reiterated their respective positions regarding the discovery and Mr. Laskaris listened. The discovery conference was essentially a waste of time. On that same date, July, 16, 2003, Plaintiff served its Motion to Compel Answers to Interrogatories, Responses to Request for Production of Documents and Compliance with Rule 26(a)(2) and Memorandum in support thereof, and filed with the Court its Notice of Service of Motion to Compel. Pursuant to Local Rule 104.8a, Defendant has 14 days to file a response. Thus, it is not likely that this matter will be

resolved for at least two weeks.

11. Mr. Parler has been similarly unresponsive to the discovery served by Fairbanks Capital. Plaintiffs hereby incorporate Fairbanks Capital's Motion to Compel Answers to Interrogatories and Responses to Request for Production of Documents, filed on July 17, 2003. This Motion explains that discovery was served on Defendant on April 22, 2003, and despite three letters to Mr. Parler, no responses at all have been received.

12. Defendant's failure to provide full and complete discovery responses, and in the case of Faribanks Capital, any responses at all, is especially vexing because the Johns have been extremely compliant in providing discovery to Defendant, both before and after the initiation of litigation. Prior to the litigation, the Johnses and their two children gave examinations under oath to Mr. Parler, and provided dozens of documents to him while Defendant was determining whether or not to pay the claim. These examinations were extremely thorough; in fact, the transcript of Jerome Johns' deposition encompasses more than 300 pages. In addition, the Johns provided full and complete Answers to Interrogatories and Responses to Request for Production of Documents to Defendant on February 27, 2003, to which Defendant did not assert any insufficiency. In fact, Defendant served upon the Johnses 38 separate requests for production of documents, in violation of Local Rule 104.1 which limits the number of requests to 30, but in an attempt to establish a compliant, cordial relationship with counsel regarding discovery, the Johnses provided responses to all 38 requests served on each, or a total of 76 responses. Plaintiffs also served their Rule 26(a)(2) Disclosure of Expert Testimony when required and included all of the information required by the Rule. Plaintiffs have fully complied with all of their discovery

obligations without a single objection by Defendant.

13. The Defendant has already noted the depositions of the Johnses and their expert, Ronald Benfield, and they are scheduled for August 4, 6 and 21, respectively. Despite the utter lack of cooperation exhibited by Defendant in this case, the Plaintiffs have agreed to the scheduling of these depositions so as not to run afoul of Local Rule 104.3 which requires discovery to proceed despite the existence of a dispute. But the result is extremely unfair. After these depositions, Defendant will have all of the discovery that it has sought from Plaintiffs, including extensive pre-litigation discovery. Plaintiffs, on the other hand, will have very little discovery despite diligently pursuing same, and if they are forced to conclude discovery on August 29, 2003, they will have to take depositions of both fact and expert witnesses without any of the materials they are entitled to under the Rules. And even if the Defendant suddenly decides to comply with the Rules and provides all of the discovery to which the Plaintiffs are entitled, there is still not sufficient time for the scheduling of the necessary depositions, because of the trial schedules of counsel.

14. Fortunately, there is ample time between the discovery deadline of August 29 and the February 23, 2004 trial date so that the discovery deadline can be extended without affecting the trial date, pretrial conference or deadline for submitting the pre-trial order. All counsel, including counsel for Defendant, has agreed to a modification of the Scheduling Order in this case as follows:

| Event | Current Date | Proposed Date |
|---|---|---|
| Discovery deadline/ submission of status report | August 29, 2003 | October 31, 2003 |
| Requests for admission | September 8, 2003 | November 10, 2003 |

| Dispositive pretrial motions deadline | September 26, 2003 | November 24, 2003 |
|---|---|---|
| Deadline for Daubert/Kumho motions | December 1, 2003 | December 15, 2003 |
| Deadline for submitting pre-trial order, proposed voir dire, proposed jury instructions, and proposed special verdict forms | February 2, 2004 | same |
| Pretrial conference | February 17, 2004 | same |
| Jury trial | February 23-26, 2004 | same |

This modified schedule will provide ample time for Plaintiffs to obtain the discovery to which they are entitled prior to deposing Defendant's witnesses, regardless of whether this information is provided by Defendant voluntarily or by pursuant to a forthcoming court order.

**WHEREFORE**, Plaintiffs respectfully request that the Court extend the time for completion of discovery as provided herein.

/s/
David E. Carey, Bar No. 6964
Brown, Brown & Brown, P.A.
200 S. Main Street
Bel Air, Maryland 21014
(410) 838-5500/879-2220
Attorneys for Jerome and Constance Johns


/s/
Michael T. Pate
Covahey, Boozer, Devan and Dore, P.A.
606 Baltimore Avenue, Suite 302
Towson, Maryland 21204
(410) 828-5525 ext. 813
Attorney for Fairbanks Capital Corporation