# BROWN, BROWN & BROWN, P.A.

*Attorneys at Law*
**200 SOUTH MAIN STREET**
**BEL AIR, MARYLAND 21014**

**A Professional Association of**
**Trial, Business and Personal Lawyers**

April 23, 2003

T. CARROLL BROWN
AUGUSTUS F. BROWN
ALBERT J A. YOUNG

HAROLD DOUGLAS NORTON
JACQUELINE A. DELISLE
DAVID E. CAREY
MICHAEL D. SCHROCK

A. FREEBORN BROWN (1915-1998)

PARALEGAL STAFF:

SANDRA K. WHEELER
JENNY M. YOUNG

_____

410-838-5500
410-879-2220
410-893-0402 - FAX

William C. Parler, Jr., Esquire
Parler & Wobber
The Hemenway Building
406 E. Joppa Rd.
Towson, Maryland 21286

      Re: Johns v. Mutual Benefit Insurance Company
          United States District Court Case No.: JFM 03-CV-077 (Magistrate Judge Bredar)

Dear Mr. Parler:

    I am writing to follow up on our conversation on April 16, 2003 regarding the outstanding Interrogatories and Request for Production of Documents served upon your client. As you know, the documents were served on or about March 3, 2003, along with Plaintiffs' Request for Admissions of Fact and Genuineness of Documents. While you provided responses to the Request for Admissions of Fact and Genuineness of Documents, as of today's date no response has been received to the Interrogatories or Request for Production of Documents. Furthermore, you indicated during our telephone conversation that there was no Scheduling Order issued in this case. Regardless of the existence of a Scheduling Order, your duty to respond to discovery is clearly set forth in Rules 33 and 34, which require responses within thirty days. Furthermore, I should point out that your client has already served Interrogatories and a Request for Production of Documents on my client, to which we fully responded.

    The purpose of this letter is to advise you that your response to my question as to when the discovery responses would be received, "we're working on them" is not satisfactory. If you need additional time to complete the discovery responses, please advise and I will happy to grant a reasonable extension. If I do not hear from you by the close of business on Friday, May 2, 2003, I will file a Motion to Compel with regard to the outstanding responses. This letter is written in compliance with Rule 37(a)(2) in an attempt to resolve a discovery dispute.

William C. Parler, Jr., Esquire
April 23, 2003
Page 2

      In addition, I direct your attention to your Response to Request For Admissions of Fact and Genuineness of Documents. Specifically, in Number 1, you do not state whether you admit or deny the statement. You do include the same sentence denying liability under the Complaint that you used in Response to all six of the Requests, but an actual statement of admission or denial is not included. Please also advise as to whether or not you admit or deny Statement No. 1.

                                            Sincerely,

                                            /s/
                                            David E. Carey

DEC:dlg