# BROWN, BROWN & BROWN, P.A.

*Attorneys at Law*
**200 SOUTH MAIN STREET**
**BEL AIR, MARYLAND 21014**

**A Professional Association of**
**Trial, Business and Personal Lawyers**

T. CARROLL BROWN
AUGUSTUS F. BROWN
ALBERT J A. YOUNG

HAROLD DOUGLAS NORTON
JACQUELINE A. DELISLE
DAVID E. CAREY

A. FREEBORN BROWN (1915-1998)

PARALEGAL STAFF:

SANDRA K. WHEELER
JENNY M. YOUNG

_____

410-838-5500
410-879-2220
410-893-0402 - FAX

June 20, 2003

William C. Parler, Jr., Esquire
Parler & Wobber, L.L.P.
406 E. Joppa Rd.
Towson, Maryland 21286

      Re: *Johns v. Mutual Benefit Insurance Co.*, United States District Court for the District of Maryland Case No. JFM 03 CV 077

Dear Mr. Parler:

    I am writing in response to the Answers to Interrogatories and Response to Request for Production of Documents which I recently received. It appears that a significant number of the Answers which your client provided are insufficient for the reasons stated below.

    <u>Answer to Interrogatory No. 2:</u> Your client was asked to identify each person, other than expert witnesses, who have "discoverable information that tends to support a position that you have taken or intend to take in this action and state the subject matter of the information possessed by that person." Your client identified six people, but did not state the subject matter of the information possessed by any of them. While this information may be obvious as to some of the persons named, it is not as to others. Your client also did not provide a last known address or business affiliation for Donna Patterson. Since your client did not make a timely objection to this Interrogatory, any objection is waived. Fed. R. Civ. Pro. 33(b)(4). Please provide the requested information.

    <u>Answer to Interrogatory No. 3:</u> Your client's answer indicated that Mr. Ryden's curriculum vitae and report were attached. They were not. Please forward Mr. Ryden's curriculum vitae and report at your earliest convenience.

    <u>Answer to Interrogatory No. 4:</u> Your client was asked to identify the documents which support any position it intends to take in this action and with regard to any such documents, "provide a brief description, by category and location...and identify all persons having

William C. Parler, Esq.
June 20, 2003
Page 2

possession, custody or control of them." In its answer, your client stated that it may rely upon any of the documents in its claims file. This answer is not sufficient. Furthermore, your client's answer does not comply with Rule 26(b)(5) and Discovery Guideline 9c regarding claims of privilege. Please provide the description that was requested for all applicable documents.

<u>Answer to Interrogatory No. 5</u>: Your client was asked to identify any statements made by Plaintiffs, their agents, etc. which you claim constitute admissions with regard to any issue in this case. Your client's answer states that it "reserves the right to use any admissions of Plaintiffs in their dealings with Mutual Benefit, or contained in their examination under oath or deposition testimonies." It is precisely because your client intends to use such statements that this information is requested. Your client was asked to identify these statements by specifying the speaker, the content of the statement, the date time and place of the statement and the names and addresses of others who heard the statement. Since your client did not make a timely objection to this Interrogatory, any objection is waived. Fed. R. Civ. Pro. 33(b)(4). Please provide the requested information.

<u>Answer to Interrogatory No. 8</u>: Your client was asked to identify all correspondence or other written statements concerning this action or its subject matter between the parties to this case. Your client responded by stating that all such documents are in my possession or my clients' possession. This is not responsive to the interrogatory. To make it easier for your client, I will limit the interrogatory to those documents created or prepared after the date of the loss and before suit was filed. I understand that there were significant communications during this time between my clients and your client. I may, indeed, have copies of all such communications, but I do not know for certain; this is why the interrogatory is necessary. Please identify all such documents or communications, as requested.

<u>Answer to Interrogatory No. 9</u>: Your client was asked to provide information about oral communications involving parties to this action. Your client's response was that "all such non-privileged and non-confidential documents will be produced." The interrogatory did not ask for documents, but for a description of oral communications involving the parties. Please provide the information requested.

<u>Answer to Interrogatory No. 11</u>: Your client was asked to provide information regarding any other insurance claims that Plaintiffs have made. Your client's response referenced Mr. Johns' testimony about one prior claim. If your client has any further information about this claim or further information is learned about this claim, this Answer should be immediately supplemented.

