# BROWN, BROWN & BROWN, P.A.

*Attorneys at Law*

**200 SOUTH MAIN STREET
BEL AIR, MARYLAND 21014**

A Professional Association of
Trial, Business and Personal Lawyers

T. CARROLL BROWN
AUGUSTUS F. BROWN
ALBERT J.A. YOUNG

HAROLD DOUGLAS NORTON
JACQUELINE A. DELISLE
DAVID E. CAREY

A. FREEBORN BROWN (1915-1998)

PARALEGAL STAFF:

SANDRA K. WHEELER
JENNY M. YOUNG

_____

410-838-5500
410-879-2220
410-893-0402 - FAX

July 1, 2003

William C. Parler, Jr., Esquire
Parler & Wobber, L.L.P.
406 E. Joppa Rd.
Towson, Maryland 21286

      Re: *Johns, et al., v. Mutual Benefit Insurance Co.*, United States District Court for the District of Maryland Case No. JFM 03 CV 077

Dear Mr. Parler:

  I am writing with regard to the Supplemental Answers to Interrogatories recently served by you, the insurance application, photographs and policy that were provided and other matters. To the extent that these documents were provided for the purpose of remedying the deficiencies contained in the previously served Answers to Interrogatories and Response to Request for Production of Documents, my response is as follows.

  <u>Supplemental Answer to Interrogatory No. 2</u>: Laura Cox and Edna Maines are listed; however, you have failed to state the subject matter of the information possessed by these two persons. You have also failed to properly identify them by not including their home and business telephone numbers. Please provide this information, in addition to the information requested in my letter dated June 20, 2003.

  <u>Supplemental Answer to Interrogatory No. 3</u>: The Supplemental Answer fails to properly identify Donna Patterson by not providing her last known address and business affiliation. The Answer also fails to provide a summary of the grounds for each opinion which she will offer. Please provide this information, in addition to the information requested in my letter dated June 20, 2003.

  <u>Supplemental Answer to Interrogatory No. 4</u>: This Answer was supplemented simply by adding that "Interrogatory Answers have been previously identified in the answers." The Answer

William C. Parler, Esq.
July 1, 2003
Page 2

continues to be insufficient for the reasons stated in my letter dated June 20, 2003.

    Supplemental Answer to Interrogatory No. 8: This Answer was supplemented simply by adding that "Additional underwriting records have been produced." The Answer continues to be insufficient because it asks your client to identify all correspondence or other written statements concerning this action or its subject matter between the parties to this case. While the production of the application, the photographs and the policy are acknowledged, your client still has not identified the documents as requested.

    Supplemental Answer to Interrogatory No. 12: The Supplemental Answer simply repeats the original Answer. No supplemental information is included. This Answer continues to be insufficient for the reasons stated in my letter dated June 20, 2003.

    Answer and Supplemental Answer to Interrogatory No. 14: The original Answer and the Supplemental Answer fail to state the conclusions reached by Fire Marshal Zurolo and Mr. Kufta, as is requested. Please provide this information.

    Answer and Supplemental Answer to Interrogatory No. 20: The Interrogatory asks for specific facts to be identified which support your assertion that the Inventory "contains items acquired on or before 1997 which far exceed the value stated" in Plaintiff's bankruptcy filing, and asks for a list of the items that you are referring to and the total value of these items claimed by Plaintiffs. The original Answer incorporated Answers to Interrogatories 1- 15. These Answers do not provide the information requested. The Supplemental Answer simply incorporates the Examination Under Oath and exhibits thereto, which is clearly not responsive to the Interrogatory, which asks for specific information. In addition, the Answer and Supplemental Answer do not comply with Rule 26(b)(5) and Discovery Guideline 9c regarding claims of privilege. In addition, you have asserted that "contention interrogatories are premature" but provided no authority for this proposition. Please provide the requested information.

    Supplemental Answer to Interrogatory No. 21: The Supplemental Answer merely incorporates the exhibits to the Examinations Under Oath. This does not cure the insufficiencies with this Answer that were detailed in my letter dated June 20, 2003.

    I reiterate my request to discuss the issues raised herein by telephone or at your office. I wait to hear from you in this regard.

    Furthermore, I received your Notices of Deposition for my clients and their children. Rather than unilaterally scheduling depositions without regard for the schedules of the deponents or other counsel, I request that you comply with Discovery Guideline 4a, which provides that "Attorneys are expected to make a good faith effort to coordinate deposition dates with opposing counsel, parties, and non-party deponents, prior to noting a deposition."

William C. Parler, Esq.
July 1, 2003
Page 3

    After receiving your Notices, Mr. Pate and I contacted your office in an attempt to speak with you. You were apparently not available, as we were referred to your assistant, Phillip. Based on our conversation with Phillip, it is my understanding that you will be taking the depositions of Mr. and Mrs. Johns and their children on August 4 and the afternoon of August 6. Please advise as to which depositions will be taken on which dates.

    Phillip and I also discussed scheduling the deposition of Plaintiffs' expert, Ronald Benfield. Phillip suggested August 8. As I stated in a message I left for Phillip on June 27, 2003, Mr. Benfield is not available on August 8 and has asked that his deposition be scheduled in the last two weeks of August. Please provide me with dates on which you are available during that time. Mr. Benfield has also requested that the deposition be held in Bel Air. Please advise if this is acceptable.

    In addition, Plaintiffs wish to take the deposition of Defendant, Gerald Kufta, Deputy Fire Marshall Zurolo, Greg Rhinehart, Pat Bonanni, Donna Patterson, Laura Cox, Edna Maines, Martin King, Brad Ryden and Sam Carson. Depositions of some of these parties may not be necessary if supplemental discovery is provided in accordance with my June 20, 2003 letter and this letter. Please provide me with dates that you are available for depositions, as well as dates that are available for your expert witnesses and the employees of your client. I will contact Deputy Zurolo and arrange for his deposition once I receive dates from you.

    If, for some reason, we are not able to schedule all of these depositions prior to the discovery deadline of August 29, 2003, I would be agreeable to the following extensions of the Scheduling Order: Discovery/Submission of status report: October 31, 2003; Request for Admissions: November 10, 2003; Dispositive Pretrial Motions: November 24, 2003; *Daubert/Kumho* motions: December 15, 2003. Mr. Pate has advised that he has no objection to these extensions. Please let me know if you think that such extensions are necessary and if they are agreeable to you.

    I look forward to hearing from you shortly.

                             Sincerely,

                             /s/
                             David E. Carey

cc: Michael T. Pate, Esquire