# BROWN, BROWN & BROWN, P.A.

*Attorneys at Law*
**200 SOUTH MAIN STREET**
**BEL AIR, MARYLAND 21014**

A Professional Association of
Trial, Business and Personal Lawyers

T. CARROLL BROWN
AUGUSTUS F. BROWN
ALBERT J.A. YOUNG

HAROLD DOUGLAS NORTON
JACQUELINE A. DELISLE
DAVID E. CAREY

A. FREEBORN BROWN (1915-1998)

PARALEGAL STAFF:

SANDRA K. WHEELER
JENNY M. YOUNG

_____

410-838-5500
410-879-2220
410-893-0402 - FAX

July 2, 2003

William C. Parler, Jr., Esquire
Parler & Wobber, L.L.P.
406 E. Joppa Rd.
Towson, Maryland 21286

      Re:   *Johns, et al., v. Mutual Benefit Insurance Co.*, United States District Court for the District of Maryland Case No. JFM 03 CV 077

Dear Mr. Parler:

    I am writing with regard to your client's Amended Rule 26(a)(2) Disclosure of Expert Testimony. Rule 26(a)(2)(B) provides that, "with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony," the disclosure <u>shall</u> "be accompanied by a written report prepared and signed by the witness." Furthermore, this report

> "shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years."

    Your client's disclosures with regard to Martin L. King, Brad Russell Ryden, Sam Carson and Donna Patterson merely states the subject matter of the opinion testimony which each is expected to offer, but does not include the actual opinions that each is expected to testtify to at trial, or any of the other information required by Rule 26(a)(2)(B). Please provide this information at once. I will be unable to properly prepare for the depositions of any of these

William C. Parler, Esq.
July 2, 2003
Page 2

witnesses without this information, so if this information is not received by July 16, 2003, I will file a Motion for Order Compelling Discovery.

    Due to the number of outstanding issues regarding your client's discovery, I think it would be best for us to meet to discuss these matters. Please let me know when you are available. I will be happy to come to your office for this purpose.

    I look forward to hearing from you shortly.

                      Sincerely,

                        /s/
                        David E. Carey

cc: Michael T. Pate, Esquire