WCP:dmk
7/28/03
37.053-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEROME H. JOHNS, et ux.** | * | |
| **Plaintiffs** | * | |
| v. | * | **CASE NO.: JFM 03 CV 077** |
| **MUTUAL BENEFIT INSURANCE COMPANY** | * | |
| | * | |
| **Defendant** | | |

\* \* \* \* \* \* \*

## DEFENDANT'S RESPONSE TO JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Mutual Benefit Insurance Company (hereinafter "Mutual Benefit"), by its attorneys, William C. Parler, Jr. and Parler & Wobber, L.L.P., hereby responds to the Joint Motion for Extension of Time to Complete Discovery , and states as follows:

1. Defendant has no objection to an extension of time to conduct discovery in this matter and as noted in the Motion, agrees to the Modified Schedule.

2. Plaintiffs and Intervenor turned the Joint Motion to Extend Time into an attack on Defendant and Defendant's Counsel. Such an attack was unnecessary as both parties have expressed their concerns over discovery in Motions to Compel. However, in the interst of fairness, Defendant seeks an opportunity to respond to the allegations contained within the motion. Defendant has provided full discovery to Plaintiffs in the form of business records responsive to their requests. In the spirit of cooperation, Defendant has supplemented the responses further to specifically address Plaintiffs' issues. Defendant is working with Plaintiffs to resolve the remaining Discovery disputes and is waiting for this Court's Ruling on its Motion to Dismiss to resolve its issues with Intervenor. As indicated in Defendant's Response to

Intervenor's Motion to Compel, Defendant stands ready, willing and able to respond as soon as the issues are resolved by the Court.

3. In regard to the conference between counsel, Defendant's counsel William C. Parler, Jr. intended to personally attend the scheduled conference with opposing counsel on July 16th, 2003. However, two weeks before the conference, a case set for trial in the Circuit Court for Cecil County was transferred to Mr. Parler's office that was set for trial on July 21st, 2003. It was understood at the time the meeting was scheduled that the trial was going to be postponed or canceled due to the last minute substitution of counsel. However, on the morning of July 16th, 2003, Mr. Parler learned that the trial would proceed as scheduled and had an emergency video deposition scheduled for that afternoon. In an effort to facilitate communication and to avoid canceling a meeting with opposing counsel in light of the discovery issues, Mr. Parler assigned an Associate in his office to attend the meeting and address counsel's concerns in person and then to confer with Mr. Parler who was then unavailable to attend the conference. While Plaintiffs counsel may feel the conference was worthless, their concerns were conveyed to me and I have taken those concerns into account and acted upon them.

4. Defendant's counsel is as willing as opposing counsel to settle these discovery issues and move forward with this litigation. Defendant seeks to settle as much as possible without the Court's involvement and will abide by any ruling if or when such is necessary.

Respectfully submitted,

/s/
_____
WILLIAM C. PARLER, JR.
Bar No.: 05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 East Joppa Road
Towson, Maryland 21286
(410)832-1800
Attorney for Defendant

- 2 -

WCP:dmk
7/28/03
37.053-05

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of July, 2003, that a copy of the aforegoing was mailed, postage prepaid, to:

Michael T. Pate
**COVAHEY, BOOZER, DEVAN & DORE, P.A.**
Ste. 302
606 Baltimore Avenue
Towson, Maryland 21204
Counsel for Plaintiff

David E. Carey, Esquire
**BROWN, BROWN & BROWN, P.A.**
200 South Main Street
Bel Air, Maryland 21014
Counsel for Plaintiffs

/s/
WILLIAM C. PARLER, JR.