WCP:dmk
7/28/03
37.053-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEROME H. JOHNS, et ux.**       * | |
|     **Plaintiffs**       * | |
| **v.**       * | **CASE NO.: JFM 03 CV 077** |
| **MUTUAL BENEFIT INSURANCE COMPANY**       * | |
|     * | |
|     **Defendant** | |

\*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO INTERVENORS' MOTION
TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS**

Mutual Benefit Insurance Company (hereinafter "Mutual Benefit"), by its attorneys, William C. Parler, Jr. and Parler & Wobber, L.L.P., hereby responds to the Intervenors' Motion to Compel Discovery and Motion for Sanctions, and states as follows:

1. This suit was initiated on or about December 27th, 2002 by Plaintiffs seeking coverage under an insurance policy issued by Mutual Benefit for a fire loss that occurred on October 23rd, 2003.

2. On or about February 24th, 2003, Fairbanks Capital Corporation (hereinafter "Fairbanks") filed a Motion to Intervene and an accompanying Complaint stating that it had a valid interest in these proceeding because it was a mortgagee with an interest under the terms of the Mutual Benefit policy and seeking payment of the outstanding mortgage balance. See "Exhibit A."

3. On or about April 22nd, 2003, Fairbanks filed an Amended Complaint stating that it was the "servicing agent" for an entity entitled Goldman Sachs who actually purchased the mortgage note on January 1st, 2002, over sixty days after the fire that serves as the basis of this suit. See "Exhibit B."

4. Defendant has filed a Motion to Dismiss Intervenor's Amended Complaint that is still pending before this Court. It is Defendant's position that Fairbanks is not a proper party and has not properly intervened in this action.

5. Due to the delicate nature of the information requested in Intervenor's propounded discovery, Defendant feels it is unable to file responses until this issue is resolved by this Court. The information requested includes proprietary insurance information and confidential records that Defendant would be remiss in handing over to an entity not properly in this suit.

6. Defendant stands ready, willing and able to respond to these discovery requests within fifteen days of these issues being resolved by this Court.

7. Due to the delicate nature of the information requested and the legitimate concerns over Fairbanks proper status in this case, Defendant is unable to respond to this discovery until this Court issues a ruling relating to Fairbanks' status in this case. It is not Defendant's desire to deny any rightful party discovery in this case, it is only Defendant's desire to protect the interests of its client and refrain from providing delicate and proprietary information to an entity that may not be a rightful party that has prevented Defendant from responding to date. Defendant will provide discovery as soon as this Court has declared that Fairbanks is a proper party in this case. Based on the above, Intervenors' request for sanctions should, respectfully, be denied.

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Johns v Mutual Benefit\Response to Fairbanks Motion to Compel.doc

          Respectfully submitted,

          /s/
          WILLIAM C. PARLER, JR.
          Bar No.: 05087
          **PARLER & WOBBER, L.L.P.**
          The Hemenway Building
          406 East Joppa Road
          Towson, Maryland 21286
          (410)832-1800
          Attorney for Defendant

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on this 28th day of July, 2003, that a copy of the aforegoing was mailed, postage prepaid, to:

Michael T. Pate
**COVAHEY, BOOZER, DEVAN & DORE, P.A.**
Ste. 302
606 Baltimore Avenue
Towson, Maryland 21204
Counsel for Plaintiff

David E. Carey, Esquire
**BROWN, BROWN & BROWN, P.A.**
200 South Main Street
Bel Air, Maryland 21014
Counsel for Plaintiffs

          /s/
          WILLIAM C. PARLER, JR.