# EXHIBIT A

Case 1:03-cv-00077-JKB   Document 39-2   Filed 07/28/2003   Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| JEROME H. JOHNS, et ux. | * | |
|     Plaintiffs | * | |
| and | | |
| FAIRBANKS CAPITAL CORPORATION | * | Case No.: 03-CV-77 |
|     Intervenor | | |
| | * | |
| v. | | |
| | * | |
| MUTUAL BENEFIT INSURANCE COMPANY | | |
|     Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO INTERVENE

Fairbanks Capital Corporation ("Fairbanks"), Intervenor, by its attorneys, Michael T. Pate, and Covahey, Boozer, Devan & Dore, P.A., seeks to intervene in this action as an additional Plaintiff, pursuant to Rule 24 of the Federal Rules of Civil Procedure, and states as follows:

1.    Jerome H. Johns and Constance R. Johns (collectively "Johns") reside in Harford County, Maryland. Accordingly, Johns is, and was at the time of the commencement of these proceedings, a citizen of the State of Maryland.

2.    Intervenor Fairbanks is incorporated in the State of Utah with its principal place of business located in the State of Utah. Accordingly, for the purposes of diversity of citizenship, under 28 U.S.C., Section 1332, Fairbanks is a citizen of the State of Utah.

3.	Defendant Mutual Benefit Insurance Company ("Mutual Benefit") is, and was at the time of the commencement of these proceedings, incorporated in the State of Pennsylvania with its principal place of business located in the State of Pennsylvania. Accordingly, for the purposes of diversity of citizenship under 28 U.S.C., Section 1332, Mutual Benefit is, and was at the time of the commencement of these proceedings, a citizen of the State of Pennsylvania.

4.	This Court has original subject matter jurisdiction over this matter because there exists diversity of citizenship between the Plaintiffs and the Defendant, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This matter was removed pursuant to 28 U.S.C., Section 1446, by Defendant Mutual Benefit.

5.	That this action involves a contract of insurance for that property known as 3145A Old Scarboro Road, Street, Maryland 21154.

6.	Johns filed for a breach of contract on the contract of insurance entered into between Johns and Defendant Mutual Benefit Insurance Company ("Mutual Benefit").

7.	Fairbanks, Intervenor, as set forth in the attached Complaint, has a valid interest in the subject matter of this action, namely that Johns and Mutual Benefit entered into a contract of insurance, such contract between Johns and Mutual Benefit identified a mortgagee as a beneficiary under the terms of the policy. A genuine and

2

authentic copy of the insurance policy, which identifies a mortgagee as a beneficiary, is attached to Intervenor's Complaint as Exhibit 3.

8. That Exhibit 3 identifies the maximum coverage under the policy as $164,000.00 in dwelling coverage, $114,800.00 in personal property coverage, $16,400.00 for loss of other structures, and $32,800.00 for loss of use coverage.

9. That by the terms of the insurance policy, any loss payable under its terms are to be paid to Fairbanks as mortgagee, and Johns as their interests appear. See Pg. 11, Paragraph 12 of Exhibit 3 policy.

10. That, as of the date of the filing of this Motion, Fairbanks, as mortgagee, is insured in the amount of $148,273.69. See Affidavit attached hereto as *Exhibit A*.

11. That Johns, by the terms of their Complaint, seeks damages in the amount of $328,000.00, policy limits in the case.

12. Fairbanks' interests are adverse to Mutual Benefit in that Mutual Benefit, to date, has refused to make payment for monies due by the terms of the policy as a result of the fire.

13. Fairbanks' interest is essential to protect. These interests are inadequately represented by Johns. A judgment for Johns in the amount of policy limits would be detrimental to Fairbanks' interest. In the alternative, this Court may make factual findings related to policy which would be detrimental to Fairbanks' interest. In the

alternative, Johns may reach a settlement of the dispute with Mutual Benefit to the detriment of Fairbanks' interest.

14.    That Fairbanks' claim in this action presents questions of law and fact in common with those questions raised by the other parties in this action. The common questions of law and fact include, but are not limited to, an interpretation of the policy and a determination of whether Mutual Benefit is in breach.

15.    The intervention of Fairbanks will not unduly prejudice or delay an adjudication of the rights of Johns or Mutual Benefit as this action is still in its initial stages and discovery has not been completed by the parties.

16.    At all times herein, Intervenor Fairbanks filed this Motion for Intervention in a timely manner.

WHEREFORE, Fairbanks prays this Honorable Court for leave to intervene as a matter of right and/or for leave to permissively intervene as an additional Plaintiff in this action.

