UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950
(410) 962-2985 FAX

August 4, 2003

David Earl Carey, Esquire
Brown Brown and Brown, PA
200 South Main Street
Bel Air, Maryland   21014

Michael T. Pate, Esquire
Covahey, Boozer, Devan & Dore
606 Baltimore Avenue, Suite 302
Towson, Maryland   21204

William Carlos Parler, Jr., Esquire
Parler and Wobber, LLP
406 East Joppa Road
The Hemenway Building
Towson, Maryland   21286

Subject: *Jerome H. Johns, et ux v Mutual Benefit Insurance Company*
Civil Action No. JKB-03-77

Dear Counsel:

This case has been referred to me for all proceedings by consent of the parties. Defendant Mutual Benefit Insurance Company (Mutual) has moved to dismiss and/or strike the amended complaint filed by intervenor Fairbanks Capital Corporation (Fairbanks). (Paper No. 20). Fairbanks has filed a response (Paper No. 22), and no reply has been filed. No hearing is deemed necessary. Local Rule 105.6. For the reasons set forth below, the motion is hereby DENIED.

As noted in earlier correspondence, this is a diversity action sounding in breach of contract brought by property owners against an insurer. The property was subject to a loss by fire, and the insurer has declined coverage based upon an allegation of fraud.

Fairbanks, it now appears, is the servicing agent for Goldman Sachs Mortgage Company (Goldman Sachs) which, it is alleged, purchased the rights held by one of the mortgagees of the property subsequent to the fire loss.

As a threshold matter, Mutual appears to argue, without so articulating the argument, that Fairbanks, as a servicing agent, does not have standing to press any claim that Goldman Sachs may have to recovery of any insurance proceeds that may be found to be due. The argument is merely conclusory, offered without authority. Fairbanks, on the other hand, offers convincing persuasive authority that a loan servicer is a real party in interest under Fed. R. Civ. P. 17 with standing to conduct the legal affairs of an

Letter to Counsel - *Johns v Mutual Benefit Ins Co*
Page 2
August 4, 2003

investor relating to a debt that it services. *Greer v. O'Dell,* 305 F.3d 1297 (11th Cir. 2002). Accordingly, that issue is decided in favor of Fairbanks.

    Mutual also posits that neither Fairbanks nor Goldman Sachs had an insurable interest at the time of the fire loss and, moreover, that Mutual never consented to assignment of any interest under the policy, as required by the terms of the policy. Mutual provides Maryland case authority for the proposition that assignment clauses in insurance policies that require the written consent of the insurers are effective. The Court finds, however, that the cited authority is trumped by the authority provided by Fairbanks for the very sensible proposition and the general rule that assignment clauses the likes of which is present in the policy in this case do not preclude *post-loss* assignments, which are choses in action. *See, Michigan Fire & Marine Ins. Co. v. Genie Kraft Corp.,* 195 F. Supp. 222, n. 7 (D. Md. 1961); 3 Couch on Ins. § 35:7.

    Although informal, this letter constitutes an Order of the Court and will be docketed accordingly.

    Very truly yours,

    /s/

    James K. Bredar
    United States Magistrate Judge

JKB/cw
cc: Court file
    Chambers file