UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950
(410) 962-2985 FAX

August 13, 2003

David Earl Carey, Esquire
Brown Brown and Brown, PA
200 South Main Street
Bel Air, Maryland  21014

Michael T. Pate, Esquire
Covahey, Boozer, Devan & Dore
606 Baltimore Avenue, Suite 302
Towson, Maryland  21204

William Carlos Parler, Jr., Esquire
Parler and Wobber, LLP
406 East Joppa Road
The Hemenway Building
Towson, Maryland  21286

Subject: *Jerome H. Johns, et ux v Mutual Benefit Insurance Company*
Civil Action No. JKB-03-77

Dear Counsel:

Pending and ready for disposition is a motion to compel discovery, for sanctions and to determine the sufficiency of a response to requests for admissions filed by the plaintiffs. (Paper No. 25). The motion has been fully briefed (Papers No. 29 and 30), and no hearing is necessary. Local Rule 105.6.

At the time the motion was filed, the plaintiffs had received responses to their requests for admissions but had not received timely responses to interrogatories and requests for production of documents and, it is averred, were having some difficulty communicating with the defense as to when responses could be expected. It appears that the missing discovery responses, along with a supplemental response to the contested request for admission, were served shortly after the instant motion was filed.

The defendant contends that the motion runs afoul of Local Rules 104.7 and 104.8. It does not. The defendant also contends that the issues raised by the motion are moot. They are not. Plaintiffs correctly contend that the issues of sanctions and whether the failure to timely respond adequately to a request for admission should be deemed to be an admission remain to be decided. The purpose of requests for admission is not to set a trap for the unwary but rather to limit the issues for trial. In this case, the tardiness of the defendant has worked no prejudice to the plaintiffs beyond expense of motions practice. Accordingly, to the extent that the motion seeks a ruling that the matter that was in issue in regard to the request for admission be deemed admitted, the motion is DENIED. On the other hand, the request for sanctions is hereby GRANTED, and the defendant is directed to pay $250.00 to the plaintiffs to cover the

Letter to Counsel - *Johns v Mutual Benefit Ins Co*
Page 2
August 13, 2003

expenses of motions practice brought about by its tardiness.  In sum, plaintiffs' motion (Paper No. 25) is GRANTED IN PART AND DENIED IN PART.

    Although informal, this letter constitutes an Order of the Court and will be docketed accordingly.

    Very truly yours,

    /s/

    James K. Bredar
    United States Magistrate Judge


JKB/cw
cc:  Court file
    Chambers file