IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME H. JOHNS, et ux. | * | |
| Plaintiffs | * | Case No. JFM 03 CV 077 |
| v. | * | |
| MUTUAL BENEFIT INSURANCE COMPANY | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION FOR LEAVE OF COURT TO FILE AMENDED COMPLAINT**

Jerome H. Johns, et ux., Plaintiffs, by their attorneys, David E. Carey and Brown, Brown and Brown, P.A., pursuant to Fed. R. Civ. Pro. 15 (a), move for leave of Court to file the Amended Complaint attached hereto as Exhibit A, and in support thereof state as follows.

1. The subject of this case is a policy of insurance issued by Defendant Mutual Benefit Insurance Company to Plaintiffs ("the Policy"), which obligates Defendant to pay benefits to Plaintiffs in the event of a covered loss. On or about October 23, 2001, Plaintiffs' home was completely destroyed by fire and a claim for damage to the dwelling and personal property and for loss of use thereof was submitted to Defendant. Defendant denied the claim.

2. This action was filed by Plaintiffs to recover damages pursuant to the said Policy. In addition, Fairbanks Capital Corporation on behalf of Goldman Sachs Mortgage Company ("Fairbanks Capital") has been permitted to intervene in this

action as an additional Plaintiff, pursuant to a Deed of Trust, which it holds on the property in question.

3. Plaintiffs wish to amend the Complaint for the purpose of clarifying that, in addition to the damages provided for in the Policy, Plaintiffs are also seeking consequential damages permitted by law which they have suffered as a result of the Defendant's breach of contract, such as the interest that has accrued on the Note and Deed of Trust held by Fairbanks Capital, which they have been unable to pay as a result of the Defendant's failure to pay the proceeds of the Policy. Plaintiffs also wish to amend the Complaint to delete their claim for damages to other structures.

4. Rule 15(a) provides that such an amendment is only permitted with leave of court or written consent of the adverse party, and that leave of court "shall be freely given when justice so requires."

5. Permitting the Plaintiffs to claim consequential damages in this matter is in the interests of justice as it will allow them to pursue all of the damages to which they may be entitled under Maryland law. The Amended Complaint does not add a new cause of action or any new facts regarding the. In fact, the documents necessary to calculate the interest that has accrued since the date of the fire are in the possession of Defendant, and have been since February 24, 2003, when Fairbanks Capital's Motion to Intervene was filed with the Note and Deed of Trust attached.

6. Amendment of the Complaint at this stage, with trial still four months away

will not cause any prejudice, as Plaintiffs will timely supplement their Answers to Interrogatories to indicate the amount being claimed.

7. It should also be noted that Defendant previously requested leave of Court to amend its Answer, to which Plaintiffs did not object.

**WHEREFORE**, Plaintiffs respectfully requests that:

a) this Motion for Leave of Court to file Amended Complaint be GRANTED; and,

b) the Court grant Plaintiffs such other and further relief as the nature of their cause requires.

/s/
David E. Carey, Bar No. 6964
Brown, Brown & Brown, P.A.
200 S. Main Street
Bel Air, Maryland 21014
(410) 838-5500/879-2220
Attorneys for Plaintiffs Jerome H
and Constance R. Johns

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME H. JOHNS, et ux. | * | |
| Plaintiffs | * | Case No. JFM 03 CV 077 |
| v. | * | |
| MUTUAL BENEFIT INSURANCE COMPANY | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \*

**<u>AMENDED COMPLAINT FOR BREACH OF CONTRACT</u>**

Plaintiffs, Jerome Johns and Constance Johns, by their attorneys, David E. Carey and Brown, Brown & Brown, P.A. sue Mutual Benefit Insurance Company and hereby state as follows:

1. At all relevant times herein, Plaintiffs were residents of Harford County, Maryland and owners of the property known as 3145 A Old Scarboro Road, Street, Maryland. On October 23, 2001, the Plaintiffs' house was completely destroyed by fire.

2. The Defendant is an insurance company that is registered to do business in Maryland and provided fire insurance coverage to Plaintiffs.

3. At all times relevant herein, Plaintiffs owned a valid and collectible fire insurance policy issued by Defendant (Policy No. H000275536) (hereinafter "the Policy").

**EXHIBIT A**

4. As a result of the fire, Plaintiffs suffered damages, including the loss of their home and personal property and the loss of use thereof.

5. The Policy provided coverage for the residence destroyed by fire in the amount of One Hundred Sixty Four Thousand Dollars ($164,000.00), for personal property lost due to fire in the amount of One Hundred Fourteen Thousand, Eight Hundred Dollars ($114,800.00), as well as coverage for loss of use in the amount of Thirty Two Thousand, Eight Hundred Dollars ($32,800.00).

6. Pursuant to the policy, Plaintiffs are entitled to receive the benefits of the Policy, for which Plaintiffs have made demand.

7. Defendant has denied Plaintiffs' claim and refused to pay, thereby breaching the Policy.

8. Plaintiffs have also suffered consequential damages as a result of Defendant's denial of their claim, which damages arise naturally from the denial, or were contemplated by the parties when the policy was issued.

**WHEREFORE**, Plaintiffs demand judgment in the amount of Three Hundred Twenty Eight Thousand Dollars ($400,000.00) against Defendant.

/s/ _____
David E. Carey, Esquire
Brown, Brown & Brown P.A.
200 South Main Street
Bel Air, Maryland 21014
410-838-5500
Attorneys for Plaintiffs