Record and return to:
EquiCredit Corp./Secondary Marketing Dept.
P.O. Box 44136/DOC. CONTROL DIV.
Jacksonville, FL 32231

HIGHLAND TITLE CO., INC.
834 EASTERN AVENUE
BALTIMORE, MARYLAND 21224
410-342-4400

**DEED OF TRUST**   Loan Number: 8050053258

THIS DEED OF TRUST ("Security Instrument") is made on __October 11, 2000__. The grantor is __JEROME H. JOHNS AND CONSTANCE JOHNS, HIS WIFE__ ("Borrower"). The trustee is __NATHAN H. WASSER__ ("Trustee"). The beneficiary is __NationsCredit Financial Services Corporation d/b/a/ EquiCredit__, a body corporate duly organized and existing under the laws of the State of __NC__, and whose address is __809 GLENEAGLES COURT, STE. 302, TOWSON, MARYLAND 21286__ ("Lender"). Borrower owes Lender the principal sum of __ONE HUNDRED THIRTY-ONE THOUSAND TWO HUNDRED FIFTY__ Dollars (U.S. $ __131,250.00__ ). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on __November 1, 2015__. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements. For this purpose, Borrower irrevocably grants and conveys to Trustee, with power of sale, the following described property located at __HARFORD__ County, Maryland:

In land referred to in this commitment is more fully described as:
SEE EXHIBIT "A" HERETO ATTACHED AND BY THIS REFERENCE MADE A PART HEREOF

The within Grantors hereby certify that the herein described property is their principal residence and that they are the original mortgagors under a deed of trust recorded among the Land Records of Harford County in Book 2813, folio 363 which has a principal balance of $102,824.63 and a Deed of Trust recorded among the Land Records of Harford County in Book 3222, folio 729 which has a principal balance of $16,450.53 and that the purpose of the within Deed of Trust is to refinance the said existing Deeds of Trust.

which has the address of __3145A OLD SCARBORO ROAD STREET, MD 21154__
[Street/City/State/Zip Code] ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard of property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may required for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instruments.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Form #593 MD (12/99) First Mortgages Only

