IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME JOHNS, et ux. | * |
| Plaintiff | * |
| v. | *   CASE NO.  JFM 03 CV 077 |
| | * |
| MUTUAL BENEFIT INSURANCE COMPANY | * |
| | * |
| Defendant | |

\* \* \* \* \* \* \* \*

## ANSWERS TO INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Mutual Benefit Insurance Company (hereinafter "Mutual Benefit") responds as follows to the Plaintiff, Fairbanks Capital Corporation's Interrogatories to Mutual Benefit.

## DEFINITIONS

1. As used herein, "irrelevant" means not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

2. As used herein, the "Mutual Benefit policy" means the homeowner's policy issued to Jerome Johns.

3. As used herein, "Mutual Benefit" means the Mutual Benefit Insurance Company.

## GENERAL OBJECTIONS & INTRODUCTORY STATEMENTS

1. Mutual Benefit objects to each interrogatory to the extent that it requests information protected against disclosure by the attorney-client privilege, the work product doctrine, or any other rule of privilege, confidentiality, or immunity provided by law, on the grounds that such interrogatories are overly broad, unduly burdensome, oppressive and vexatious, request irrelevant information, and request information beyond the scope of Federal Rule of Civil Procedure 26(b). Mutual Benefit construes each interrogatory not to seek the identification or contents of, and states that no privilege log is required for, legal memoranda, drafts of pleadings, attorney notes, letters and communications between Mutual Benefit and its counsel, and other documents and communications that have come into existence because of this coverage litigation. To the extent that this objection applies to a portion of a document only, Mutual Benefit will redact such portion of the document as appropriate. Mutual Benefit will also provide an appropriate privilege log, in conformity with this objection, when one is completed.


PLAINTIFF'S EXHIBIT 10