Loan Number: 8050053258

# NOTE

October 11, 2000                                          _____TOWSON_____, Maryland
                                                                    City

1. **BORROWER'S PROMISE TO PAY**

   In return for a loan that I have received, I promise to pay U.S. $___131,250.00___ (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is ___NationsCredit Financial Services Corporation___ ___d/b/a/ EquiCredit___. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder".

2. **INTEREST**

   I will pay interest at a yearly rate of ___9.800___ %.
   Interest will be charged on that part of principal which has not been paid. Interest will be charged beginning ___October 11, 2000___ and continuing until the full amount of principal has been paid.
   Subject to applicable law, the Note Holder shall be entitled to interest at the yearly rate on any mortgage arrearage (amount past due) including, without limitation, circumstances in which a petition in bankruptcy, wage-earner, or other insolvency proceeding is filed designating me as debtor.

3. **PAYMENTS**

   I will pay principal and interest by making ___180___ consecutive monthly payments with the first such installment in the amount of $___1,872.49___ due on the ___1st___ day of ___December, 2000___, and ___178___ monthly payments of $___1,132.46___ shall be due on the ___1st___ day of each succeeding month, and I will make a final balloon payment of $___107,727.81___ on ___November 1, 2015___.
   I will make payments in the amounts and on the dates promised until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. My monthly payments will be applied to interest before principal. If, on ___November 1, 2015___, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "maturity date". Time is of the essence of this Note.
   I will make my monthly payments at P.O. Box 44132, Jacksonville, Florida 32231, or at a different place if required by the Note Holder.

4. **BORROWER'S FAILURE TO PAY AS REQUIRED**

   (A) Late Charge for Overdue Payments
   If the Note Holder has not received the full amount of any of my monthly payments by the end of ___15___ calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be ___5___ % of my overdue payment. I will pay this late charge only once on any late payment.

   (B) Returned Check Charge
   In the event that a check used to make any payment required by this Note is returned after second presentment unpaid by the payor bank for insufficient funds or credit, I agree to pay you a $___15.00___ fee for your additional costs incurred in processing such check. This charge will be required whether or not the returned check causes my payment to be late.

   (C) Notice From Note Holder
   If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

   (D) Default
   If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

   (E) Payment of Note Holder's Costs and Expenses
   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

5. **THIS NOTE SECURED BY A DEED OF TRUST**

   In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated ___October 11, 2000___, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

6. **BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

   I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."
   Unless the box below is checked, I may make a full prepayment or partial prepayments without paying any prepayment charge. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note.
   _X_ I may make a full or partial prepayment, however, the Note Holder may charge me a prepayment charge during the first ___3___ years of the loan equivalent to ___3___ months interest at the rate set forth above on the amount of the principal balance prepaid. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

Form #495MD Balloon (11/99)

8050053258    JOHNS
Note

PLAINTIFF'S EXHIBIT 1

- 2 -

7. **BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers".

8. **GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address in the Security Instrument. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

9. **RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

10. **LOAN CHARGES**

I understand and believe that this lending transaction complies with Maryland usury, lending, general obligation, and real property laws of Maryland, unless preempted by Federal law, however, if any interest or other charges in connection with this lending transaction are ever determined to exceed the maximum amount permitted by law, I understand and agree that: (i) the amount of the interest or other charges payable by me pursuant to this lending transaction shall be reduced to the maximum amount permitted by law; and (ii) any excess amount previously collected from me in connection with this lending transaction which exceeded the maximum amount permitted by law, will be credited against the outstanding principal balance. If the outstanding principal balance has already been repaid, the excess amount paid will be refunded to me. All fees, charges, goods, things in action or any other sums or things of value (collectively, the "Additional Sums") paid or payable by me, whether pursuant to this Note, the Mortgage/Deed of Trust or any other document or instrument in any way pertaining to this lending transaction, or otherwise with respect to this lending transaction, which, under the laws of Maryland, may be deemed to be interest with respect to this lending transaction, shall, for the purpose of any laws of Maryland which may limit the maximum amount of interest to be charged with respect to this lending transaction, be payable by me as, and shall be deemed to be, additional interest, and for such purposes only, the interest rate of this lending transaction (as defined in this Note) shall be deemed to be increased by the Additional Sums.

I acknowledge that the principal includes closing costs listed on the Loan Closing Statement and/or the Itemization of Amount Financed (unless such fees are paid by me in cash or by check at closing) and deem such costs to be reasonable and specifically agree to pay them. I also acknowledge and understand that the loan origination fee, if any, and any other prepaid finance charges are fully earned at the time the loan is made and are not refundable.

11. **CONFORMITY WITH LAWS**

If any provision of this Note is found to be in violation of any law, rule, or regulation, that provision shall be deemed modified to comply with applicable law.

12. **STATUTORY AUTHORITY**

This Note evidences a loan made pursuant to Maryland Commercial Law Code Section 12-103(b) and Section 501(a)(1) of the Depository Institutions Deregulation and Monetary Control Act of 1980, Public Law 96-221.

ACKNOWLEDGEMENT

The undersigned(s) agree(s) to the terms and provisions of this Note and any related security instrument and agree(s) that the lender mentioned above delivered a copy of this Note and any related security instrument to the undersigned(s) and anyone who executed the security instrument on the day this Note was signed by the undersigned(s).

_/s/ David Miller_                                    _/s/ Constance Johns_ (Seal)
                                                       Borrower CONSTANCE JOHNS

WITHOUT RECOURSE
PAY TO THE ORDER OF                                    _____ (Seal)
EquiCredit Corporation of America                      Borrower

NationsCredit Financial Services
Corporation d/b/a EquiCredit              WITHOUT RECOURSE                _____ (Seal)
                                          PAY TO THE ORDER OF             (Sign Original Only)
By _____                        EquiCredit Corporation of America

Form #495MD Balloon (11/99)  MINTON, VP                                   Page 2 of 2
                                          By _____

Note Allonge #705 0053258

Loan #:
Customer Name: Johns, Constance

WITHOUT RECOURSE
PAY TO THE ORDER OF
EquiCredit Corporation of America
NationsCredit Financial Services
Corporation d/b/a EquiCredit
By _____
D. J. Minton, VP

WITHOUT RECOURSE
PAY TO THE ORDER OF
_____
EquiCredit Corporation of America
By _____
D. J. Minton, VP