IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

JEROME H. JOHNS, et ux.  \*
    Plaintiffs
                                                           \*

v.                                                           \*    Case No.: 03-CV-77

                                                             \*

MUTUAL BENEFIT INSURANCE COMPANY  \*
    Defendant

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## AFFIDAVIT

STATE OF PENNSYLVANIA, COUNTY OF MONTGOMERY, to wit:

I HEREBY CERTIFY, that on this 20th day of November 2003, before me a Notary Public in and for the State and County aforesaid, personally appeared <u>Kevin Crecco</u>, and made oath under penalty of perjury that the contents of this Affidavit are true to the best of his knowledge, information, and belief:

    1.    That he is a representative of GMAC Mortgage Corporation ("GMAC");

    2.    That he has personal knowledge of the facts set forth in the "Amended Complaint" filed April 22, 2003 by Fairbanks Capital Corporation on behalf of Goldman-Sachs;



PLAINTIFF'S EXHIBIT 6

3.   That he has been employed at GMAC since <u>July 16, 2001</u>. That he is currently employed as <u>Performance Review Analyst</u>  That he has personal knowledge of the facts set forth in this Affidavit and is competent to testify thereto;

4.   That on October 11, 2000, Constance Johns executed <u>Exhibit 1</u> Note ("Note") which promised repayment in the amount of $131,250.00 in favor of NationsCredit Financial Services Corporation, dba EquiCredit;

5.   The Note was secured by a deed of trust dated October 11, 2000 ("Deed of Trust"), which was recorded as the first lien on the parcel of property known as 3145A Old Scarborough Road, Street, Maryland (<u>see</u> <u>Exhibit 2</u>);

6.   That on October 23, 2001, <u>Exhibit 1</u> Note had an outstanding principal balance of $130,751.25;

7.   That on or about February 27, 2002, a default/acceleration letter was sent to the mortgagor based upon a default under the terms of <u>Exhibit 1</u> Note. See letter which is attached hereto;

8.   That effective September, 2003, the servicing rights to <u>Exhibit 1</u> Note were transferred to GMAC;

9.   That payments under Exhibit 1 Note are currently due for the December, 2001 payment; and

10.  That the loan has a payoff through September 15, 2003 in the amount of $159,274.93.

_____

Subscribed to before me, a Notary Public in and for the jurisdiction aforesaid, on the date and year first above written.

_____
Notary Public

My commission expires: _____

> Notarial Seal
> Valerie S. Moran, Notary Public
> Horsham Twp., Montgomery County
> My Commission Expires Nov. 12, 2006
> Member, Pennsylvania Association Of Notaries

kcr031120

PO Box 1901
Hatboro PA 19040

**WESTERN UNION**

February 27, 2002

CONSTANCE JOHNS
3145A Old Scarboro Rd
Street, MD 21154-1935

DEMAND LETTER - YOU COULD LOSE YOUR HOME!

Re:   Loan #: 0002526630 secured by real property located at
      3145 A OLD SCARBORO
      STREET MD 21154

Dear CONSTANCE JOHNS:

This letter constitutes formal notice of default under the terms of the Note and Deed of Trust or Mortgage because of failure to make payments required by the Note, Mortgage or Deed of Trust. On 12/01/2001 amount due and owing is $[illegible].

This letter is formal demand to pay the amount due. In event that these sums are not paid to Fairbanks Capital Corp. (Fairbanks) within 30 days of this letter the entire unpaid balance, together with accrued interest, legal fees and expenses, WILL BE ACCELERATED and a foreclosure proceedings will be instituted. You have the right to reinstate the loan, even after acceleration, if on or before the reinstatement period ends, you do the following:

1. Pay Fairbanks all installments and late charges due on your loan.
2. Pay all reasonable expenses, including, but not limited to attorneys' fees, trustee's fees and expenses [illegible] incurred in enforcing its remedies.
3. Cure all breaches of any other covenants or agreements made by you in the Note, Deed of Trust or Mortgage.
4. Pay any fees required under the terms of your Note and Deed of Trust or Mortgage.
5. Take such action which Fairbanks may reasonably require to assure that its lien and interest in the property is protected.

You have the right to bring a court action if you claim that the loan is not in default or if you believe that you have any other defense to the acceleration and sale. We are also required by law to inform you that if you advise us in writing that you do not want to be contacted by telephone at your place of employment, then no such contact by telephone shall be made. However, you will need to provide us with a telephone number where you can be reached.

IF YOU HAVE BEEN DISCHARGED IN BANKRUPTCY. Please be advised that if the mortgage loan referenced has been reaffirmed in a bankruptcy case, this statement does not represent and is not intended to be a demand for payment.

This statement is provided for informational purposes only. You should consult legal counsel regarding your obligations [illegible] the mortgage loan.

If you elect to pay prior to the date set forth above, please contact the undersigned at 1-800-[illegible] and to arrange for payment. Fairbanks requires all delinquent installments to be paid by CASHIERS CHECK OR MONEY ORDER.

Home ownership counseling may be available to you by contacting a HUD-approved housing counseling agency. Call 1-[illegible] or 1(800) 877-6339 for the housing counseling agency nearest you.

SINCERELY,

LOAN SERVICING CENTER
FAIRBANKS CAPITAL CORP.

This letter is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

#0002526630CCB03~

Loan Servicing Center
PO Box 1900
Hatboro PA  19040

Fairbanks Capital Document System - November 19, 2003