```
                                                                    1

 1            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
 2

   JEROME H. JOHNS, et ux,        *
 3
            Plaintiffs            *
 4
   vs.                            *   CASE NO.: JFM 03 CV 077
 5
   MUTUAL BENEFIT INSURANCE       *
 6 COMPANY,

 7          Defendant             *   November 12, 2003

 8              *     *     *     *     *

 9          Deposition of RONALD BENFIELD, taken on

10 behalf of the Defendant, before Lorne Langer, a Notary

11 Public in and for the State of Maryland, County of

12 Baltimore, at 200 South Main St., Bel Air, Maryland

13 21014, at 10:07 a.m., November 12, 2003.

14 APPEARANCES:

15          DAVID E. CAREY, Esquire
            MEAGHAN L. JIORNO
16            On behalf of Plaintiffs, The Johns

17          MICHAEL T. PATE, Esquire
              On behalf of Plaintiff, Fairbanks
18            Capital Corporation, on behalf of
              Goldman Sachs Company
19
            STEVEN R. SILBERMAN, Esquire
20            On behalf of Defendant

21 Reported By:  Lorne Langer
```

PLAINTIFF'S EXHIBIT 8

GORE BROTHERS Reporting & Video Co., Inc.         Towson Reporting Company
410-837-3027                                      410-828-4148

1  the bill of sale on the mobile home.

2      Q    Is that the --

3      A    The Marshall-Swift.  I don't believe we
4  reviewed anything else.

5      Q    Okay.  Have I let you answer each question
6  as much as you wanted to?

7      A    Yes, sir.

8           MR. SILBERMAN:  Thank you.  I don't have
9  anything else.

10          THE WITNESS:  Thank you.

11          EXAMINATION BY MR. PATE:

12          MR. PATE:  Can I have these marked, if I
13  may, as Exhibits 1 and 2, respectively?

14          (Benfield Deposition Exhibit Nos. 1 and 2
15  were marked by the reporter.)

16          (Discussion was held off the record.)

17     Q    Mr. Benfield, I will show you first what's
18  been marked as Exhibit 1.  It's a two-page document.
19  Is that your resume?

20     A    Yes.  My qualifications.  Yes.

21     Q    If you could take a look at it.  Is it

```
 1   accurate as of today's date?
 2        A    It should be.  Yes.
 3        Q    I'm going to show you Exhibit 2.  That's
 4   Mr. Power's resume?
 5        A    Yes, it is.
 6        Q    A two-page document, is that correct?
 7        A    Yes, it is.
 8        Q    To the best of your knowledge, is that an
 9   accurate recitation of his qualifications, if you
10   will?
11        A    Yes, it is.
12        Q    Now, Mr. Powers is a licensed real estate
13   appraiser, is that correct?
14        A    He's a certified general real estate
15   appraiser.
16        Q    Counsel had asked you about your
17   profession.  You indicated you are a real estate
18   appraiser.
19        A    Correct.
20        Q    You indicated you are licensed and
21   certified in Maryland and Delaware, is that correct?
```

1  A  Correct.

2  Q  Mr. Powers is licensed in Maryland and

3  accredited in Maryland, is that correct?

4  A  Correct.

5  Q  Do you have any accreditations in addition

6  to what you've already testified to?

7  A  I'm a licensed real estate broker in the

8  State of Maryland as well.

9  Q  You've testified, when counsel asked you

10 about prior testimony about valuation in cases, is

11 that correct?

12 A  Yes.

13 Q  And in those cases, do you recall if you

14 were qualified as an expert in real estate appraisal?

15 A  Yes, I was.

16 Q  And in each of those cases, were you

17 qualified as an expert in real estate appraisal --

18 A  Yes, I was.

19 Q  How frequently do you appraise and value

20 real estate?

21 A  Every day.

```
 1      Q    How long have you been -- I'm sure you
 2  answered this already.  How long have you been
 3  appraising real estate in Maryland?
 4      A    Since 1986.
 5           MR. PATE:  For the record, I'm tendering
 6  him as an expert in real estate appraisal.
 7      Q    Mr. Benfield, you testified that you
 8  estimated the cash value of the manufactured home at
 9  3145-A Old Scarborough, is that correct?
10      A    Correct.
11      Q    You estimated that value as it would have
12  existed just before the fire on October the 23rd,
13  2001, is that correct?
14      A    Correct.
15      Q    You testified that you used two
16  alternative valuation methods when you appraised the
17  value of the manufactured home.
18      A    We used two valuation methods.  Correct.
19      Q    The cost approach, as you explained it,
20  specifically considers depreciation, is that correct?
21      A    Yes, it does.
```

