IL:nns
8/27/03
37.053-05

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEROME JOHNS, et ux.                    *

      Plaintiff                           *

                                     **CASE NO.  JFM 03 CV 077**

v.                                      *

MUTUAL BENEFIT INSURANCE            *
COMPANY
                                *

      Defendant
                 *     *     *     *     *     *     *

## ANSWERS TO INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Mutual Benefit

Insurance Company (hereinafter "Mutual Benefit") responds as follows to the Plaintiff,

Fairbanks Capital Corporation's Interrogatories to Mutual Benefit.

## DEFINITIONS

1.     As used herein, "irrelevant" means not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

2.     As used herein, the "Mutual Benefit policy" means the homeowner's policy issued to Jerome Johns.

3.     As used herein, "Mutual Benefit" means the Mutual Benefit Insurance Company.

## GENERAL OBJECTIONS & INTRODUCTORY STATEMENTS

1.  Mutual Benefit objects to each interrogatory to the extent that it requests information protected against disclosure by the attorney-client privilege, the work product doctrine, or any other rule of privilege, confidentiality, or immunity provided by law, on the grounds that such interrogatories are overly broad, unduly burdensome, oppressive and vexatious, request irrelevant information, and request information beyond the scope of Federal Rule of Civil Procedure 26(b). Mutual Benefit construes each interrogatory not to seek the identification or contents of, and states that no privilege log is required for, legal memoranda, drafts of pleadings, attorney notes, letters and communications between Mutual Benefit and its counsel, and other documents and communications that have come into existence because of this coverage litigation. To the extent that this objection applies to a portion of a document only, Mutual Benefit will redact such portion of the document as appropriate.  Mutual Benefit will also provide an appropriate privilege log, in conformity with this objection, when one is completed.

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Johns v. M...



PLAINTIFF'S
EXHIBIT

10

answer.

8.    If you contend that Exhibit 3 Policy (attached to this party's Amended Complaint and hereinafter referred to as "The Policy") does not create a contract between the Defendant and Fairbanks and/or Goldman Sachs Mortgage Company, individually, set forth each and every fact upon which you base said contention, and identify all persons who support said contention.

**ANSWER:**    Mutual Benefit incorporates its previous answer and prior motion to dismiss and states that no contract between Fairbanks and/or Golden Sachs Mortgage Company and Mutual Benefit exists.    There is no privity of contract between Fairbanks and Mutual Benefit.    Additionally, there would be no coverage to Fairbanks for the same reasons that there is no coverage to the Johns, because of the Plaintiffs' fraudulent or material misrepresentation in the presentation of their claim to Defendant Mutual Benefit.    The Johns' fraudulent presentment of a claim is a breach of the insurance contract rendering the insurance contract void under its terms.    Moreover, based on its investigation, review of documentation and analysis of testimony, Mutual Benefit has determined pursuant to the terms of the policy, the Johns' entire policy must be considered void for misrepresentation, false statements, and fraudulent conduct in which the Johns have engaged with regard to the presentation of this claim and their application for insurance.    Of particular concern to Mutual Benefit is Johns' 1997 bankruptcy filing.    As part of that filing, Johns listed the total value of their household items as $31,250.    This listing was submitted to the Federal Bankruptcy Court under oath and was attested to by Jerome Johns to be an accurate description of the personal property items in the household at the time of the bankruptcy filing.    However, a review of the personal property inventory regarding items acquired on or before 1997 far exceeds of the value stated in the bankruptcy filing.    Further, Mutual Benefit is concerned about discrepancies in testimonies provided about the fire itself, and the claimed value of items on the inventory in relation to the testimony provided as to the actual purchase price of those items.    Mutual Benefit Homeowner's policy states, in pertinent part:

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Johns v Mutual Benefit\ATI pp by Fairbanks ple..doc

Concealment or Fraud. The entire policy will be void if, whether before or after loss, if insured has: (a) intentionally concealed or misrepresented any material fact or circumstances; (b) engaged in fraudulent conduct; or (c) made false statement; relating to this insurance. This clause is contained on page 17 of the Homeowner's policy, under the heading entitled sections "1-2-Conditions". On their application for insurance the Johns fraudulently stated that they lived in a framed dwelling and denied having filed for bankruptcy. There was a failure to disclose that they lived in a mobile home.

9.    If you contend that The Policy does not provide that Fairbanks and/or Goldman Sachs, individually, is a third-party beneficiary to a contract between Johns and the Defendant, set forth each and every fact upon which you base said contention, and identify all persons who support said contention.

**ANSWER:**    See Answers within. Furthermore, there is no privity of contract between Mutual Benefit and Fairbanks and/or Goldman Sachs. Fairbanks and/or Goldman Sachs is not a third-party beneficiary to a contract that was voided for the reason set forth in answer to interrogatory number eight. Answer to interrogatory eight is incorporated herein by reference.

10.    If you contend that the insurance contract(s) identified in the immediately two (2) preceding Interrogatories was not in effect October 23, 2001, set forth each and every fact upon which you base such contention, including in your answer all persons having personal knowledge in support of said contention(s).

**ANSWER:**    See Answers within and Answer to Interrogatory No. eight which is fully incorporated herein by reference. Donna Patterson, Mike Snare and Mark Russell have knowledge to support this contention.

11.    Set forth your contention regarding the nature of insurance coverage, if any, upon 3145A Old Scarboro Road, Street, Maryland, on October 23, 2001, including in your answer the type(s) of coverage(s), limit(s) of liability, and the beneficiaries under the Policy.

**ANSWER:**    For the reasons set forth within and in Answer to Interrogatory No. eight, which are fully incorporated herein by reference, there was no insurance coverage applicable to

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases Johns v Mutual Benefit\ATl pp by Fairbanks.ple.doc

I, Mark Russell, am Corporate Designee of Mutual Benefit Insurance Company, and am duly authorized by the corporation to execute these Answers to Interrogatories under oath on its behalf. The information set forth in these Answers was collected by others, and such information is not necessarily within my personal knowledge. However, on behalf of the corporation, I solemnly affirm under the penalties of perjury that the foregoing Answers to Interrogatories are true to the best of my knowledge, information, and belief.

MUTUAL BENEFIT INSURANCE COMPANY
BY:    Mark Russell

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th of August, 2003, that a copy of the aforegoing was mailed, postage prepaid, to:

David E. Carey
**Brown, Brown & Brown, P.A.**
200 S. Main Street
Bel Air, Maryland 21014
Attorneys for Plaintiffs

Michael T. Pate
**Covahey, Boozer, Devan & Dore, P.A.**
606 Baltimore Avenue
Suite 302
Towson, MD 21204
Attorneys for Plaintiffs

/s/
WILLIAM C. PARLER, JR., Bar No. 05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 E. Joppa Road
Towson, Maryland 21286
(410) 832-1800
Attorney for Defendant

- 20 -