IL:nns
8/27/03
37.053-05

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JEROME JOHNS, et ux.                              *

    Plaintiff                                          *

                                     **CASE NO.  JFM 03 CV 077**

v.                                                *

MUTUAL BENEFIT INSURANCE                           *
COMPANY
                                 *

    Defendant
          *        *        *        *        *        *        *

## ANSWERS TO INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Mutual Benefit Insurance Company (hereinafter "Mutual Benefit") responds as follows to the Plaintiff, Fairbanks Capital Corporation's Interrogatories to Mutual Benefit.

## DEFINITIONS

1.    As used herein, "irrelevant" means not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence.

2.    As used herein, the "Mutual Benefit policy" means the homeowner's policy issued to Jerome Johns.

3.    As used herein, "Mutual Benefit" means the Mutual Benefit Insurance Company.

## GENERAL OBJECTIONS & INTRODUCTORY STATEMENTS

1.    Mutual Benefit objects to each interrogatory to the extent that it requests information protected against disclosure by the attorney-client privilege, the work product doctrine, or any other rule of privilege, confidentiality, or immunity provided by law, on the grounds that such interrogatories are overly broad, unduly burdensome, oppressive and vexatious, request irrelevant information, and request information beyond the scope of Federal Rule of Civil Procedure 26(b). Mutual Benefit construes each interrogatory not to seek the identification or contents of, and states that no privilege log is required for, legal memoranda, drafts of pleadings, attorney notes, letters and communications between Mutual Benefit and its counsel, and other documents and communications that have come into existence because of this coverage litigation. To the extent that this objection applies to a portion of a document only, Mutual Benefit will redact such portion of the document as appropriate.  Mutual Benefit will also provide an appropriate privilege log, in conformity with this objection, when one is completed.

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Johns v Mutual

PLAINTIFF'S
EXHIBIT

12

the property located at 3145A Old Scarborough Road, Street, Maryland on October 23, 2001. Fairbanks and/or Goldman Sachs were not a beneficiary to the policy.

12.    Identify the specific basis for your contention(s), if any that the property located at 3145A Old Scarboro Road, Street, Maryland, does not meet the definition of a "dwelling" for the purposes of The Policy, set forth each and every fact upon which you which you bases said contention(s), including in your answer all persons with personal knowledge of facts to support same.

**ANSWER:**    The Johns' represented that the home was a framed home rather than a mobile home. Mutual Benefit's underwriting guidelines would have prevented the issuance of the homeowner's policy to the Johns had they accurately represented the nature of the dwelling as a mobile home.  Mutual Benefit was unable to insure a mobile home under a homeowner's policy and would have only been able to offer the Johns' a tenant's policy.  Persons with knowledge are set forth in Answer to Interrogatory No. ten.

13.    If you contend that the property known as 3145A Old Scarboro Road, Street, Maryland, is not a dwelling under The Policy, identify all types of coverage issued by you which would insure the structure in which Johns resided.

**ANSWER:**    See answer to interrogatory twelve which is incorporated fully herein by reference.

14.    If you contend that Fairbanks or Goldman Sachs did not comply with the terms of The Policy, such that Fairbanks is not entitled to benefits, as per the Amended Complaint, please stat the facts upon which you intend to rely in support of said contention, including in your answer those persons with personal knowledge of facts to support same.

**ANSWER:**    See Answers within.  Mutual Benefit states that the policy issued to the Johns was void.  Fairbanks and/or Goldman Sachs are not entitled to any benefit under the policy.

15.    If you contend that Johns did not comply with the terms of The Policy, such that Fairbanks is not entitled to benefits, as per the Amended Complaint, please state the facts upon which you intend to rely in support of said contention, including in your answer those persons with personal knowledge of facts to support same.

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

I, Mark Russell, am **Corporate Designee** of Mutual Benefit Insurance Company, and am duly authorized by the corporation to execute these Answers to Interrogatories under oath on its behalf. The information set forth in these Answers was collected by others, and such information is not necessarily within my personal knowledge. However, on behalf of the corporation, I solemnly affirm under the penalties of perjury that the foregoing Answers to Interrogatories are true to the best of my knowledge, information, and belief.

Mark E Russell, VP

MUTUAL BENEFIT INSURANCE COMPANY
BY:    Mark Russell

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th of August, 2003, that a copy of the aforegoing was mailed, postage prepaid, to:

David E. Carey
**Brown, Brown & Brown, P.A.**
200 S. Main Street
Bel Air, Maryland 21014
Attorneys for Plaintiffs

Michael T. Pate
**Covahey, Boozer, Devan & Dore, P.A.**
606 Baltimore Avenue
Suite 302
Towson, MD 21204
Attorneys for Plaintiffs

/s/
WILLIAM C. PARLER, JR., Bar No. 05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 E. Joppa Road
Towson, Maryland 21286
(410) 832-1800
Attorney for Defendant

- 20 -