IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEROME H. JOHNS, et ux. | * | |
| Plaintiffs/Cross Defendants | * | Case No. JKB 03 CV 077 (Bredar) |
| and | * | |
| FAIRBANKS CAPITAL CORPORATION | * | |
| Intervenor/Cross Plaintiff | * | |
| v. | * | |
| MUTUAL BENEFIT INSURANCE COMPANY | * | |
| Defendant | * | |

\* \* \* \* \* \* \*

**CROSS DEFENDANTS' RESPONSE IN OPPOSITION TO FAIRBANKS CAPITAL
CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Cross Defendants Jerome H. Johns and Constance Johns, by their attorneys, David E. Carey and Brown, Brown and Brown, P.A., hereby oppose Fairbanks Capital Corporation's Motion for Partial Summary Judgment as to its Cross Claim, and in support thereof state as follows.

Fairbanks Capital Corporation (hereinafter "Fairbanks") has filed a two-count Cross Claim against Plaintiffs. Count I is against Plaintiff Constance Johns only for non-payment of money due pursuant to a Note. Count II is against both Plaintiffs and asserts the right to an equitable lien on any insurance proceeds which Plaintiffs recover, to the extent of Plaintiffs' indebtedness to Fairbanks.

As to Count II, Fairbanks is only entitled to an equitable lien on proceeds received by

Plaintiffs if the Court rules that Fairbanks is not entitled to receive proceeds directly from Defendant Mutual Benefit Insurance Company (hereinafter "Defendant"). See *Clemons v. American Cas. Co.*, 841 F. Supp. 160, 164 (D. Md. 1993) ("Although there is no Maryland authority directly on point, cases from other jurisdictions hold that mortgagees who are not entitled to receive insurance proceeds directly under a policy may still claim these proceeds under an equitable lien theory.") Obviously, if the insurance proceeds are paid directly to Fairbanks, there is no need for such a lien. Thus, Fairbanks' Motion on Count II cannot be granted until such time as it has been established that Fairbanks is not entitled to the proceeds of the applicable policy.

    Secondly, even if it is so determined, summary judgment would not be appropriate because one who asserts an equitable lien on insurance proceeds is subject to any defenses which the insurer has against the claimant. *Id.*, at 165. In this case, Defendant has indicated that it plans to assert defenses based on alleged material misrepresentations of Plaintiffs in their application for insurance, as well as fraud in the presentation of their claim. As these defenses are based on disputed facts that cannot be resolved short of a trial, summary judgment should not be granted as to Count II.

    In the alternative, even if the Court found that Fairbanks was entitled to summary judgment as to Count II, the amount of the lien would be limited to those proceeds that are recovered by Plaintiffs as a result of damage to Plaintiffs' dwelling, regardless of the amount of Plaintiffs' indebtedness to Fairbanks. Thus, Fairbanks would not be entitled to a lien on what it

calculates to be the full amount of Plaintiffs' indebtedness, but only on the amount that Plaintiffs would be entitled to recover from Defendant under the dwelling coverage provided by the policy

The theory behind a mortgagee's right to an equitable lien on proceeds recovered by a mortgagor for loss or damage to real property was also explained in *Clemons*, wherein Judge Motz stated that

> "the lien arises out of a covenant that the insured made with the mortgagee to procure insurance: 'Where an insurance policy is procured by a mortgagor under an agreement to insure for the mortgagee's benefit, the proceeds recovered by the mortgagor are held in trust for the mortgagee. The mortgagee has an equitable lien on the proceeds of the insurance for the satisfaction of the mortgage, regardless of whether the policy is made payable to him.'"

*Id.* at 164 (citation omitted). Thus, it is not the amount of the mortgagor's indebtedness to the mortgagee that is determinative of the amount of the lien, it is the amount of the insurance proceeds that are recovered by the mortgagor for that which he covenanted to insure. In this case, it is only the improvements to real property that Plaintiffs covenanted to insure.

The covenant to insure is contained in paragraph 5 of the Deed of Trust, which is attached to Fairbanks' Motion for Partial Summary Judgment as Exhibit 2. It provides that "Borrower shall keep the <u>improvements</u> now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term 'extended coverage', and any other hazards, including floods or flooding, for which Lender requests insurance." (Emphasis supplied). Thus, the covenant to insure applies only to the improvements; Fairbanks therefore has no right to assert an equitable lien on proceeds which are recovered as a result of other coverages.

Fairbanks admits in its Motion for Partial Summary Judgment that it is only entitled to

recover Sixty Thousand Dollars ($60,000.00) for damage sustained to the dwelling. While Plaintiffs may be able to recover insurance proceeds for other coverages, such as loss to personal property and loss of use of the dwelling, and Plaintiff Constance Johns' total indebtedness to Fairbanks may exceed Sixty Thousand Dollars ($60,000.00), these are not properly the subject of an equitable lien. Therefore, Fairbanks' equitable lien, under any circumstances, must be limited to Sixty Thousand Dollars ($60,000.00).

**WHEREFORE**, Plaintiffs request that Fairbanks' Motion for Partial Summary Judgment be denied as to Count II, or, in the alternative, that it be granted only to the extent that insurance proceeds are recovered by Plaintiffs for damage to their dwelling, which in no case shall exceed Sixty Thousand Dollars ($60,000).

/s/
David E. Carey, Bar No. 6964
Brown, Brown and Brown, P.A.
200 S. Main Street
Bel Air, Maryland 21014
(410) 838-5500/879-2220
Attorneys for Plaintiffs/Cross Defendants