WCP:dmk
12/10/03
37.053-05

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEROME H. JOHNS, et ux.** | * | |
|     **Plaintiffs** | * | |
| v. | * | **CASE NO. JFM 03 CV 077** |
| **MUTUAL BENEFIT INSURANCE COMPANY** | * | |
| | * | |
|     **Defendant** | | |

\* \* \* \* \* \* \*

**MEMORANDUM OF GROUNDS AND AUTHORITIES IN OPPOSITION TO
INTERVENORS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Mutual Benefit Insurance Company (hereinafter "Mutual Benefit"), by its attorneys, William C. Parler, Jr. and Parler & Wobber, L.L.P., hereby respectfully submits this Memorandum of Grounds and Authorities in opposition to the Intervenors' Motion for Partial Summary Judgment. Intervenors' Motion for Partial Summary Judgment should be denied for the following reasons:

**ARGUMENT**

    **I.**    **FACTS**

On October 23rd, 2001, a fire destroyed Plaintiffs' home at 3145A Old Scarborough Road, Street, Maryland. Plaintiffs Jerome and Constance Johns made a claim for coverage under a homeowner's policy issued to them by Mutual Benefit Insurance and in effect at the time of the fire. Mutual Benefit investigated the claim and subsequently denied Plaintiffs' claims for coverage under the express terms of the policy.

The suit was initiated by Plaintiffs on or about December 27th, 2002 and seeks coverage for the October 23rd, 2001 fire loss under the Mutual Benefit homeowner's policy, No. HO00275536, issued to the Johns. On or about February 24th, 2003, Fairbanks Capital

(hereinafter "Fairbanks") filed a Motion to Intervene and an accompanying Complaint stating that it had a valid interest in these proceeding because it was the servicing agent for a mortgagee with an interest under the terms of the Mutual Benefit policy. Fairbanks seeks payment of the outstanding mortgage balance from Mutual Benefit under the homeowner's policy issued to the Johns.

The Mutual Benefit Policy states, in pertinent part:

> 12.  Mortgage Clause
>
> The word "mortgagee" includes trustee.
>
> If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.
>
> If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee;
>
> a.  Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware.
>
> b.  Pays any premium due under this policy on demand if you neglected to pay the premium and
>
> c.  Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment to the mortgagee.
>
> If we decide to cancel or not to renew this policy, the mortgagee will be notified at lease 10 days before the date cancellation or nonrenewal takes effect.
>
> If we pay the mortgage for any loss and deny payment to you:
>
> a.  We are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or
>
> b.  At our option, we may pay to the mortgagee the whole principle on the mortgage plus any accrued interest. In that event, we will receive a full assignment and transfer of the

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Johns v Mutual Benefit\Response 2 M4 Partial Summary Judgment.doc

> mortgage and all securities help as collateral to the mortgage debt.
>
> Subrogation will not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.
>
> See Mutual Benefit Policy, attached hereto as "Exhibit A" at pg. 11 ¶ 12.

The policy also contains the following provision with regard to assignments of any interests under the policy.

> Assignment. Assignment of this policy will not be valid unless we give our written consent.
>
> See "Exhibit A" at pg .17 §§ 7.

## II.  STANDARD OF REVIEW

At the time of the fire, the Johns resided in Street, Maryland. The Mutual Benefit policy was issued within the State of Maryland to the Johns. Thus, the law of Maryland applies with regard to interpretation of the Mutual Benefit policy. Sting Security, Inc v. First Mercury Syndicate, 791 F. Supp. 555 (D. Md. 1992).

Summary Judgment is proper when, after viewing the pleadings, depositions, answers to interrogatories, admissions on file, motion and response in favor of the non-moving party, there is no genuine issue of material fact, and the party in whose favor judgment is entered to judgment as a matter of law. Pittman v. Atlantic Realty Co., 127 Md. Appl. 255, 732 A.2d 912 *rec'd on other grounds*, 359 Md 513, 754 A.2d 1030 (2000); Md. Rule 2-501(e).

