IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| JEROME H. JOHNS, et ux.<br>    Plaintiffs | * |
| | * |
| and | |
| | * |
| FAIRBANKS CAPITAL CORPORATION<br>    Plaintiff/Intervenor | *   Case No.: 03-CV-77 |
| v. | * |
| MUTUAL BENEFIT INSURANCE COMPANY<br>    Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPLY MEMORANDUM

Fairbanks Capital Corporation, on behalf of Goldman-Sachs Mortgage Company, by its attorneys, Michael T. Pate, and Covahey, Boozer, Devan & Dore, P.A., files this Reply Memorandum to Mutual Benefit Insurance Company's ("Mutual Benefit") Opposition to Motion for Partial Summary Judgment, and in support thereof states as follows:

### I. NO ISSUES IN DISPUTE

Mutual Benefit has presented no genuine issue of any material fact in the action. Mutual Benefit has presented a sworn affidavit which recites the specific mortgagees that are named in the Johns' insurance policy. See Mutual Benefit's *Exhibit B*.   The terms of that affidavit further provide that Fairbanks Capital Corporation was not a specific insured on the date of loss in this case. Id. No facts dispute that EquiCredit Corp. of America was the mortgagee entitled to policy benefits on the date of loss in this case. Further, no facts dispute that Goldman-Sachs Mortgage Company took a post-loss assignment of the Note in the case.

Under these circumstances, the question of coverage is one of law.  See Allstate Ins. Co. v. Humphrey, 246 Md. 492, 498 (1967).

## II.  CASE LAW DISTINGUISHED

Clay v. GEICO, 356 Md. 257 (1999), is argued for the proposition that Maryland courts have "uniformly upheld assignment clauses which require written consent, or policies which contained non-assignability clauses".  See Memorandum in Opposition, p. 6.  While Clay offers some authority on assignment law, it is inapposite to the case at bar.

In that case, insured Smith was injured in an automobile accident and subsequently treated by Dr. Clay.  In lieu of payment for medical services, Smith executed an assignment of her rights and benefits under her policy to Dr. Clay in exchange for medical treatment.  Clay at 259–260.  Dr. Clay later demanded payment from GEICO, who refused in reliance upon an assignment restriction which was similar to the provision in this case.[1]  Dr. Clay challenged the assignment clause on the sole ground that it was against public policy. The Court of Appeals upheld the clause and the denial of payment.  Id. at 269–270.

Clay does not control the instant case since interests under the Johns' policy were not assigned; instead, the Note and Deed of Trust were assigned.[2]  Clay is also not controlling since the opinion did not address the application of an assignment clause to a post-loss

---

[1] The clause provided "Assignment of interest under this policy will not bind us without our consent."  Id. at 260.
[2] See Memorandum in Support of Motion for Summary Judgment, pp. 8–9.

assignment.[3]  Such clauses do not affect post-loss assignments, which are choses in action. See Memorandum in Support of Motion for Summary Judgment, p. 10.

### III.  CONCLUSION

For the aforegoing reasons, Fairbanks' Motion for Partial Summary Judgment should be granted.

> /s/
> MICHAEL T. PATE, Bar ID #13846
> Covahey, Boozer, Devan & Dore, P.A.
> 606 Baltimore Avenue, Suite 302
> Towson, MD  21204
> 410-828-5525, Ext. 813
> Attorney for Fairbanks Capital Corporation
>  On Behalf of Goldman-Sachs Mortgage Corp.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 19th day of December 2003, a copy of the foregoing *Reply Memorandum* was mailed first class and/or e-filed to:

David E. Carey, Esq.
Brown, Brown & Brown, P.A.
200 S. Main Street
Bel Air, MD  21014
Attorney for Plaintiff Johns
and
William C. Parler, Jr., Esq.
Parler & Wobber
406 E. Joppa Road
Towson, MD  21286
Attorney for Defendant Mutual Benefit

> /s/
> MICHAEL T. PATE, Bar ID #13846

kcr031212

---

[3] That assignment was a post-loss assignment.  Clay at 259.  Appellant Clay did not argue the clause would not reach this type of assignment.  Id. at 262.