<u>Answer to Interrogatory No. 12</u>: Your client was asked to describe communications between your client, its agents and Plaintiffs and provide information regarding these communications. Your client's response states that in addition to my clients' examinations

William C. Parler, Esq.
June 20, 2003
Page 3

under oath "the claims file may contain reference to these conversations." Again, this statement is not responsive to the interrogatory. Since the claims file contains references to these conversations, it should not be difficult for your client to provide descriptions of these communications. Please do so.

    Answer to Interrogatory No. 15: Your client was asked to provide information regarding its visits to the subject property. Your client's answer was that it would make non-privileged records available to Plaintiffs' counsel. Again, this statement is not responsive to the interrogatory. Pursuant to Rule 33 (d), if your client believes that the answer to the interrogatory may be derived or ascertained from its business records, and it wishes to produce business records in response to the interrogatory, it may do so, provided "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." However, if your client chooses to do so, according to Rule 33 (d), the records "shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained." Furthermore, it is likely that some of the information requested in this interrogatory is not going to be found in these records, such as the purpose of the visits and what action was taken as a result of each visit. Therefore, if your client chooses to produce business records in response to this interrogatory, it is likely that a written answer will be also be necessary. Your client also responded by stating that "contention interrogatories are premature." Please also provide me with the legal authority for this position.

    Answer to Interrogatory No. 17: Your client was asked to state the factual basis for one of the defenses it asserted in its Answer, failure to join a necessary party. Your client responded by objecting to the interrogatory because the interrogatory allegedly seeks privileged information and because "contention interrogatories are premature." Privileged information is not sought here, only the identification of facts which support this defense. Furthermore, your client's answer does not comply with Rule 26(b)(5) and Discovery Guideline 9 c regarding claims of privilege. Please also provide me with the legal authority for your position that "contention interrogatories are premature."

    Answer to Interrogatory No. 18: Your client was asked to state the factual basis for its assertion that the damages sustained by Plaintiffs "were caused by Plaintiffs' sole contributory negligence, assumption of the risk and failure to exercise reasonable care under the existing circumstances." Your client responded by incorporating its Answers to Interrogatories 1- 5. I have carefully reviewed your client's Answers to Interrogatories 1-15 and find nothing responsive to this interrogatory. If it is indeed your client's position that contributory negligence, assumption of the risk and failure to exercise reasonable care are defenses to my clients' claim, please set forth all facts which support this assertion. If this is not a defense that your client is asserting, please advise as well. Furthermore, your client's answer does not comply with Rule 26(b)(5) and Discovery Guideline 9c regarding claims of privilege.

William C. Parler, Esq.
June 20, 2003
Page 4

   Answer to Interrogatory No. 19:  Your client was asked to state the factual basis for its assertion that one or both of the Plaintiffs "intentionally concealed or misrepresented a material fact or circumstance, engaged in fraudulent conduct or made false statements relating to this insurance; or engaged in fraudulent conduct or made false statements related to claims submitted to Mutual Benefit arising out of the fire of October 23, 2001."  Your client responded by incorporating its Answers to Interrogatories 1 - 15. I have carefully reviewed your client's Answers to Interrogatories 1 - 15 and find nothing responsive to this interrogatory except for some language in Answer to Interrogatory No. 15. That Answer merely reiterates the assertion that Plaintiffs acted fraudulently, and cites a) the fact that in a 1997 bankruptcy filing Mr. Johns listed household items having a value of $31,250 and that the personal property inventory in this case "far exceeds" that amount; b) alleged discrepancies in testimony about the fire itself; and c) alleged discrepancies between the claimed value of items on the personal property inventory and the actual purchase price.  This Interrogatory requires your client to explain what the discrepancies are regarding the fire and the value of the items claimed.  It is not sufficient for your client to simply say there are discrepancies and no more.  We are entitled to know what the facts are that your client claims lead to these discrepancies. Furthermore, your client's answer does not comply with Rule 26(b)(5) and Discovery Guideline 9c regarding claims of privilege.  Please provide the requested information.