Respectively submitted,

_____
MICHAEL T. PATE
Covahey, Boozer, Devan & Dore, P.A.
606 Baltimore Avenue, Suite 302
Towson, MD  21204
410-828-5525, Ext. 813
Attorneys for Intervenor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the ___24___ day of February 2003, a copy of the *Motion to Intervene* was mailed postage pre-paid, first-class mail, to:

David E. Carey, Esq.
Brown, Brown & Brown, P.A.
200 S. Main Street
Bel Air, 21014
Attorney for Plaintiff Johns

and

William C. Parler, Jr., Esq.
Parler & Wobber
406 E. Joppa Road
Towson, MD 21286
Attorney for Defendant Mutual Benefit

 

_____
MICHAEL T. PATE
Covahey, Boozer, Devan & Dore, P.A.
606 Baltimore Avenue, Suite 302
Towson, MD 21204
410-828-5525, Ext. 813
Attorneys for Intervenor

kcr030220

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| JEROME H. JOHNS, et ux.<br>    Plaintiffs<br>and<br>FAIRBANKS CAPITAL CORPORATION<br>    Intervenor/Plaintiff<br><br>v.<br><br>MUTUAL BENEFIT INSURANCE COMPANY<br>    Defendant | *<br><br>*<br><br>*<br><br>*<br><br>*    Case No.: 03-CV-77 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## AFFIDAVIT

STATE OF UTAH, COUNTY OF ___Salt Lake_____, to wit:

    I HEREBY CERTIFY, that on this __21st__ day of February _ 2003, before me a Notary Public in and for the State and County aforesaid, personally appeared R. LEE HORNE, and made oath under penalty of perjury that the contents of this Affidavit are true to the best of her knowledge, information, and belief:

    1.    That she is a representative of Intervenor/Plaintiff in the above-captioned action, is over eighteen (18) years of age, and is competent to be a witness;

    2.    That she has personal knowledge of the facts set forth in the Johns' Complaint and the Intervenor/Plaintiffs' Complaint;


EXHIBIT A

3. That she has been employed at Fairbanks Capital Corporation since July 24, 2000. That she is employed as the Manager in the Default Support Division.

4. That on October 11, 2000, Plaintiff Jerome H. Johns and Constance R. Johns ("Johns") executed a Promissory Note ("Note") in the amount of One Hundred Thirty-one Thousand, Two Hundred Fifty Dollars ($131,250.00) in favor of NationsCredit Financial Services Corporation, dba EquiCredit ("EquiCredit");

5. The Note was secured by a Deed of Trust dated October 11, 2000, which was recorded as a first lien on the parcel of property known as 3145A Old Scarboro Road, Street, Maryland;

6. That the Note and beneficial interest under the Deed of Trust were acquired by Fairbanks on or about February 4, 2002;

7. That the Note and the beneficial interest under the Deed of Trust have been held by Fairbanks since February 4, 2002; and

8. That, as of the date of this Affidavit, the Note has an outstanding balance of One Hundred Forty-eight Thousand, Two Hundred Seventy-three Dollars and Sixty-nine Cents ($148,273.69).

_____
R. LEE HORNE

2

Subscribed to before me, a Notary Public in and for the jurisdiction aforesaid, on the date and year first above written.

_____
Notary Public

My commission expires: 2/15/2006



NOTARY PUBLIC
JOHN A. SHELLEY
3815 S. W. Temple, PO Box 65250
Salt Lake City, Utah 84165-0250
Commission Expires
November 15, 2006
STATE OF UTAH

kcr030221

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| JEROME H. JOHNS, et ux.<br>　　Plaintiffs<br>and<br>FAIRBANKS CAPITAL CORPORATION<br>　　Intervenor<br><br>v.<br><br>MUTUAL BENEFIT INSURANCE COMPANY<br>　　Defendant | *<br>*<br><br>*　　Case No.: 03-CV-77<br>*<br><br>*<br><br>*<br> |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## FAIRBANKS CAPITAL CORPORATION'S REQUEST FOR HEARING ON ITS MOTION TO INTERVENE

Fairbanks Capital Corporation, by its undersigned attorneys, herein requests a hearing on its Motion to Intervene.

　　　　　　　　　　　　　　　　　　　　_/s/_____
　　　　　　　　　　　　　　　　　　　　MICHAEL T. PATE
　　　　　　　　　　　　　　　　　　　　Covahey, Boozer, Devan & Dore, P.A.
　　　　　　　　　　　　　　　　　　　　606 Baltimore Avenue, Suite 302
　　　　　　　　　　　　　　　　　　　　Towson, MD  21204
　　　　　　　　　　　　　　　　　　　　410-828-5525, Ext. 813
　　　　　　　　　　　　　　　　　　　　Attorneys for Intervenor

kcr030220

6