1    Q    The sales-comparison approach takes into
2  consideration numerous factors, is that correct?
3    A    Correct.
4    Q    The sales -- one of the factors the
5  sales-comparison approach considers is the age of the
6  property?
7    A    It does.  Yes.
8    Q    So if you will, it implicitly considers
9  depreciation when you use the sales-comparison
10 approach?
11   A    Correct.
12   Q    You developed an opinion under the cost
13 approach as to the cash value of the manufactured home
14 just prior to the fire date, is that correct?
15   A    Correct.
16   Q    What is your opinion, to a reasonable
17 degree of certainty, as to the cash value of the
18 manufactured home just prior to the fire?
19   A    $60,000.
20   Q    That calculation, it's under the cost --
21 strike that question.  That sixty thousand dollar

```
 1   valuation is calculated using the cost approach, is
 2   that correct?
 3        A    Correct.
 4        Q    In your calculation of that $60,000, you
 5   utilized a database to calculate your opinion about
 6   depreciation, is that correct?
 7        A    Correct.
 8        Q    Is that database considered reliable in
 9   the field of real estate appraisal?
10        A    Correct.
11        Q    You used a depreciation of ten years when
12   actually the home was only between six and seven years
13   old, is that correct?
14        A    Correct.
15        Q    Now, as you testified, you also developed
16   an opinion under the sales-comparison approach for the
17   cash value of the manufactured home just prior to the
18   fire?
19        A    Correct.
20        Q    That value was actually $63,000, is that
21   correct?
```

1  A   Correct.

2  Q   You testified earlier that you and the
3 other certified appraiser, Mr. Powers, had reconciled
4 the sales-comparison-approach opinion and the
5 cost-approach opinion, is that correct?

6  A   That's correct.

7  Q   After that reconciliation, you developed
8 an opinion about the overall cash value of the
9 manufactured home just prior to the fire date?

10 A   Correct.

11 Q   In your overall opinion, to a reasonable
12 degree of certainty, as to the cash value of the
13 manufactured home just prior to the fire date being
14 $60,000 -- is that correct?

15 A   Correct.

16 Q   That value does not consider any land
17 valuation?  It's just the value of the home?

18 A   Only the value of the improvements.
19 Correct.

20     MR. PATE:  I don't have any further
21 questions.

```
 1  field?
 2      A    Correct.
 3           MR. PATE:  I don't have anything further.
 4           MR. SILBERMAN:  I don't have anything
 5  else.
 6           MR. CAREY:  Okay.  Mr. Benfield, you have
 7  a right to review a draft of the transcript before it
 8  becomes final.  If you believe the court reporter has
 9  taken anything down incorrectly, you can make a note
10  on a separate page.  Or you can waive the right to do
11  that, which is what I recommend.
12           THE WITNESS:  That's fine.
13           MR. CAREY:  Okay.  He will waive.
14      (Examination concluded at 11:18 a.m.)
15                *    *    *    *    *
16
17
18
19
20
21
```

58

1  STATE OF MARYLAND)
              ) ss
2  COUNTY OF BALTIMORE)

3           I, Lorne Langer, a Notary Public in and

4  for the County and State aforesaid, duly commissioned

5  and qualified, do hereby certify that the above named,

6  RONALD BENFIELD, was by me first duly sworn to testify

7  the truth, the whole truth, and nothing but the truth,

8  and that his deposition as set forth above, which was

9  reduced to writing under my direction and control, is

10 a true record of the testimony given by said witness.

11          I certify that I am not of counsel,

12 attorney, or relative of any party, or otherwise

13 interested in the event of this suit.

14          In witness whereof I have hereunto set my

15 hand and affixed my notarial seal this 17th day of

16 November 2003.

17

18                            _____
                              Lorne Langer
                              Notary Public
19

20 My commission expires

21 July 1, 2004.

# PROFESSIONAL QUALIFICATIONS



DEPOSITION EXHIBIT
Benfield
11-12-03

### RONALD W. BENFIELD, PARTNER
### EVERETT, BENFIELD LLC

## PROFESSIONAL AFFILIATIONS

Licensed Certified General Appraiser, State of Maryland No. 766
Licensed Certified General Appraiser, State of Delaware No. X10000210
Licensed Real Estate Broker, State of Maryland
State Accredited Affiliate of the Appraisal Institute.

## EXPERIENCE

**Spring 1992 - Present**
Mr. Benfield formed Everett, Benfield LLC with S. Michael Everett MAI. This is a multi-faceted commercial/residential appraisal company serving the needs of their clients in the mid-atlantic region, focusing in the Baltimore Metropolitan Area.

**1986 - 1992**
Page Appraisal Company, Inc., Senior Commercial Appraiser, Bel Air, MD.

**1980 to 1984**
Property Manager. Managed a portfolio of family owned real estate, which included apartments, commercial properties, and a mobile home park.

## EDUCATION

**Towson State University**, degree: Bachelor of Science in Business Administration, having concentrated in Human Resource Administration.

**Appraisal Institute:** Report Writing, Valuation Analysis, Standards of Professional Practice, Case Studies in Real Estate Valuation, Capitalization Theory Part A & B, Principles of Real Estate Appraisal.

Completed 135 hours of pre-licensing education for Maryland Real Estate Broker's License.