The burden falls upon the party opposing the Motion to show by detailed and precise evidentiary facts, and not conclusions, that there is a genuine dispute as to a material fact. Hill v. Lewis, 21 Md. App. 12, 318 A.2d 850 (1974). The mere existence of a scintilla of evidence in support of Plaintiff's claim is insufficient to preclude the grant of summary judgment; rather, there must be evidence on which the jury could reasonable find for the Plaintiff. Seaboard Sur,

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Johns v Mutual Benefit\Response 2 M4 Partial Summary Judgment.doc

Co. v. Richard F. Kline, Inc. 91 Md. App. 236, 603 A.2d 1357 (1992).

In Celotex v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986), the Court upheld Summary Judgment entered on behalf of Celotex, on the grounds that the Plaintiff, despite ample opportunity, had failed to produce evidence that its product was the proximate cause of the death of Plaintiffs' decedent. In upholding the Summary Judgment, the Supreme Court stated:

> … the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issues as to any material fact", since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.
>
> See 477 U.S. at 320, 323.

The Supreme Court proceeding to state:

> … we find no express or implied requirement in Rule 56, that the moving party support his motion with Affidavits or other similar materials <u>negating the opponent's claim</u>…one of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose.
>
> 477 U.S. at 323, 324.

In Beatty v. Trailmaster Products, 330 Md. 726, 625 A2d. 1005 (1993) Maryland adopted the Celotex review for summary judgment.

In Pacific Indemnity Co. v. Interstate Fire and Casualty Co., 302 Md. 383 388-89 (1985), the Court of Appeals set forth the principles of insurance contract construction in Maryland:

> An insurance contract, like any other contract, is measured by its terms, unless a statute, a regulation, or a public policy is violated thereby. To determine the intentions of the parties to the insurance contract, which is the point of the whole analysis, we construe the

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

   instrument as a whole. Maryland Courts should examine the character of the contract, its purpose, and the facts and circumstances of the parties at the time of execution.

  **III. FAIRBANKS/GOLDMAN-SACHS IS NOT ENTITLED TO COVERAGE UNDER THE MUTUAL BENEFIT POLICY AS MORTGAGEE AS THEY ARE NOT THE NAMED MORTGAGEE UNDER THE POLICY**

  The contract in the case *sub judice* and, specifically, its mortgage clause and assignment clause, is "measured by its terms unless a statute, a regulation, or public policy is violated thereby." Pacific Indem. Co. v. Interstate Fire & Cas. Co*.,* 302 Md. 383, 388 (1985) (citing Bond v. PA Nat'l Mut. Cas. Ins. Co.*,* 289 Md. 379 (1981); and Travelers Ins. Co. v. Benton*,* 278 Md. 542 (1976)). The policy section related to mortgagees requires that a mortgagee be named in the policy and states that a denial of coverage will not apply to a mortgagee who has a valid claim. This clause essentially creates an independent insurance coverage for the mortgagee, allowing for payment to the mortgagee even if coverage is denied to the individual insured. However, it is required that the mortgagee be named in the policy for the clause to offer protection to the mortgagee. Fairbanks is not the mortgagee named in the policy. In fact, Fairbanks is not the mortgagee at all, but merely a servicing agent for the alleged current mortgagee. See Fairbanks Amended Complaint. Accordingly, Fairbanks is certainly not entitled to payment under the express terms of the policy. Fairbanks is allegedly the servicing agent for Goldman-Sachs. However, Goldman-Sachs has never been an insured mortgagee under the Mutual Benefit policy insured to the Johns. See Affidavit of Mike Snare, attached as "Exhibit B". The Mutual Benefit mortgage clause states that if a mortgagee is named in this policy, any loss payable under coverage A or B will be paid to the mortgagee and you, as interests appear. While Goldman Sachs may be the current mortgagee, as Goldman Sachs was never named mortgagee under the Mutual Benefit policy, it is not entitled to payment by Mutual Benefit under

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Johns v Mutual Benefit\Response 2 M4 Partial Summary Judgment.doc

the express terms of the policy.  Goldman Sachs as the current Johns mortgagee has, at best, a lien on any proceeds paid by Mutual Benefit to the Johns for the alleged loss.