   Answer to Interrogatory No. 21:   Your client was asked to provide facts about the alleged "discrepancies in testimony provided about the fire itself."  Your client responded by saying it would produce a transcript of the examination under oath.  The interrogatory does not request a copy of the examination under oath and such an answer is not responsive to the interrogatory.   The interrogatory directs your client to identify what the alleged discrepancies are, whose testimony you are referring to and why these discrepancies "concern" your client, as it previously stated. Your client has failed to provide any such information. Furthermore, your client's answer does not comply with Rule 26(b)(5) and Discovery Guideline 9c regarding claims of privilege. Please provide the requested information.

   Answer to Interrogatory No. 22:   Your client was asked to provide facts about the alleged discrepancies regarding the "claimed value of items on the inventory in relation to testimony provided as to the actual purchase price for those items," including which items were being referred to, and whose testimony was being referred to.  Your client failed to answer these questions, but offered to produce a transcript of the examination under oath and other documents. That is not what the interrogatory requests. Plaintiffs are entitled to know which items your client is referring to and whose testimony. Furthermore, your client's answer does not comply with Rule 26(b)(5) and Discovery Guideline 9c regarding claims of privilege.  Please also provide me with legal authority for your position that "contention interrogatories are premature."

   Answer to Interrogatory No. 24:   Your client was asked to state any other reasons for its

William C. Parler, Esq.
June 20, 2003
Page 5

denial of the Plaintiffs' claim other than those reasons set forth elsewhere in the Answers to Interrogatories. Your client objected based on attorney work product. If there are additional reasons for denial of the claim that your client may assert at trial, this is clearly not attorney work product, and Plaintiffs are entitled to know. Furthermore, your client's answer does not comply with Rule 26(b)(5) and Discovery Guideline 9c regarding claims of privilege. Please provide the requested information.

Answer to Interrogatory No. 25: Your client was asked to identify the person who it believes set the fire, how it was set and all facts which support this position. Your client responded by referencing unidentified witness statements and "other documents privileged from disclosure." Plaintiffs are clearly entitled to know your client's position as to who set the fire and the facts that support this position. Furthermore, your client's answer does not comply with Rule 26(b)(5) and Discovery Guideline 9c regarding claims of privilege. Please provide the requested information.

Answer to Interrogatory No. 26 : Your client was asked for its position as to how it believes the fire started and to identify the facts that support it. Your client responded by incorporating its Answer to Interrogatory No. 25, which does not provide this information, and asserting the "attorney work-product privilege." Plaintiffs are clearly entitled to know your client's position as to how the fire was set and the facts that support this position. Furthermore, your client's answer does not comply with Rule 26(b)(5) and Discovery Guideline 9c regarding claims of privilege. Please provide the requested information.

Response to Request for Production of Documents No. 5: Rule 34 (a) requires your client to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Your client's response does not state whether or not inspection and related activities, such as copying, will be permitted. Please advise.

Response to Request for Production of Documents No. 6: Rule 34 (a) requires your client to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Your client's response does not state whether or not inspection and related activities, such as copying, will be permitted. Please advise.

Response to Request for Production of Documents No. 7: Rule 34 (a) requires your client to "state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated." Your client's response does not state whether or not inspection and related activities, such as copying, will be permitted. Please advise.

William C. Parler, Esq.
June 20, 2003
Page 6

<u>Response to Request for Production of Documents No. 8</u>: Your client's response does not comply with Rule 26(b)(5) and Discovery Guideline 9c. Please respond to this Request in manner that complies with the Rules.

<u>Response to Request for Production of Documents No. 9</u>: Your client's response does not comply with Rule 26(b)(5) and Discovery Guideline 9c. Please respond to this Request in manner that complies with the Rules.

<u>Response to Request for Production of Documents No. 10</u>: Your client's response does not comply with Rule 26(b)(5) and Discovery Guideline 9c. Please respond to this Request in manner that complies with the Rules.

<u>Response to Request for Production of Documents No. 11</u>: Your client's response does not comply with Rule 26(b)(5) and Discovery Guideline 9c. Please respond to this Request in manner that complies with the Rules.

Please call me to discuss these issues, or provide supplemental responses no later than July 7, 2003. I will be happy to come to your office and meet with you to discuss any of these matters, provided the meeting occurs no later than July 11, 2003, as any Motion to Compel must be filed by July 16, 2003.

I look forward to hearing from you shortly.

Sincerely,

David E. Carey

cc: Michael T. Pate, Esquire