## PROFESSIONAL QUALIFICATIONS - Continued

### RONALD W. BENFIELD

### REAL ESTATE EXPERTISE

Mr. Benfield has been engaged in the appraisal profession since 1986. His experience has been primarily real estate appraising of industrial, commercial, special purpose and institutional properties for sale or purchase, financing, tax appeal and estate purposes. He has extensive experience in the valuation of industrial warehousing facilities, multi-purpose athletic facilities and office buildings. His appraisal and consulting assignments have included a wide array of properties including: residential subdivision land, farms, condominium projects, shopping centers, industrial land and buildings, commercial land and buildings, substance abuse centers, and domiciliary care facilities for senior citizens. Mr. Benfield serves on the Bel Air Board of Community and Economic Development.

Mr. Benfield has testified before the Harford County Zoning Examiner on numerous occasions, and in Federal Bankruptcy Court.

### CLIENT LIST

Allfirst Bank
Aberdeen Federal Credit Union
Allan Getz, Esquire
Art Builders
B B & T
Bank of America
Bavar Properties LLC
Bob Ward & Associates
Brown, Brown & Brown, PA
Clark Turner Properties
Conits Group
County Bank & Trust Company
First Fidelity Bancorp
First National Bank of Northeast
Forest Hill State Bank
HARCO Credit Union
Harford County Government
Harford National Bank
Hertsch, Gessner, Snee, & Laws, PA

Hodes, Ulman, Pressin & Katz P.A
Industrial Bank
Jeffrey Plum, Esquire
Mellon Bank
Mercantile Safe Deposit & Trust
Merritt Properties LLC
MIE Properties
National Bank of Rising Sun
People's Bank of Elkton
Preston Partners
Rapisarda & Brand, PA
Robert F. Kahoe, Esquire
Sequoia National Savings Bank
State of MD - Department of Agriculture
State of MD - General Services Admin
Sun Trust Bank
Susquehanna Bank
Upper Chesapeake Health Systems



# PROFESSIONAL QUALIFICATIONS

DENNIS H. POWERS, JR., IFA

**EXPERIENCE**

Mr. Powers has been engaged in the real estate appraisal profession since 1970. His experience has ranged from appraising single and multi-family residential properties to appraising commercial, industrial and special use real estate for financing, sale or purchase, relocation, and estate purposes.

**EMPLOYMENT**

1992 - Present

Mr. Powers has accepted appraisal assignments directly and as a contractor in the Greater Baltimore metropolitan area, focusing in Harford, Cecil and Baltimore Counties.

1988 - 1992

Appraisal Officer, review appraiser, staff appraiser for Atlantic Appraisal Company, Inc., a subsidiary of Baltimore Bancorp.

1981 - 1987

Staff residential/commercial appraiser, review appraiser, assistant Vice President, for Ameriwest Mortgage Corporation and Albuquerque Federal Savings and Loan Association.

1977 - 1981

Independent Fee Appraiser, Albuquerque, New Mexico

1975 - 1977

Staff appraiser, Savings Bank of Baltimore

1970 - 1975

Sales associate and appraiser for Bud Shenton Realty and Shenton and Powers, Inc.

## RELEVANT EDUCATION

Towson State College, Baltimore, Maryland:   BA, 1970.

Harford Community College, Bel Air, Maryland:
　Various real estate related courses - 1970, 1974, 1990.

American Institute of Real Estate Appraisers:
　Course IA, Appraisal Principles, 1976; Course IB, Income Property Analysis, 1977; Course 8 Exam, Residential Properties, 1976; Narrative Report Writing Seminar, 1978; Marshall & Swift Cost Seminar, 1985

Society of Real Estate Appraisers:
　Appraising Mobile Homes, 1980; Creative Financing and Cash Equivalency, 1981; Adjusting for Financial Differences, 1982; Course 202, Applied Income Property Valuation, 1983; Depreciation Analysis Seminar, 1985; Uniform Residential Appraisal Report Seminar, 1987.

National Association of Independent Fee Appraisers:
　Professional Standards of Practice, 1990; Institutional Regulation of Real Estate Appraisals, 1993; New URAR form, 1993; Limited Scope Appraisals, 1994; Professional Standards of Practice, 1998; ANSI Standards, 2000.

Appraisal Institute:
　Standards of Professional Practice, Part A & B, 1992; Appraisal Reporting of Complex Residential Properties, 1993; FHA Appraisal Seminar, 1994; Environmental Risk & The Real Estate Process, 1995; Fundamentals of Relocation Appraising, 1996.

Other:
　Appraisal of Historic Properties, 1998, FHA Exam Prep, 1999, The Residential Expert Witness, 2000; Legal Aspects of Easements, 2002.

## PROFESSIONAL MEMBERSHIPS AND AFFILIATIONS

Member National Association of Independent Fee Appraisers, IFA, No. 1969.
Licensed Certified General Appraiser, State of Maryland, No. 616.
Harford County Association of Realtors, member as licensed appraiser.