Fairbanks/Goldman-Sachs argues that the assignment clause in the policy does not reach the assignment of mortgage interest in this case.  Fairbanks/Goldman Sachs argues that the assignment affected to transfer the rights of the named mortgagee Equi-Credit Corporation of America under the policy but the policy itself was not assigned, just the Note and Deed of trust were assigned.  This, Intervenor argues, the assignment clause in the policy is not controlling as the policy was not assigned.  Intervenor relies on Sprouse v. North River Ins. Co., 344 S.E. 2d 555 (N.S. App. 1986) however, Intervenor's argument must fail.  The Maryland Courts has uniformly upheld assignment clauses which require written consent, or policies which contained non-assignability clauses.  Clay v. GEICO, 356 Md. 257 (1999); and Westchester Ins. Co. v. Weaver, 70 Md. 536 (1889).

In Clemons v. American Casualty Company, 841 F. Supp. 160, 162 (D. Md. 1993), the Court dealt with an issue similar to the one in the instant case.  In Clemons, the mortgagee seeking payment was not the mortgagee named in the policy, and the mortgagee argued that the insurer should be required to pay benefits to whoever the mortgagee was even if the policy named a different mortgagee, because the insurer was put on notice that an additional interest had to be protected.  See Clemons, 841 F. Supp at 162-163.  The Clemons' Court found that there was no coverage for a mortgagee not named in the policy and that the mortgagee had, at best, a lien on any proceeds paid under the policy.  See Clemons, 841 F. Supp at 163-164.  In addition, the Clemons Court found that the mortgagee was subject to all of the insurer's defenses as it had nothing but an equitable lien.  See Clemons, 841 F. Supp at 165.

In the instant case, Mutual Benefit never provided written consent to any assignment of

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Johns v Mutual Benefit\Response 2 M4 Partial Summary Judgment.doc

interest under the Mutual Benefit policy to Fairbanks Capital Corporation or Goldman Sachs. <u>See</u> "Exhibit B". It was not the intention of Mutual Benefit to insure any mortgagee, as evidenced by the express policy language that requires that the mortgagee be named in the policy. As Fairbanks/Goldman-Sachs is not the named Mortgagee under the policy, it is not entitled to mortgagee benefits set forth under the Mutual Benefit policy. At best Fairbanks/Goldman-Sachs has an equitable lien on the property and is subject to Mutual Benefit's defenses against the mortgagor/insured Johns, including the defense of fraud. <u>See</u> <u>Clemons</u>, 841 F. Supp at 165.

## **CONCLUSION**

The above premises considered, Mutual Benefit Insurance Company respectfully requests that this Honorable Court deny Intervenor's Motion for Partial Summary Judgment.

Respectfully submitted,

/s/
WILLIAM C. PARLER, JR.
Bar No.: 05087
**PARLER & WOBBER, L.L.P.**
The Hemenway Building
406 East Joppa Road
Towson, Maryland 21286-5401
(410) 832-1800
Attorney for Defendant

<u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that on this 10th day of December, 2003, that a copy of the aforegoing was served via the court's electronic filing system on:

Michael T. Pate
**COVAHEY, BOOZER, DEVAN & DORE, P.A.**
Ste 302
606 Baltimore Avenue
Towson, Maryland 21204
Counsel for Plaintiff

David E. Carey, Esquire
**BROWN, BROWN & BROWN, P.A.**
200 South Main Street
Bel Air, Maryland 21014
Counsel for Plaintiffs

            /s/
            WILLIAM C. PARLER, JR.

Law Offices
PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

S:\Cases\Johns v Mutual Benefit\Response 2 M4 Partial Summary Judgment.doc